FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**BQ-3219**
(Inmate Number)

**MR. JOHN RICHARD JAE,**
(Name of Plaintiff)

**SCI-CAMP HILL**
**P.O. BOX 200**
(Address of Plaintiff)

**Camp Hill, PA. 17001-0200**

vs.

**DR. ROBERT CLARK,**
**Chief Psychiatrist**

(Names of Defendants)

(Case Number)

**1:CV-00-1090**

CIVIL RIGHTS
COMPLAINT
WITH A JURY DEMAND

FILED
HARRISBURG, PA
JUN 5 2000
MARY E. D'ANDREA CLERK
Per _____

ORIGINAL
6/19/00

TO BE FILED UNDER: √  42 U.S.C. § 1983 - STATE OFFICIALS
                    ___ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. Previous Lawsuits

   A. If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned: Jae v. Lehman, No.92-1969 (W.D.Pa.); Jae v. Rowley, No.92-248 (W.D.Pa.); Jae v. Barnett, No.93-112 (W.D.Pa.); Jae v. Lehman, No.94-154 (W.D.Pa.); Jae v. Good, 94-425 (W.D.Pa.); Jae v. Grease, No.94-103 (W.D.Pa.); Jae v. Grease, C.A.No.94-3555 (3d Cir.); Jae v. C.A.No.95-353 (3d Cir.); Jae v. Collins, C.A.No.95-3575 (3d Cir.); and Jae v. White, No.95-2019 (W.D (All Western Dist. Federal Court Civil Actions above, were assigned to Judge Lancas

II. Exhaustion of Administrative Remedies

   A. Is there a grievance procedure available at your institution?
      √ Yes  ___ No

   B. Have you filed a grievance concerning the facts relating to this complaint?
      √ Yes  ___ No

      If your answer is no, explain why not    N/A

   C. Is the grievance process completed?  ___ Yes  √ No  As per policy (DC-ADM #80 Completed an Official Inmate Gr
Form & sent it to Mr. Linwood, Grievance Coordinator here, who received it & ass'd

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use Item B for the names, positions and places of employment of any additional defendants.)

A. Defendant __Dr. Robert Clark__ is employed as __the Chief Psychiatrist__ at __State Correctional Institution At Camp, P.O. Box 8837, Camp Hill, PA-17001-8837__

B. Additional defendants

__N/A__

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

1. On April 24, 2000, per the orders of Defendant Dr. Robert Clark, Psychiatrist, Plaintiff Jae was placed in steel hand cuffs, a black box and a steel waist chain with a padlock in his cell in the RHU at SCI-Camp Hill.

2. Defendant Dr. Robert Clark, Chief Psychiatrist, ordered the above on April 24, 2000, without first personally himself, examining, seeing and talking to this Plaintiff to verify & determine that it was absolutely necessary to do the above to the Plaintiff here.

3. That, Defendant Dr. Robert Clark, Chief Psychiatrist, left Plaintiff Jae in such steel hand cuffs, black box and steel waist chain with a padlock and did not see, examine nor talk to Plaintiff Jae for four (4) days from April 24-April 27.

4. On April 27, 2000, Defendant Dr. Robert Clark, Chief Psychiatrist, ordered the steel handcuffs, black box, steel waist chain & padlock removed from Plaintiff Jae.

2

5. Based upon his information and belief plaintiff states that on Wednesday, April 26, 2000, Defendant Dr. Clark, Chief Psychiatrist, came down here to the RHU to talk to plaintiff. The officer removed the steel handcuffs, black box, steel waist chain and padlock from him but upon arriving in the RHU he was informed that this plaintiff had been given an Institutional misconduct report on that same morning for threatening an officer here and he ordered everything above to remain left on this plaintiff here and he left without him ever actually seeing, examining and/or talking to this plaintiff here then.

6. That, the initial and continued placement of this plaintiff in steel handcuffs, a black box, a steel waist chain and a padlock here from April 24, 2000 - April 27, 2000, was done for punitive purposes to punish this plaintiff for his behavior and such was not the least restrictive measure which could have been used here amount to inhumane treatment.

7. That, from a couple hours prior to him being initially placed in such steel handcuffs, black box, steel waist chain, a padlock here on April 24, 2000, until April 27, 2000, when such was all removed from him, this plaintiff did not state any desire nor wish to harm or kill himself.

8. That, as a direct result of him being placed & left in steel handcuffs, a black box, a steel waist chain and a padlock by Defendant Dr. Clark, breakfast on April 25, 2000, thru lunch on April 27, 2000, plaintiff was unable to eat normally & had to stick his mouth down his food and drink and eat/drink it like a dog, which not only

9. That, as a direct result of him being placed &
left in steel handcuffs, a black box, a steel waist c[hain]
and a padlock by Defendant Dr. Clark, from April 24,20[00]
– April 26, 2000, Plaintiff Joe was unable to sleep.

10. That, as a direct result of him being placed & le[ft in]
steel handcuffs, a black box, a steel waist chain and [a]
padlock by Defendant Dr. Clark, from April 24, 2000, [to]
April 27, 2000, Plaintiff Joe had extreme difficulty ur[inating]
and did not move his bowels at all because he coul[dn't]
wipe himself and most times wound up peeing o[n]
himself when he did urinate, which was not only hum[iliating]
but extremely uncomfortable as he had to remain in [his]
pissy undershorts.

11. That, as a direct result of him being placed & [left in]
steel handcuffs, a black box, a steel waist chain [& a]
padlock, by Defendant Dr. Clark, from April 24, 2000, [to April 27,]
2000, Plaintiff Joe suffered extreme, unnecessary [mental]
and physical pain, anguish and torture to his hands, [wrists,]
arms & shoulders and permanent injury by way of scars [on]
his wrists from the steel handcuffs and he will b[e]
scarred/marked for life from such.

12. That, as a direct result of him being placed &left in [steel]
handcuffs, a black box, a steel waist chain and a p[adlock]
by Defendant Dr. Clark, from April 24, 2000 to April [27, 2000,]
Plaintiff Joe still has no feeling in his left han[d from]
right below his wrist to the base of his left thumb [which]
feels dead.

began to cough up blood and had to be taken to t[he]
Emergency Room at Holy Spirit Hospital in Camp Hill,

14. That, Plaintiff Joe did this because he couldn't [take]
it any more in prison then and because he was hear[ing]
voices in his head which told him to kill himself.

15. That, on April 24, 2000, a few hours prior to h[im]
being placed in steel handcuffs, a black box, a steel [waist]
chain and a padlock, by Defendant Dr. Clark, Plain[tiff Joe]
again attempted to kill himself, by trying to split h[is]
head open by banging it against his cell wall,
because the voices in his head told him to do s[o].

16. That, despite Plaintiff Joe's attempts to [take]
his life on April 23 & 24, 2000, and despite a pr[ior]
mental health illness relapse back on February 15
and February 16, 2000, where plaintiff Joe rubbe[d]
all over his face, hair, arms, hands, chest & legs [on]
his cell wall and told prison staff that he wa[s]
Jesus Christ and that little green men we[re]
running around his cell and trying to run u[p his]
ass and where he was banging his head off [his]
cell wall then to, Defendant Dr. Clark deliberate[ly &]
wantonly refuse to put Plaintiff Joe back on psy[ch]
medication and also deliberately & wantonly refus[e to]
have Plaintiff Joe committed to a psychiatric [hospital]
on a mental health commitment and wantonly an[d]
deliberately refuses to treat Plaintiff Joe for h[is]

17. That, Plaintiff Jae still hears voices in his head and still has thoughts about killing himself now from time to time here since April 27, 200

18. That, Plaintiff Jae believes that the next time tries to kill himself, he will do so for certain, as is sick of living.

19. That, Plaintiff Jae wants to get help and tre for his mental illness disease and has request such from Defendant Dr. Clark and other Prison Sta here, but has been deried such help and treatment Defendant Dr. Clark and Prison Staff here.

20. That, Defendant Dr. Clark is aware of the ab but still deliberately & wantonly refuse to put Pl Jae back on any anti-psychotic medication and/o him committed to a psychiatric facility for evalu and treatment.

21. That, Plaintiff Jae has a long and lengt past history of mental illness disease and ha taking different kinds of anti-psychotic medi since 1969 when he was nine (9) years old up unt January 12, 1999, when he was taken off o anti-psychotic medications by Defendant Dr. C here, with the exception of a period of time April, 1986, — May, 1987, when he was on no psyc medications at all, and he has not been on a

## V. STATEMENT OF LEGAL CLAIMS

### First Cause of Action

22. That, based upon that stated in paragraph No's 1-20, herein, supra, Plaintiff avers that Defendant Dr. Robert Clark, Chief Psychiatrist, has shown wanton and deliberate indifference to this Plaintiff's serious mental health needs and he has thus violated Plaintiff's rights & the law under the Eighth Amendment of the United States Constitution & without the due process of the law required by the Fourteenth Amendment of the United States Constitution.

### Second Cause of Action

23. That, based upon that stated in paragraph No's 1-20 herein, supra, Plaintiff avers that Defendant Dr. Robert Clark, Chief Psychiatrist, has shown a wanton and deliberate indifference to this Plaintiff's serious mental health needs and he has thus violated Plaintiff's rights and the law under Article I, §13, of the Pennsylvania State Constitution.

### Third Cause of Action

24. By failing to treat this Plaintiff for his mental/serious mental health needs or by failing to have this Plaintiff committed on a mental health commitment, Defendant Dr. Robert Clark has violated his hypocratic oath and has committed a tort of medical malpractice in violation of Pennsylvania State Tort Law.

### Fourth Cause of Action

25. By failing to treat and/or have this Plaintiff committed

Dr. Robert Clark, Chief Psychiatrist, has committed the Pennsylvania State Tort of Medical Negligence in violation of Pennsylvania State Tort Law.

### Fifth Cause of Action

26. By failing to treat and/or have this plaintiff committed on a mental health commitment for his serious mental illness disease needs, Defendant Dr. Robert Clark, Chief Psychiatrist, has allowed plaintiff's mental illness disease to progress to the point where such has caused plaintiff to act out and receive institutional misconducts for behavior which is a part and product of his serious mental health illness disease which has increased the amount of time this plaintiff must spend locked-up in punitive segregation, where legally he should not be housed in the first place, since he suffers from serious mental health illness disease.

27. That, Defendant Dr. Robert Clark, Chief Psychiatrist, either knew or should have known that his acts, actions, conduct & failures, as described herein, supra, would & has violated state and Federal Law(s) and plaintiff's rights thereunder.

28. Plaintiff Joe has suffered and is still suffering and is subjected to imminent danger of serious physical injury because he still now remains at risk of harming and/or killing himself as a result of his serious mental health illness needs, which he is receiving no psychiatric treatment for here at all.

29. That, on May 10, 2000, Plaintiff filed an official Inmate Grievance Form on/about that stated herein, _supra_, against Defendant Dr. Robert Clark, Psychiatrist.

30. That, after such had been received by the Grievance Coordinator here and he had assigned Gri. No. CAM-0294-00 to such, he referred said Grieva. to Ms. Teresa M. Law, the Corrections Health Care Adminis (CHCA) here for investigation, review, an interview this Plaintiff an her answer/decision, on such.

31. That, in accordance with DC-ADM. #804. 3, § 4-7 of the Pa. Dept. of Corrections, Ms. Law had ten working days in which to investigate, personally in this inmate-plaintiff and provide her written dec here on and for such grievance.

32. That, Ms. Law, CHCA, has refused to and the tenth working day expired on May 23, 20

33. Therefore, this Plaintiff "has" tried and is exhaust his Administrative Remedies on this Grievance, due to Ms. Law, CHCA, (Prison Staff's) f to follow mandatory Prison Grievance Policy a & decide such Grievance here & due to the serious the issues involved herein this complaint a of imminent danger of serious physical injury

V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. A Declaratory Judgment that the Acts, Actions, Conduct & Failures Defendant Dr. Robert Clark, as stated herein, Violated Plaintiff's Rights the law under the Eighth & Fourteenth Amendments of the U.S. Constitution, Article I §13 of the Pa. State Constitution & Pa. State Tort Laws of Medical Malpractice & Negligence.

2. Compensatory Damages against defendant Dr. Robert Clark in an amount to be determined at trial.

3. Punitive Damages in an amount to be determined at trial, against defendant Dr. Robert ___

4. Exercise Its Pendant Jurisdiction over Plaintiff's State Law claims.
5. All Plaintiff's Court Costs, Filing Fees, U.S. Marshal's Service Fees & Plaintiff's Attorney's Fees and Costs (if any).
6. A Trial by Jury on all Issues & Claims, herein.
7. Such other & further relief as this Court Deems is Just, Proper & Equitable, herein.

Signed this 26th day of MAY, 2000

(s) John Richard Jae
(Signature of Plaintiff) and Pro Se Counsel

I declare under penalty of perjury that the foregoing is true and correct. Pursuant to 28 U.S.C. §1746

26th MAY 2000   (s) John Richard Jae
(Date)            (Signature of Plaintiff) and Pro Se Counsel

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF PENNSYLVANIA

P.O. BOX 1148

SCRANTON, PA  18501

June 19, 2000

John Richard Jae
SCI-Camp Hill
#BQ-3219
P.O. Box 200
Camp Hill, PA  17001-0200

Re:  1:00-cv-01090   Jae v. Clark
     Judge: Sylvia H. Rambo

Dear Sir/Madam:

Receipt is acknowledged of the document noted at the foot of this letter, subject as captioned above.

The matter has been forwarded to the Court for consideration.

                          Very truly yours,

                          MARY E. D'ANDREA, Clerk

                          By: _____
                              Deputy Clerk

[ ] Petition For Writ of Habeas Corpus    [X] Complaint

[ ] Transfer From Other District            [ ] Other

NOTE:  Please be advised that in order for service to be made a U.S. Marshal Form 285 (form enclosed) must be completed for each named defendant and returned to the Clerk's Office at the above address.  Additional forms are available at the prison library or the U.S. Marshal's Office.  (This does not apply to Petitions for Writ of Habeas Corpus.)

Enclosed:  Notice of Consent regarding Magistrate Referral.

**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| MR. JOHN RICHARD JAE, | |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| DR. ROBERT CLARK, Chief Psychiatrist, | Service |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
DR. Robert Clark, Chief Psychiatrist, SCI-Cam

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
**AT** Hill, P.O. Box 8837, Camp Hill, PA-17001-88

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

MR. JOHN RICHARD JAE #BQ-36
SCI-Camp Hill
P.O. Box 200
Camp Hill, PA-17001-0200

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

Serve only between the hours of 9:00 A.M.-5:0
Monday — Friday
(717)-737-4531

Signature of Attorney or other Originator requesting service on behalf of: ☒ PLAINTIFF ☐ DEFENDANT
(S) John Richard Jae

| TELEPHONE NUMBER | DATE |
|---|---|
| N/A | 26th May |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

☐ I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|

| Address (complete only if different than shown above) | Date of Service | Time | am / pm |
|---|---|---|---|
| | | | |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS:

PRIOR EDITIONS MAY BE USED | **1. CLERK OF THE COURT** | FORM USM-285 (Rev. 12/15/80)