IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
Harrisburg Division

| | |
|---|---|
| JOHN RICHARD JOE, | Civil No. 1:00-1090 |
| | (8) 8-4- |
| Plaintiff, | U.S. District Judge |
| | Magistrate Judge Smyser |
| vs. | |
| DR. ROBERT CLARK, Chief Psychologist, Martin L. Dragovich, John A. Palakovich, Robert N. Novotney, Michael J. Kazor and John Andrade, Defendants. | FILED<br>HARRISBURG, PA<br>AUG 3 2000<br>MARY E. D'ANDREA, CLERK<br>Per _____ Deputy Clerk |

PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, the Plaintiff & Pro Se Counsel in the above civil action, John Richard Joe, as a layman schooled in the Sciences of the Laws & Legal Procedures within the United States, pursuant to Fed. R. Civ. P. Rule 15(a), now files his Plaintiff's Amended Complaint, herein, & avers, deposes & states:

1. On or about June 2, 2000, Plaintiff John Richard filed his 42 U.S.C. Section 1983 Civil Rights Complaint in this above-captioned case, along with his Application For Leave To Proceed In Forma Pauperis.

2. On June 21, 2000, this Court granted Plaintiff Leave to Proceed In Forma Pauperis, herein this

3. Plaintiff John Richard Jae, now hereby amends his initial complaint, pursuant to Fed. Civ. P., Rule 15(a), as a right.

4. Plaintiff Jae restates & realleges all the facts & legal claims set forth in his initial complaint herein, & amends such as now follows, below, initial

5. Plaintiff amends his complaint to include as party defendants, herein, Martin L. Dragovich, Superintendent, SCI-Camp Hill, John A. Palakovich, Deputy Superintendent Centralized Services, Robert N. Novotney, Deputy Superintendent for Facilities Management, Michael J. Kazor, Inmate Program and Classification Manager and John Andro, Hearing Examiner SCI-Camp Hill.

6. That, as stated in the initial complaint, Plaintiff Jae has and suffers from a long long history of mental health illness disease

7. That as stated in the initial complaint, Plaintiff has been having mental illness relapse since February 15, 2000, and has tried to kill himself

---

1/ See Plaintiff's initial complaint, herein, at paragraph
2/ See Id., at paragraph 15, 16.

8. That, on November 19, 1999, Plaintiff Jae was initially placed in the Restricted Housing Unit (RHU) at SCI-Camp and he has remained on Disciplinary Custody in the RHU since November 22, 1999.

9. That, on or about February 17, 2000, February 2000, April 25 & 27, 2000, May 4, 2000, May 3/ 2000, & June 5, 2000, Defendant Andrade found Plaintiff guilty of various prison misconduct which were a part of & a direct result of Plaintiff's mental health illness disease, despite the fact that he was fully aware that Plaintiff has a serious mental health illness disease

10. That, on or about the above dates, Defendant Andrade sent the Plaintiff to Disciplinary Custody status in the RHU for such various prison misconducts despite the fact that fully aware that the Plaintiff has & suffers from a long & lengthy significant history of serious mental health illness d

11. That, despite the fact that Defendants Palovich, Palatkovich, Novotney & Kozon, were all fully aware that this Plaintiff had/has a long & lengthy significant mental health illness disease, they left Plaintiff confined in the RHU on DC-Status punitive segregation

12. That, such has caused the Plaintiff to be confined under unConstitutional conditions & conditions where the RHU Officers tease & aggravate the Plaintiff.

13. That, it is Plaintiff's mental health illness disease which causes him to act out & misbehave.

14. That, back in 1998, Plaintiff's Pnt's on Counselor up at SCI-Smithfield, wrote the Plaintiff back on an Inmate Request & told him that he was considered to be a mental health case with a mental health stability score of three (3) or above.

15. That, mental health illness disease is perminant and does not go away, once Plaintiff is a mental health case he is always such.

16. That, Plaintiff has been given many diagnosises over the years, but the ones that have been put forth with the most certainty the most times is: Borderline Personality Disorder, organic Personality Disorder and Intermittent Explosive Disorder with poor impulse control.

17. That, on June 6, 2000, Plaintiff Doe was sent to the Special Assessment Unit (SAU) at the State Correctional Institution at Waymart ("SCI-Waymart") for a mental health evaluation and recommendation.

18. On July 18, 2000, Plaintiff Doe was returned back to the RHU at SCI-Camp Hill from the SAU at SCI-Waymart.

19. That, although this Plaintiff has not seen Waymart SAU's Report and Recommendation on him, on July 19, 2000, was informed by his counsel, Mr. Lee Kerstetter here, that Waymart SAU recommended that this Plaintiff be transferred to & placed in the Special Management Unit (SMU).

20. However, such a placement of the Plaintiff in the SMU would be & is unlawful, as this Plaintiff has a long & lengthy past significant history of serious mental health illness disease & by federal law cannot be placed & confined in a Special Management Unit (SMU).

## AMENDED LEGAL CLAIMS
### First Cause of Action

21. That, the Acts, Actions & Conduct of Defendant Andrade, as is stated here paragraph Nos. 9 & 10, constituted a wanton & deliberate indifference to plaintiff's serious mental health illness disease, in violation of the Eighth Amendment to the United States Constitution and Article I, §13, of the Pennsylvania State Constitution.

### Second Cause of Action

22. That, the Acts, Actions & Conduct of Defendants Dragovich, Palakovich, Novotney & Kazor, as is stated herein paragraph No. 11, supra, constituted a wanton & deliberate indifference to plaintiff's serious mental health illness/disease, in violation of the Eighth Amendment of the United States Constitution and Article I, §13, of the Pennsylvania State Constitution.

### AMENDED REQUESTED RELIEF

WHEREFORE, PLAINTIFF John Richard Doe, prays that this court will enter judgment in his favor & against the Defendants herein for the following relief:

A. A Declaratory Judgment that the Acts, Actions, Conduct & failures of Defendants Clark, Dragovich, Palakovich, Novotney, Kazor & Andrade, herein this case, violated Plaintiff's Rights the law under the Eighth & Fourteenth Amendments

of the United States Constitution, Articles § 13, of the Pennsylvania State Constitution and Pennsylvania State Tort Laws of Medical Malpractice & Medical Negligence.

B. Compensatory Damages against Defendants Clark, Dragovich, Palakovich, Novotney, Kazor & Andrade & each of them, jointly & severally in an amount to be determined at trial.

C. Punitive Damages against Defendants Clark, Dragovich, Palakovich, Novotney, Kazor & Andrade & each of them, jointly & severally in an amount to be determined at trial.

D. Exercise the Court's Pendent Jurisdiction on Plaintiff's State Law Claims.

E. #1) Plaintiff's Court Costs, Filing Fees, U.S. Marshall Service Fees & Plaintiff's Attorney's Fees.

F. A Trial By Jury on All Issues, Claims, Herein.

G. Such Other And Further Relief As This Court Deems Is Just, Proper & Equitable, Hereto =

"AND COMPLAINT FURTHER SAYETH NAUGH[T]

AND HE SHALL EVER PRA[Y]
RESPECTFULLY SUBMITTE[D]

(s) John Richard Jae
MR. JOHN RICHARD JAE
Plaintiff and Pro Se Couns[el]

MR. John Richard Jae,
#BQ-3219
SCI-Camp Hill
P.O. Box 200
Camp Hill, PA-17001-02[00]

Signed this 31rst day of July, 2000

# PROOF OF SERVICE

I certify that on __8/01/00__ (date) I mailed a copy of this Amended Complaint and all attachments via first class mail to the following parties at the addresses listed below:

DR. Robert Clark, Chief Psychiatrist,
Martin L. Dragovich,
John A. Palakovich,
Robert N. Novotney,
Michael J. Kazon,
John Andrade
State Correctional Institution At Camp Hill
P.O. Box 8837
Camp Hill, PA. 17001-8837

# PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on __8/01/00__ (date) for forwarding to this court. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

(s) _John Richard Jae_
Signature / MR. JOHN RICHARD JAE,
Plaintiff and Pro Se Counsel

MR. John Richard Jae,
#BQ-2219
SCI-███ Camp Hill
P.O. Box ███ 200
Camp Hill, PA. 17001-0200

Executed/Dated on:
1st August 2000
At: Camp Hill, Pennsylvania



From The Desk of:
Mr. John Richard Jae,
#BQ-3819
SCI-Camp Hill
P.O. Box 200
Camp Hill, PA. 17001-0200
August 1, 2000

TO: The Office of the Clerk,
United States District Court
228 Walnut Street
P.O. Box 983
Harrisburg, PA. 17108-0983

Re: Jae v. Clark,
Civil No. 1:CV-00-1090

Dear Clerk:

Please file the enclosed Plaintiff's Amended Complaint (as a right pursuant to Fed.R.Civ.P., Rule 15(a)), herein the above-entitled civil action, and please correct the caption of this here case to include Martin L. Dragovich, John A. Palakovich, Robert N. Novotney, Michael J. Kazor, & John Andrade as party Defendants herein the above-captioned case.

Sincerely,

(s) John Richard Jae
MR. JOHN RICHARD JAE
Plaintiff and Pro Se Counsel

CC: Dr. Robert Clark,
Martin L. Dragovich,
John A. Palakovich,
Robert N. Novotney,
Michael J. Kazor,
John Andrade,
w/p/encl.