ORIGINAL

FILED
HARRISBURG, PA
SEP 08 2000
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RICHARD JAE, | : | |
| Plaintiff | : | Civil Action No. 1:00-CV-1090 |
| v. | : | (Chief Judge Rambo) |
| DR. ROBERT CLARK, *et al.*, | : | (Magistrate Judge Smyser) |
| Defendants | : | |

**CORRECTIONS DEFENDANTS' BRIEF IN SUPPORT OF
MOTION TO REVOKE PLAINTIFF'S INFORMA PAUPERIS STATUS AND TO DEFER
FILING OF RESPONSIVE PLEADING TO PLAINTIFF'S AMENDED COMPLAINT**

IDENTITY OF THE PARTIES AND NATURE OF THE ACTION

Plaintiff, John Richard Jae, is an inmate currently confined in the State Correctional Institution at Camp Hill ("SCI-Camp Hill"). Plaintiff initiated this suit with the filing of a form inmate civil rights Complaint alleging claims under 42 U.S.C. §1983, the Pennsylvania Constitution and state law against Dr. Robert Clark. "On August 3, 2000, plaintiff filed an amended complaint naming five additional defendants." Order dated August 9, 2000 at p. 1. In that Amended Complaint, plaintiff named SCI-Camp Hill Superintendent Martin L. Dragovich, Deputy Superintendents John A. Palakovich and Robert M. Novotney, Inmate Program and Classification Manager Michael J. Kazor and Hearing Examiner John Andradet ("Corrections Defendants").

Amended Complaint, ¶ 5. He alleges claims against the Corrections Defendants under 42 U.S.C. §1983 and the Pennsylvania Constitution.

## RELEVANT PROCEDURAL HISTORY

On June 5, 2000, plaintiff filed his Complaint. He also filed a request to proceed *in forma pauperis* ("I.F.P."). "By an Order dated June 21, 2000, the plaintiff's request to proceed *in forma pauperis* was granted ...." Order dated August 9, 2000 at p. 1. In plaintiff's form Complaint, he was instructed to list "any other lawsuits in federal court" which plaintiff had filed. Noticeably absent from his listing were any cases filed in the Middle District of Pennsylvania including ones where his I.F.P. status had been revoked. "On August 3, 2000, plaintiff filed an amended complaint naming five additional defendants." Order dated August 9, 2000 at p. 1.

## STATEMENT OF ALLEGATIONS IN PLAINTIFF'S AMENDED COMPLAINT

Plaintiff alleges he suffers from mental illness. Amended Complaint, ¶s 6-7. Plaintiff further alleges that he was placed in the restrictive housing unit ("RHU") at SCI-Camp Hill in November of 1999 and remains housed in the RHU as a result of misconducts issued to him for violations of prison rules. *Id.*, ¶s 8-9. Plaintiff claims that his violations of prison rules resulted from his mental illness. *Id.*, ¶ 13. Plaintiff claims that his confinement in disciplinary custody as a result of his misconducts constitutes deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the U.S. Constitution and the Pennsylvania Constitution. *Id.*, ¶s 21-22.

2

## STATEMENT OF QUESTIONS INVOLVED

Whether Plaintiff's I.F.P. Status Should Be Revoked Pursuant To 28 U.S.C. §1915(G) Because More Than Three Of His Federal Complaints Have Been Deemed Frivolous, Malicious, Or They Failed To State A Claim Upon Which Relief May Be Granted?

SUGGESTED ANSWER: YES

## ARGUMENT

I.  Congress In Enacting The "Three Strike Provision" Of The PLRA Sought To Prevent Inmate Litigators, Like Plaintiff, From Abusing The Court System.

In 1995, Congress passed the Prisoner Litigation Reform Act ("PLRA")[1] to help curb frivolous prisoner litigation from congesting the Federal Courts' dockets. "Congress was clearly concerned with continuing to afford *in forma pauperis* filing status to inmates who had a history suggestive of abusing the judicial system." *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998). Included in the PLRA is the "three strikes provision" of 28 U.S.C. §1915(g) that provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury.

*See also Gibbs v. Ryan*, 160 F.3d 160, 162 (3d Cir. 1998) ("section 1915(g) provides that a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding [*in*

---

[1] Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321, enacted on April 26, 1996.

3

*forma pauperis*] ...." if the prisoner has "three strikes" as specified in the statute.").[2]

Congress' intent was to discourage the filing of frivolous I.F.P. lawsuits, such that "[i]f a litigant abuses the I.F.P. privilege, as evidenced by three strikes (dismissals for frivolousness), §1915(g) has the effect of delaying litigation of the merits of a claim until the fee is paid in full." *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998)(citing H.R.REP., No 104-21, §202, at 22 (1995)(noting "Too many frivolous lawsuits are clogging the courts, seriously undermining the administration of justice.") *Accord Ashley v. Dilworth*, 147 F.3d 715, (8th Cir. 1998)(stressing that "the Act does not close the courthouse doors to prisoners who frequently file frivolous lawsuits; rather, it merely makes them pay the

---

2 This Court held, in a case involving Plaintiff Jae, that 28 U.S.C. §1915(g) is constitutional on grounds of: (1) access to the courts, (2) due process, (3) equal protection of the laws, (4) separation of power, the ex post facto clause, and (5) that retroactivity of actions which were dismissed prior to the enactment of 1915(g) should count as strikes. See *Jae v. Dr. R. Long, M.D., et al.* 1:CV-98-0115, Magistrate Judge Smyser's Memorandum and Order dated September 22, 1998, attached as part of Exhibit 1 of the Appendix to the Motion to Revoke Plaintiff's IFP Status. *See also Jae v. Dr. R. Long, M.D., et al.*, 1:CV-98-0115, Chief Judge Rambo's Order dated November 23, 1998, attached as part of Exhibit 1 of the Appendix to that same motion. *See further Medberry v. Butler*,185 F.3d 1189, 1192 (11th Cir. 1999) (holding that Section 1915(g) does not violate the Constitution's *Ex Post Facto* Clause); *Wilson v. Yaklich*, 148 F.3d 596 (6th Cir.1998) Section 1915(g) did not violate inmate's equal protection rights, substantive due process principles, provision was not bill of attainder; and did not violate *Ex Post Facto* Clause); *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998) (three-strikes provision constitutional in response to First Amendment access to court, Fifth Amendment due process, equal protection and separation of powers challenges); *Rodriguez v. Cook*, 169 F.3d 1176 (9th Cir. 1999) (rejecting equal protection, due process, *ex post facto* and separation of powers challenges); *Carson v. Johnson*, 112 F.3d 818 (5th Cir. 1997) (provision does not deny access to courts, does not violate due process or prisoner's equal protection rights).

full ordinary filing fees sooner rather than later.").[3]

The court granted plaintiff I.F.P. status under §1915(g) based upon his representations. As noted above, plaintiff concealed from the court the fact that he had filed suits in this Court in which his I.F.P. had been revoked. The court granted plaintiff I.F.P. status without the opportunity for defendants to contest that grant. Defendants now seek to show the court that plaintiff is an inmate who has had three or more federal complaints deemed frivolous, malicious, or that failed to state a claim upon which relief may be granted. On this record, his I.F.P. status should be revoked.

II. Plaintiff Has Already Been Determined Not To Be Entitled To *In Forma Pauperis* Status By This Court.

In this case, plaintiff is frequent-filer of frivolous claims. In the past, this Court has revoked Plaintiff's I.F.P. status for exceeding the three-strike provision of §1915(g). *See* Exhibits 1 and 2 in the Appendix to the Motion to Revoke Plaintiff's I.F.P. Status. In *Jae v. Dr. R. Long, M.D., et al.*, No. 1:CV-98-0115 (USDC, M.D. Pa.), the court found that "on at least twelve prior occasions he plaintiff has had federal actions or appeals dismissed as

---

3 Congress did build a safety value into the statute, allowing an inmate with three or more strikes to obtain I.F.P. status if he alleges or proves "imminent danger of serious physical injury." 28 U.S.C. §1915(g). However, if the defendant disproves the charge that the plaintiff was in imminent danger at the time of the incident alleged, then the threshold criterion of §1915(g) will not have been satisfied and the plaintiff may not proceed absent payment of the filing fee." *Id.* There is no allegation nor basis in the Complaint or Amended Complaint that plaintiff is facing imminent danger of serious physical injury. *See Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143, 145 (3d Cir. 1997) (where the Court of Appeals affirmed the denial of IFP status to an inmate with three strikes where "the district court noted that nothing in Keener's complaint ... appeared to be alleging that ... Keener is in any imminent danger of serious physical injury.").

5

frivolous." Order dated September 22, 1998 at p. 2 (included as Exhibit 1 in the Appendix to the Motion to Revoke Plaintiff's I.F.P. Status). In *Jae v. Capt. R. Glenny, et al.*, No. 1:CV-98-1515 (USDC, M.D. Pa.), the court noted that "plaintiff acknowledges that he has had three or more action or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." Order dated April 21, 1999 at p. 3 (included as Exhibit 2 in the Appendix to the Motion to Revoke Plaintiff's I.F.P. Status). Plaintiff clearly exceeds the three-strike minimum of Section 1915(g), and his I.F.P. status should be revoked herein.[4]

---

4 Corrections Defendants believe that these court findings establish a sufficient basis for revoking plaintiff's I.F.P. status. If the court so requires, defendants can provide copies of the decisions that were the basis for the revocation of plaintiff's I.F.P. status in other cases. It is Corrections Defendants understanding that copies of these decisions were previously filed in *Jae v. Dr. R. Long, M.D., et al.*, No. 1:CV-98-0115 (USDC, M.D. Pa.), *Jae v. Capt. R. Glenny, et al.*, No. 1:CV-98-1515 (USDC, M.D. Pa.) and *Jae v. Horn*, No. 1:CV-98-0114 (USDC, M.D. Pa.).

## CONCLUSION

For the foregoing reasons, Corrections Defendants request that this Court revoke plaintiff's I.F.P. status and order plaintiff to pay the full amount of any filing fee before plaintiff can continue with this action. In addition, Corrections Defendants request that the court defer the filing of a response to plaintiff's Complaint and Amended Complaint until the filing fee is paid in full.

Respectfully submitted,

ROBERT M. WOLFF
Assistant Counsel
Attorney Identification No. 42798
Counsel for Correction Defendants

Pennsylvania Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
(717) 731 - 0444

Dated: September 8, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | : |
| Plaintiff | : Civil Action No. 1:00-CV-1090 |
| v. | : (Chief Judge Rambo) |
| DR. ROBERT CLARK, *et al.*, | : (Magistrate Judge Smyser) |
| Defendants | : |

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a true and correct copy of the foregoing CORRECTIONS DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO REVOKE PLAINTIFF'S INFORMA PAUPERIS STATUS upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

John Richard Jae, BQ-3219
SCI -- Camp Hill
P.O. Box 200
Camp Hill, PA 17001-0200

Robert M. Wolff
Assistant Counsel
Attorney I.D. No. 42798

Pennsylvania Department of Corrections
55 Utley Drive
Camp Hill, Pa 17011
(717) 731-0444

Dated:   September 8, 2000