ORIGINAL

㉑
10-2-00
sc

FILED
HARRISBURG, PA.

SEP 29 2000

MARY E. D'ANDREA, CLERK
Per _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | : |
| Plaintiff | : Civil Action No. 1:00-CV-1090 |
| v. | : (Chief Judge Rambo) |
| DR. ROBERT CLARK, *et al.*, | : (Magistrate Judge Smyser) |
| Defendants | : |

## CORRECTIONS DEFENDANTS' BRIEF IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR ENLARGMENT OF TIME

### INTRODUCTION

Plaintiff has moved for an enlargement of time to respond to the Corrections Defendants' Motion to Revoke Plaintiff's *In Forma Pauperis* Status And To Defer Filing Of Responsive Pleading To Plaintiff's Amended Complaint ("Plaintiff's Motion"). Plaintiff's Motion is nothing more than a ploy to prolong this litigation in the hopes of getting relief in a suit that he was not entitled to bring in the first place. Plaintiff was not entitled to bring this suit on an *in forma pauperis* basis. His *in forma pauperis* status was revoked in other cases in this Court due to his record of frivolous litigation. His representation to the court, in his motion for *in forma pauperis*

status, that he was entitled to this status, was false. If plaintiff had been honest and disclosed to the court that his *in forma pauperis* motion had been previously revoked in other cases, it is doubtful that this Court would have granted plaintiff *in forma pauperis* status to maintain this suit. Plaintiff does not have the means to pay the filing fee for this action in full. Thus, this case would have been dismissed *ab initio* following the denial of his *in forma pauperis* motion and plaintiff's failure to pay the filing fee in full.

In the Appendix to Corrections Defendants' Motion to Revoke Plaintiff's *In Forma Pauperis* Status And To Defer Filing Of Responsive Pleading To Plaintiff's Amended Complaint ("Corrections Defendants' Appendix"), the corrections defendants provided the court with an adequate basis for revoking plaintiff's *in forma pauperis* status. In the cases giving rise to the decisions contained in Corrections Defendants' Appendix, plaintiff made every conceivable argument in which he could oppose revocation of his *in forma pauperis* status. The opinions in those cases comprehensively dealt with the issues raised by plaintiff. It is doubtful that plaintiff can come up with any new arguments, especially considering his *pro se* status. The additional time sought by plaintiff will, in all likelihood, yield no new or different arguments than those previously rejected.

Finally, the reasons asserted by plaintiff for the need for his extension are either specious or belied by the record. Plaintiff, who is confined in the RHU, has little or no property in his current possession that needs to be packed up for his transfer. It is the staff at SCI-Camp Hill, not plaintiff, who is responsible for his transfer. Plaintiff simply needs to get on the bus. His claim of being denied access to legal materials is contradicted by his Motion or Temporary Restraining Order and/or An Expedited Preliminary Objection ("TRO/PI Motion") filed in this

case. Notwithstanding his claims of restrictions, plaintiff was able to file that motion, an affidavit and a brief in support that was replete with citations. Clearly, plaintiff has access to all the legal resources required to frame a response to Corrections Defendants' Motion to Revoke Plaintiff's *In Forma Pauperis* Status And To Defer Filing Of Responsive Pleading To Plaintiff's Amended Complaint ("Corrections Defendants' Motion").

This Court has been overly generous to plaintiff in opening its doors to him. Plaintiff repaid this Court with frivolous suits and false representations. Plaintiff is not entitled to further indulgences and Plaintiff's Motion should be denied.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he is confined in the Restrictive Housing Unit ("RHU") of State Correctional Institution at Camp Hill ("SCI-Camp Hill"). Motion for Enlargement of Time ("Motion"), ¶ 7. He further alleges that at Lieutenant Rhoades and unnamed corrections officers at SCI-Camp Hill are denying plaintiff access to his "court case file and papers in this case from his personal property boxes in the prison's RHU Property Room ...." *Id.* Plaintiff next alleges that he needs to do legal research to prepare a response to defendants' motion to revoke plaintiff's *in forma pauperis* status, *id.*, and that his time "in the next several weeks" will be devoted to preparing to be transferred to another prison. *Ibid.* Plaintiff asks for an enlargement of sixty (60) days at one point in his Motion and then asks that November 27, 2000 be set as the

3

due date for his response, which would be a thirty-day extension under plaintiff's calculations.[1] *Id.*

## DEFENDANT'S RESPONSE

Looking first at plaintiff's allegation that he was denied access to his "court case file and papers in this case," it is questionable what relevance that allegation has to the issue of whether plaintiff can timely prepare a response to Corrections Defendants' Motion. There is little or nothing in the case file for this case since the defendants have not even filed a response to the Complaint or the Amended Complaint. The Corrections Defendants' Motion does not rely on events or matters this case, as compared to the other cases cited therein where plaintiff's *in forma pauperis* status was revoked. The Corrections Defendants' Motion simply says plaintiff's *in forma pauperis* status was revoked in other cases and it should be revoke herein. Plaintiff does not allege that the service copies of the Corrections Defendants' Motion were confiscated from plaintiff. Thus, it would appear that plaintiff has all the documents he would need to refer to in prepared a response to the Corrections Defendants' Motion.

However, even if the court were to assume that plaintiff indeed needed access to other documents in his file for this case, the court should look with a suspect eye at plaintiff's allegations. Plaintiff raised these same allegations in another case pending before this Court: *Jae v. Dr. Long, et al.*, Civil Action No. 1:CV-99-0071. As defendants therein showed, his claims of denial of access to legal property were unfounded and reflected plaintiff's

---

[1] Plaintiff admits that Corrections Defendants' Motion was served on September 8, 2000. Motion, ¶ 5. Plaintiff's response would be due on September 25, 2000 (ten business days from September 8, 2000, plus three days for service by mail). Plaintiff contends that he received the Corrections Defendants' Motion on September 12. *Id.* It is unclear how he comes to calculate September 27, 2000 as the due date for his response, since ten business days from his alleged receipt of the Corrections Defendants' Motion would fall on September 25, 2000.

4

unwillingness to abide by the requirements associated with his confinement. For the court's benefits, Corrections Defendants are including as an Appendix to this brief, the filings defendants made in *Jae v. Dr. Long, et al.*, Civil Action No. 1:CV-99-0071 showing the baselessness of plaintiff's claims of denial of access to his legal property.

Plaintiff's claim of the need for legal research should be considered with equal suspicion. First of all, plaintiff could have conducted his legal research following receipt of the Corrections Defendants' Motion. He offers no explanation as to why he did not do so. Clearly, plaintiff has access to legal research resources as reflected by the brief he filed in support of his TRO/PI Motion. More importantly, plaintiff has already faced similar motions in the cases relied upon in Corrections Defendants' Motion. He filed lengthy briefs in those cases complete with extensive case citation. Thus, plaintiff has already conducted his legal research on the issues presented by Corrections Defendants' Motion. Whatever supplementary research needed could have been conducted in the time plaintiff originally had to file his response to Corrections Defendants' Motion.

5

## CONCLUSION

There is neither a factual or legal basis for Plaintiff's Motion.

**WHEREFORE**, in light of the foregoing, Correction Defendants respectfully request that the court deny Plaintiff's Motion and revoke his *in forma pauperis* status.

Respectfully submitted,

ROBERT M. WOLFF
Assistant Counsel
Attorney I.D. No. 42798
Counsel for Corrections Defendants

Pennsylvania Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
Telephone No. (717) 731-0444

Dated: September 29, 2000

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | : |
| Plaintiff | : Civil Action No. 1:00-CV-1090 |
| v. | : (Chief Judge Rambo) |
| DR. ROBERT CLARK, *et al.*, | : (Magistrate Judge Smyser) |
| Defendants | : |

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a true and correct copy of the foregoing CORRECTIONS DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGMENT OF TIME upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

John Richard Jae, BQ-3219
SCI – Camp Hill
P.O. Box 200
Camp Hill, PA 17001-0200

Robert M. Wolff
Assistant Counsel
Attorney I.D. No. 42798

Pennsylvania Department of Corrections
55 Utley Drive
Camp Hill, Pa 17011
(717) 731-0444

Dated: September 29, 2000