# ORIGINAL

OCT 04 2000
MARY E. D'ANDREA, CLERK
Per

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RICHARD JAE, | : | NO. 1:00-CV-1090 |
| Plaintiff | : | |
| | : | CHIEF JUDGE SYLVIA H. RAMBO |
| v. | : | (MAGISTRATE JUDGE SMYSER) |
| | : | |
| ROBERT CLARK, MARTIN L. | : | |
| DRAGOVICH, JOHN A. | : | |
| PALAKOVICH, ROBERT N. | : | JURY TRIAL DEMANDED |
| NOVOTNEY, MICHAEL J. KAZOR, | : | |
| and JOHN ANDRADE, | : | |
| Defendants | : | |

## DOCUMENTS IN SUPPORT OF DEFENDANT DR. CLARK'S MOTION TO REVOKE IN FORMA PAUPERIS STATUS AND TO DEFER FILING OF RESPONSIVE PLEADING

**Exhibit "A"**   **DOCUMENTS SUBSTANTIATING ACTIONS DISMISSED PRIOR TO 1998:**

1. Order of Court, October 16, 1992, Jae v. Lehman, No. 92-1969 (W.D. Pa.)

2. Memorandum Order, March 22, 1993, Jae v. Rowley, No. 92-2481 (W.D. Pa.)

3. Memorandum Order, August 4, 1993, Jae v. Barrett, No. 93-1112 (W.D. Pa.)

4. Memorandum Order, March 17, 1994, Jae v. Lehamn, No. 94-154 (W.D. Pa.)

5. Memorandum Order, May 9, 1994, Jae v. Good, No. 94-425 (W.D. Pa.)

6. Memorandum Order, August 24, 1994, Jae v. Crease, No. 94-1103 (W.D. Pa.)

7. Order, January 27, 1995, Jae v. Crease, C.A. No. 94-3555 (3d Cir.)

8. Memorandum Order, June 6, 1995, Jae v. White, No. 95-641 (W.D. Pa.)

9. Memorandum Order, September 28, 1995, Jae v. Collins, No. 95-1442 (W.D. Pa.)

10. Order, October 19, 1995, Jae v. Horn, C.A. No. 95-3373 (3d Cir.)

11. Order, February 23, 1996, Jae v. Collins, C.A. No. 95-3575 (3d Cir.)

12. Memorandum Order, June 4, 1996, Jae v. White, No. 95-2019 (W.D. Pa.)

**Exhibit "B"**   **DOCUMENTS SUBSTANTIATING ACTIONS DISMISSED IN 1998:**

1. Order of Court, September 22, 1998, Jae v. Long, No. 1:CV-98-0115 (M.D. Pa.)

2. Order of Court, December 17, 1998, Jae v. Long, No. 1:CV-98-0115 (M.D. Pa.)

3. Order of Court, September 22, 1998, Jae v. Yung, No. 1:CV-98-0108 (M.D. Pa.)

4. Order of Court, November 23, 1998, Jae v. Yung, No. 1:CV-98-0108 (M.D. Pa.)

**Exhibit "C"**   **DOCUMENTS SUBSTANTIATING REVOCATIN OF INMATE JAE'S *IN FORMA PAUPERIS* STATUS IN 2000:**

1. Report and Recommendation, August 4, 2000, Jae v. Laskey, No. 1:CV-99-1610.

Respectfully submitted,

LAVERY, FAHERTY, YOUNG &
PATTERSON, P.C.

Date: ___10/4/00___

By: _____
James D. Young, Esquire
Attorney I.D. #53904
P. O. Box 1245
Harrisburg, PA  17108-1245
(717) 233-6633
Attorney for Defendant,
Dr. Robert Clark



IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CASE CLOSED

JOHN RICHARD JAE,                    )
                                     )
            Plaintiff,               )
                                     )
        v.                           )     Civil Action No. 92-1969
                                     )
JOHN D. LEHMAN, et al.,              )
                                     )
            Defendants.              )

## ORDER OF COURT

AND NOW, this _16th_ day of October, 1992:

This action was referred to United States Magistrate Judge
Gary L. Lancaster in accordance with the Magistrates Act, 28
U.S.C. §636(b)(1) and Rules 3 and 4 of the Local Rules of
Magistrates. The magistrate judge filed his report on September
22, 1992, which concluded that the complaint should be dismissed
as frivolous pursuant to 28 U.S.C. §1915(d). Neither party
filed objections. After review of plaintiff's complaint,
together with the magistrate judge's report, the court agrees
with the recommendation.

Accordingly, IT IS ORDERED that plaintiff's complaint
(Document No. 1) be, and the same hereby is, dismissed. The
report of United States Magistrate Judge Lancaster is adopted as
the opinion of the court.

_Gustave Diamond_
Gustave Diamond
Chief Judge

AO 72A
(Rev. 8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,                )
                                 )
                Plaintiff,        )
                                 )
        v.                        )        Civil Action No. 92-2481
                                 )
JAMES E. ROWLEY, et al.,          )
                                 )
                Defendants.       )

## MEMORANDUM ORDER

This action was referred to United States Magistrate Judge Gary L. Lancaster in accordance with the Magistrates Act, 28 U.S.C. §636(b)(1), and Rule 3 and 4 of the Local Rules for Magistrates. The magistrate judge filed his report, which concluded that plaintiff's complaint should be dismissed as frivolous. Plaintiff filed objections to the magistrate judge's report. After review of the pleadings and documents in the case, together with the magistrate judge's report and plaintiff's objections thereto, the following ORDER is entered this _22__ day of March, 1993:

The complaint is dismissed.

The report filed by Magistrate Judge Lancaster is adopted as the opinion of the court.

_Gustave Diamond_
Gustave Diamond
Chief Judge

cc:  Honorable Gary L. Lancaster
     United States Magistrate Judge

     John Richard Jae
     S.C.I. - Pittsburgh
     P.O. Box 99901
     Pittsburgh, PA  15233

10 72A
Rev. 8/82)

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,       )
          Plaintiff,    )
                        )
     v.                 )       Civil Action No. 93-1112
                        )
ROBERT M. BARRETT, ESQUIRE,  )
          Defendant.    )

## MEMORANDUM ORDER

This action was referred to United States Magistrate Judge Gary L. Lancaster in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 3 and 4 of the Local Rules for Magistrates.    The Magistrate Judge filed his Report, which concluded that the complaint should be dismissed as frivolous. Plaintiff filed timely objections to the Report.    After de novo review of the pleadings and documents in the case, together with the Magistrate Judge's Report and objections thereto, the following ORDER is entered this 4ᵗʰ day of August , 1993:

The complaint is dismissed.

The Report filed by Magistrate Judge Lancaster is adopted as the Opinion of the Court.

_Gustave Diamond_ , J.

cc:    The Honorable Gary L. Lancaster
       United States Magistrate Judge

       John Richard Jae, BQ-3219
       S.C.I. – Pittsburgh
       P.O. Box 99901
       Pittsburgh, PA 15233

AO 72A



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,           )
                Plaintiff   )
                            )
        vs.                 )        Civil Action No. 94-154
                            )        Judge Gary L. Lancaster/
JOSEPH D. LEHMAN, individually )     Magistrate Judge Sensenich
and in his official capacity as)
Commissioner, Pa. Dept. of  )
Corrections; ANDREW DOMOVICH, )
individually and in his     )
official capacity as        )
Superintendent, State       )
Correctional Institution at )
Pittsburgh; THOMAS P. BENDER, )
individually and in his     )
official capacity as        )
Corrections Records         )
Supervisor II/Acting        )
Grievance Coordinator, State )
Correctional Institution at )
Pittsburgh,                 )
                Defendants  )

## MEMORANDUM ORDER

Plaintiff's complaint was received by the Clerk of
Court on December 21, 1993, and was referred to United States
Magistrate Judge Ila Jeanne Sensenich for pretrial proceedings in
accordance with the Magistrates Act, 28 U.S.C. Section 636(b)(1),
and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The magistrate judge's report and recommendation, filed
on February 2, 1994, recommended that this action be dismissed as
legally frivolous in accordance with 28 U.S.C. § 1915(d). The
parties were allowed ten (10) days from the date of service to
file objections. Service was made on plaintiff by delivery to
the State Correctional Institution at Pittsburgh, where he is
incarcerated. Objections were filed by plaintiff on March 10,

1994. After de novo review of the pleadings and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 17th day of March, 1994;

IT IS HEREBY ORDERED that this action is dismissed as legally frivolous in accordance with 28 U.S.C. § 1915(d).

The report and recommendation of Magistrate Judge Sensenich, dated February 2, 1994, is adopted as the opinion of the court.

GARY L. LANCASTER
United States District Judge

cc:   Ila Jeanne Sensenich
      U.S. Magistrate Judge

      John Richard Jae, BQ-3219
      P.O. Box 99901
      Pittsburgh, PA   15233

AO 72A
(Rev. 8/82)

CASE CLOSED

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,           )
                Plaintiff   )
                            )
        vs.                 )      Civil Action No. 94-425
                            )      Judge Gary L. Lancaster/
DAVID J. GOOD, Deputy       )      Magistrate Judge Sensenich
Superintendent of Centralized )
Services,                   )
                Defendant   )

## MEMORANDUM ORDER

Plaintiff's complaint was received by the Clerk of Court on March 1, 1994, and was referred to United States Magistrate Judge Ila Jeanne Sensenich for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The magistrate judge's report and recommendation, filed on March 16, 1994, recommended that this action be dismissed as frivolous. The parties were allowed ten (10) days from the date of service to file objections. Service was made on plaintiff by delivery to the State Correctional Institution at Pittsburgh, where he is incarcerated. No objections have been filed. After review of the pleadings and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this _____ day of _____, 19__;

IT IS HEREBY ORDERED that this action be dismissed as frivolous.

The report and recommendation of Magistrate Judge Sensenich, dated March 16, 1994, is adopted as the opinion of the court.

GARY L. LANCASTER
United States District Judge

cc:   Ila Jeanne Sensenich
      U.S. Magistrate Judge

      John Richard Jae, BQ-3219
      P.O. Box 99901
      Pittsburgh, PA   15233

2

AO 72A
(Rev. 8/82)

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE )
             Plaintiff )
  )
       vs. ) Civil Action No. 94-1103
  ) Judge Lancaster
OFFICER CREASE ) Magistrate Judge Caiazza
           Defendant ) RE: Doc. No. 4

## MEMORANDUM ORDER

Plaintiff's complaint was received by the Clerk of Court on June 15, 1994, and was referred to United States Magistrate Judge Francis X. Caiazza for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The magistrate judge's report and recommendation, filed on June 30, 1994, recommended that the action be dismissed as legally frivolous. The parties were allowed ten (10) days from the date of service to file objections. A motion for extension of time to submit objections was then granted, allowing plaintiff to file objections until August 22, 1994. Service was made on plaintiff by delivery to SCI Pittsburgh, where he is incarcerated and on defendant. No objections have been filed. After review of the pleadings and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this 24ᵗʰ day of _Aug_, 1994,

IT IS HEREBY ORDERED that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915(d).

The report and recommendation of Magistrate Judge
Caiazza, (Doc. No. 4) dated June 29, 1994, is adopted as the
opinion of the court.

_____
GARY L. LANCASTER
United States District Judge

cc:   Francis X. Caiazza
      U.S. Magistrate Judge

      John Richard Jae
      BQ-3219
      SCI Pittsburgh
      PO Box 99901
      Pittsburgh, PA  15233

2

CPS-110

December 22, 1994

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

### C.A. No. 94-3555

JOHN RICHARD JAE

     vs.

OFFICER CREASE

     (W.D. Pa. Civ. No. 94-cv-01103)

Present:  SLOVITER, CHIEF JUDGE, MANSMANN and COWEN, CIRCUIT JUDGES

     Submitted is appellant's motion for leave to appeal in forma pauperis and affidavit in support thereof, pursuant to Rule 24, Federal Rules of Appellate Procedure

     in the above-captioned case.

            Respectfully,

            *P. Douglas Sisk/SR*
            Clerk

PDS/SR/jm

_____ O R D E R _____

The foregoing *motion to proceed ifp is granted. This appeal is dismissed for lack of legal merit pursuant to 28 U.S.C. § 1915 (*

A TRUE COPY:

*Kathleen Grady*
KATHLEEN GRADY,
Deputy Clerk

By the Court,

*Carol Los Mansmann*
_____
Circuit Judge

Dated: JAN 2 1995
MA/cc: JRJ



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE           )
                Plaintiff  )
                           )
        vs.                )    Civil Action No. 95-641
                           )    Judge Lancaster
GREGORY R. WHITE et.al.    )    Magistrate Judge Caiazza
                Defendants )

**CASE CLOSED**

## MEMORANDUM ORDER

Plaintiff's complaint was received by the Clerk of Court on April 17, 1995, and was referred to United States Magistrate Judge Francis X. Caiazza for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The magistrate judge's report and recommendation, filed on April 27, 1995, recommended that this action be dismissed as legally frivolous. The parties were allowed ten (10) days from the date of service to file objections. Service was made on the plaintiff by First Class United States Mail directed to S.C.I. Pittsburgh, Pennsylvania where he is incarcerated and on the defendant. Objections were filed by the plaintiff on June 6, 1995 filed. After de novo review of the pleadings and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this ___6th___ day of ___June___, 19__

IT IS HEREBY ORDERED that this action is dismissed as legally frivolous.

AO 72A
(Rev. 8/82)

The report and recommendation of Magistrate Judge

Caiazza, (Doc. No. 7) dated April 27, 1995, is adopted as the

opinion of the court.

Gary l. Lancaster
United States District Court Judge

cc:    Francis X. Caiazza
       U.S. Magistrate Judge

       John R. Jae, BQ-3219
       SCI Pittsburgh
       PO Box 99901
       Pittsburgh, PA  15233-0901



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE )
         Plaintiff )
         )
     vs. )   Civil Action No. 95-1442
         )   Judge Lancaster
TIMOTHY G. COLLINS , et.al. )   Magistrate Judge Caiazza
         )
        Defendants )

**CASE CLOSED**

## MEMORANDUM ORDER

Plaintiff's complaint was received by the Clerk of Court on September 7, 1995, and was referred to United States Magistrate Judge Francis X. Caiazza for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The magistrate judge's report and recommendation, filed on September 11, 1995, recommended that the action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915 (d). The parties were allowed ten (10) days from the date of service to file objections. Service was made on plaintiff by First Class United States Mail delivered to S.C.I. Greene, Waynesburg, Pennsylvania, where he is incarcerated and on the Defendant. No objections have been filed. After review of the pleadings and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

9

AND NOW, this ___28th___ day of ___Sept___ ___
19__95__,

IT IS HEREBY ORDERED that this action is dismiss as legally frivolous in accordance with 28 U.S.C. §1915 (d).

The report and recommendation of Magistrate Judge Caiazza filed at document number four (#4) dated September, 1995, is adopted as the opinion of the court.

Gary L. Lancaster
United States District Judge

cc:   Francis X. Caiazza
      U.S. Magistrate Judge

      John Richard Jae , BQ-3219
      SCI Greene
      1040 E. Roy Furman Highway
      Waynesburg, PA 15370-8090

      Office of the Attorney General
      564 Forbes Ave.,
      4th Floor, Manor Complex
      Pittsburgh, PA 15219

2

AO 72A
(Rev. 8/82)

September 14, 1995

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

### C.A. No. 95-3373

JOHN RICHARD JAE

   vs.

MARION R. HORN, ET AL.

   (W.D. Pa. Civ. No. 95-cv-00641)

Present: CHIEF JUDGE SLOVITER, SCIRICA AND MCKEE, CIRCUIT JUDGES

   •   Submitted is Appellant's motion for leave to appeal in _
       forma pauperis and affidavit in support thereof,
       pursuant to Rule 24, Federal Rules of Appellate Procedure

       in the above-captioned case.

       Respectfully,

       Clerk   Sgt/NBS

PDS/NBS/ms

_____ O R D E R _____

The foregoing motion to proceed in forma pauperis is granted, but
the complaint is dismissed as legally frivolous pursuant to 28
U.S.C. § 1915(d).

By the Court,

_____
            Circuit Judge

A TRUE COPY:

BRADFORD A. BALDUS,
Chief Deputy Clerk

Dated: OCT 1 9 1995

10

BPS-97                                                      December 21, 1995

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **95-3575**

JOHN RICHARD JAE

   vs.

TIMOTHY G. COLLINS

     (W.D. Pa. Civ. No. 95-cv-01442)

Present:    SLOVITER, <u>CHIEF JUDGE</u>, SCIRICA and MCKEE, <u>CIRCUIT JUDGES</u>

        Submitted is Appellant's motion for leave to appeal <u>in forma pauperis</u> and affidavit in support thereof, pursuant to <u>Rule 24</u>, <u>Federal Rules of Appellate Procedure</u>

        in the above-captioned case.

Respectfully,

*P. Douglas Sisk/nes*

Clerk

PDS/NBS/ms

_____ O R D E R _____

~~Memorandum~~

    The foregoing motion for leave to appeal <u>in forma pauperis</u> is granted.  The appeal is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(d).

FILED MAR 12 P2:56 CLERK DISTRICT COURT

By the Court,

_____

Circuit Judge

A TRUE COPY

*P. Douglas Sisk*

P. L.          ERK,

       Clerk

Dated: FEB 2 3 1996

~~RB/cc~~  JJ
RE
Acc



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE          )
                Plaintiff )
        vs.               )
                          )   Civil Action No. 95-2019
GREGORY WHITE, et.al.     )   Judge Lancaster
                          )   Magistrate Judge Caiazza
                Defendants )

## MEMORANDUM ORDER

The Plaintiff's complaint was received by the Clerk of Court on December 6, 1995, and was referred to United States Magistrate Judge Francis X. Caiazza for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

The magistrate judge's report and recommendation, filed on December 14, 1995, recommended that this action be dismissed as legally frivolous in accordance with 28 U.S.C. §1915 (d). The parties were allowed ten (10) days from the date of service to file objections. Service was made on the Plaintiff by First Class United States Mailed delivered to S.C.I. Greene, Waynesburg Pennsylvania, where he is incarcerated and on defendant. No objections have been filed. After review of the pleadings and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this ___4th___ day of ___Jun___,

19_96_;

The report and recommendation of Magistrate Judge

Caiazza, (Doc. No. 4) dated December 14, 1995, is adopted as

the opinion of the court.

Gary L. Lancaster
United States District Court Judge

cc:  Francis X. Caiazza
     U.S. Magistrate Judge

     John R. Jae, BQ-3219
     S.C.I. Greene
     1040 E. Roy Furman Highway
     Waynesburg, PA 15370-8090

2

AO 72A
(Rev 8/82)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,                    :      CIVIL NO. **1:CV-98-0115**
                                     :
                Plaintiff            :      (Chief Judge Rambo)
                                     :
           v.                        :      (Magistrate Judge Smyser)
                                     :
DR. R. LONG, M.D.,                   :
G. WEAVER and                        :
CAPTAIN R. GLENNY,                   :              **FILED**
                                     :        HARRISBURG, PA
                Defendants           :
                                            SEP 2 2 1998

                                            MARY E. D'ANDREA, CLERK
                    <u>ORDER</u>             Per _____
                                                     Deputy Clerk

        The plaintiff, a state prisoner proceeding *pro se*,

commenced this 42 U.S.C. §1983 action by filing a complaint on

January 22, 1998.  By an Order dated February 3, 1998, the

plaintiff's request to proceed *in forma pauperis* was granted

and the Clerk of Court was directed to serve the plaintiff's

complaint on the defendants.  On July 10, 1998, the plaintiff

filed a supplemental complaint.


        The plaintiff claims that the defendants are denying

him appropriate medical care in violation of the Eighth

Amendment.

AO 72A
(Rev.8/82)

On April 24, 1998, the defendants in a separate case filed by the plaintiff, Jae v. Horn; 1:CV-98-0114, filed a motion to have the plaintiff's *in forma pauperis* status revoked pursuant to 28 U.S.C. §1915(g).   28 U.S.C. §1915(g) (commonly referred to as the three-strikes provision) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The defendants in Jae v. Horn; 1:CV-98-0114, presented documentation that on at least twelve prior occasions the plaintiff has had federal actions or appeals dismissed as frivolous.

By an Order dated April 29, 1998, the plaintiff was ordered to show cause within fifteen days why his *in forma pauperis* status in this case should not be revoked and why he should not be required to pay the full filing fee.   After

2

requesting and receiving an extension of time, on July 2, 1998,
the plaintiff filed a response to the show cause order.  In his
response, the plaintiff contends that 28 U.S.C. §1915(g) is
unconstitutional.

By an Order filed on July 10, 1998, pursuant to 28
U.S.C. §2403(a) we certified to the Attorney General that the
constitutionality of 28 U.S.C. §1915(g) has been called into
question and we gave the United States time to intervene in
this action.  The United States has intervened in this action
and has filed a brief in support of the constitutionality of 28
U.S.C. §1915(g).

The plaintiff argues that 28 U.S.C. §1915(g) is
unconstitutional because it deprives him of  access to the
courts, due process, and equal protection of the laws.  The
plaintiff also argues that 28 U.S.C. §1915(g) violates the
separation of powers doctrine and the ex post facto clause.
Finally, the plaintiff argues that §1915(g) should not be
applied retroactively and that actions which were dismissed

3

prior to the enactment of 1915(g) should not count as strikes.

We will first address the plaintiff's retroactivity argument. The plaintiff argues that actions and appeals that were dismissed as frivolous prior to the date 28 U.S.C. §1915(g) was enacted can not be counted as strikes under the three-strikes provision. The United States Court of Appeals for the Third Circuit has already decided this exact issue. In <u>Keener v. Pennsylvania Bd. of Probation & Parole</u>, 128 F.3d 143, 144-45 (3d Cir. 1997), the court held that "dismissals for frivolousness prior to the passage of the PLRA are included among the three that establish the threshold for requiring a prisoner to pay the full docket fees unless the prisoner can show s/he is 'under imminent danger of serious physical injury.'" Based on <u>Keener</u>, the plaintiff's retroactivity argument is without merit and the twelve actions and appeals that were dismissed as frivolous count as strikes under the three-strikes provision.

4

Next we address the plaintiff's argument that 28 U.S.C. §1915(g) violates his right of access to the courts.

Prisoners have a constitutional right of access to the courts. <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977). The Court has described this right as fundamental. <u>Id</u>. at 828.

28 U.S.C. § does not prevent a prisoner with three strikes from bringing constitutional claims. <u>Carson v. Johnson</u>, 112 F.3d 818, 821 (5th Cir. 1997). The statute does not extinguish any cause of action and does not bar anyone from filing suit. Rather, it merely requires that indigent prisoners who have three strikes pay the same filing fees as are imposed on non-indigent litigants. <u>Id</u>.

In a criminal appeal, waiver of fees may be constitutionally required for an indigent. <u>See</u> <u>e.g.</u> <u>Griffin v. Illinois</u>, 351 U.S. 12 (1956). But *in forma pauperis* status for a civil litigant is not a right. <u>Riveria v. Allin</u>, 144 F.3d 719, 724 (11th Cir. 1998). The Court has also recognized a

5

AO 72A
(Rev.8/82)

narrow category of civil cases in which access to the judicial process without regard to the party's ability to pay is required.  <u>M.L.B. v. S.L.J.</u>, 117 S.Ct. 555, 562 (1996) (termination of parental rights); <u>Boddie v. Connecticut</u>, 401 U.S. 371 (1971) (divorce).  However, a waiver of filing fees is not generally required.  <u>M.L.B.</u>, <u>supra</u> 117 S.Ct. at 563 (citing <u>United States v. Kras</u>, 409 U.S. 434 (1973), for the proposition that a constitutional requirement to waive court fees is the exception not the general rule).  The civil cases in which a waiver of fees has been constitutionally required deal with state controls on family relationships.  <u>M.L.B.</u>, <u>supra</u>, 117 S.Ct. 563-64 ("the Court has consistently set apart from the mine run of cases those involving state controls or intrusions on family relationships.")  The instant case does not fall within one of those narrow categories of civil cases dealing with intrusions or controls on family relationships in which the waiver of fees is constitutionally required for indigents.

Moreover, the <u>Griffin</u> line of cases, including <u>M.L.B.</u> and <u>Boddie</u>, do not deal with a right of access to the courts

6

*per se* but rather with a right not be denied access on the basis of poverty.  See <u>Lewis v. Casey</u>, 518 U.S. 343, 371 (1993) (Thomas, J., concurring) ("Like <u>Griffin</u>, <u>Douglas [v. California</u>, 372 U.S. 353 (1963)] turned not on a right of access *per se*, but rather on the right not to be denied, on the basis of poverty, access afforded to others.").   In the instant case, the statute does not deny any prisoner access to the federal courts on the basis of poverty.  In fact, 28 U.S.C. §1915(b)(4)[1] ensures that prisoners, other than those with three strikes, will have access despite their indigency.  The three strikes provision only bars a prisoner who has three strikes from proceeding *in forma pauperis*. "A legislative body may rationally and appropriately presume that three such dismissals are indicative of a propensity to abuse the court system."  <u>Wilson v. Yaklich</u>, 148 F.3d 596, 605 (6th Cir. 1998). Thus, the three-strikes provision does not bar access on the basis of poverty but only denies a prisoner who has already had three strikes, which could reasonably be considered to show

---

[1]28 U.S.C. §1915(b)(4) provides: "In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."

7

that the prisoner has abused the system in the past, from

proceeding *in forma pauperis*.


Because the three-strikes provision does not bar any

prisoner from filing a suit in federal court we conclude that

it does not deny the plaintiff access to the courts.  See

Riveria, supra, 144 F.3d at 724 (holding that 28 U.S.C.

§1915(g) does not violate right of access to the courts and

that "frequent filer prisoners' access to the courts remains

'adequate, effective, and meaningful' even though section

1915(g) serves to disqualify them from prepaying partial, as

opposed to entire, federal court filing fees during their term

of incarceration." ); Wilson, supra, 148 F.3d at 605 (holding

that three-strikes provision does not deny right of access to

the courts); Carson, supra, 112 F.3d at 821 (same).


Furthermore, we note that the plaintiff has an adequate

means of redressing the alleged violations of his

constitutional rights.  He may bring an action like the instant

action in state court.  State courts have the inherent

8

authority to and are presumptively competent to adjudicate claims arising under the laws of the United States.  <u>Tafflin v. Levitt</u>, 493 U.S. 455, 458 (1990).  In fact, states are compelled by the Supremacy Clause to enforce federal law.  <u>See</u> <u>Howlett v. Rose</u>, 496 U.S. 356, 367 (1990)(holding that states are mandated to hear 42 U.S.C. §1983 actions and explaining that federal law is enforceable in state courts because the Constitution and laws passed pursuant to it are as much laws in the states as laws passed by the state legislature).  Thus, the plaintiff may bring his action in state court.[2]  <u>See</u> <u>Murtagh v. County of Berks</u>, 634 A.2d 179, 183 (Pa. 1993) (42 U.S.C. §1983 action; citing <u>Howlett</u>); <u>Oatess v. Norris</u>, 637 A.2d 627 (Pa. Superior Ct. 1994)(prisoner §1983 action). "As long as a

---

[2] See Pa.R.Civ.P. 240 (governing *in forma pauperis* status). Recently Pennsylvania enacted a statute that imposes screening criteria to determine whether prisoner complaints are meritorious. 42 Pa.C.S. §6602(e)(2) provides that the court shall dismiss prison conditions litigation if the litigation is frivolous, malicious, fails to state a claim, or if the defendant is entitled to assert a valid affirmative defense, including immunity, which would preclude relief.  42 U.S.C. §6602(f) provides that the court may dismiss an action filed by a prisoner who has had three or more prison conditions cases dismissed pursuant to subsection (e)(2).  This statute became effective on August 18, 1998.  As the United States points out, given the effective date of the statute it is unlikely that the plaintiff could already have had three or more actions dismissed pursuant to 42 U.S.C. §6602(e)(2).

9

judicial forum is available to a litigant, it cannot be said that the right of access to the courts has been denied." Wilson, supra, 148 F.3d at 605.

The plaintiff also contends that 28 U.S.C. §1915(g) violates the rights to equal protection and due process.

If a law neither burdens a fundamental right nor targets a suspect class, the legislative classification will be upheld so long as it bears a rational relation to some legitimate end. Romer v. Evans, 517 U.S. 620, 631 (1996). However, if a law "is drawn on suspect lines or does sufficiently burden a fundamental right, it is subject to strict scrutiny and will pass constitutional muster only if it is narrowly tailored to serve a compelling state interest." Maldonado v. Houstoun, No. 97-1893, 1998 WL 569359, at *4 (3d Cir. Sept. 9, 1998).

Neither prisoners nor indigents constitute a suspect class. Carson, supra, 112 F.3d at 821-22. As discussed

10

previously, 28 U.S.C. §1915(g) does not sufficiently burden the
plaintiff's fundamental right of access to the courts to
require strict scrutiny analysis.  Thus, we review §1915(g) to
determine whether it is rationally related to legitimate
governmental interests.[3]


     "[E]qual protection is not a license for courts to
judge the wisdom, fairness, or logic of legislative choices."
FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993).
Under rational basis review, the classification in a statute
bears a strong presumption of validity and the law must be
upheld if there is "any reasonably conceivable state of facts
that could provide a rational basis for the classification."
Id. 313-14.  The party attacking the rationality of the

---

[3]The plaintiff cites Lyon v. Krol, 940 F.Supp. 1433 (S.D. Iowa
1996), to support his argument that 28 U.S.C. §1915(g) violates equal
protection.  In Lyon, the district court applied the strict scrutiny
standard of review and determined that §1915(g) violates equal
protection.  Lyon is not binding on this court, and as discussed
above we conclude that the proper standard of review is rational
basis.  Moreover, the Eighth Circuit found that the prisoner in Lyon
had sufficient funds to pay the filing fee and that therefore he did
not have standing to challenge the constitutionality of §1915(g).
Lyon v. Krol, 127 F.3d 763 (8th Cir. 1997).  The Eighth Circuit
remanded the case to the district court for the district court to set
a time by which the prisoner must pay the filing fee or have his
claim dismissed.  Id. at 766.

11

AO 72A
(Rev.8/82)

legislative classification has the burden "to negative every conceivable basis which might support it." Id. at 315.  A legislature is not required to articulate its reasons for enacting a statute and a legislative choice "may be based on rational speculation unsupported by evidence or empirical data."  Id.

"Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims."  Hernandez v. Kalinowski, 146 F.3d 196, 200 (3d Cir. 1998) (quoting Lyon v. Krol, 127 F.3d 763, 764 (8th Cir. 1997)).

Deterring frivolous prisoner filings is a legitimate governmental interest. Carson, supra, 112 F.3d at 822 ("It can hardly be doubted that deterring frivolous and malicious lawsuits, and thereby preserving scarce judicial resources, is a legitimate state interest."); Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997)("[T]he goal of the Act - curbing frivolous IFP litigation - is clearly proper."); Rivera, supra, 144 F.3d

12

at 727 ("Unquestionably, the ends that Congress enacted section
1915(g) to achieve - the curtailment of "abusive prisoner tort,
civil rights and conditions litigation' - are legitimate.");
Wilson, supra 148 F.3d at 604 ("This court has held that
'[d]etering frivolous prisoner filings in federal courts falls
within the realm of Congress's legitimate interests....'"
(quoting Hampton v. Hobbs, 106 F.3d 1281, 1287 (6th Cir. 1997)).
"[P]rohibiting litigants with a history of frivolous or
malicious lawsuits from proceeding IFP will deter such abuses."
Carson, supra, 112 F.3d at 822; Rivera, supra, 144 F.3d at 728
("Plainly, Congress had a rational basis to believe that
revoking altogether IFP privileges from prisoners with a
demonstrated history of abuse - that is, three of more
dismissals on specified grounds - would further the goal of
curtailing abusive prison litigation.")

     The fact that 1915(g) does not address the problem of
frivolous litigation by non-indigents or by non-prisoner
indigents does not render the statute irrational.  "[T]he
legislature must be allowed leeway to approach a perceived

13

problem incrementally."   <u>FCC v. Beach Communications, Inc.</u>,
<u>supra</u>, 508 U.S. at 316.   Congress may address "itself to the
phase of the problem which seems most acute to the legislative
mind" and neglect other phases of the same problem.   <u>Williamson
v. Lee Optical Co.</u>, 348 U.S. 483, 489 (1955).

Furthermore, the differentiation in 1915(g) between
prisoners with three strikes and non-prisoners with three
strikes has a rational basis.   <u>Wilson</u>, <u>supra</u>, 148 F.3d at 604.
Prisoners and non-prisoners are not similarly situated:

> [Prisoners] have their basic material needs
> provided at state expense.  They are further
> provided with free paper, postage, and legal
> assistance.  They often have free time on their
> hands that other litigants do not possess. *See
> Lumbert*, 827 F.2d at 259. As a result, the
> federal courts have observed that prisoner
> litigation has assumed something of the nature
> of a "recreational activity." *See, e.g., Gabel
> v. Lynaugh,* 835 F.2d 124, 125 n.1 (5th Cir.
> 1998).  Whether recreational or not, there has
> been a far greater opportunity for abuse of the
> federal judicial system in the prison setting.
> *See* 141 Cong.Rec. S7256 (May 25, 1995(statement
> of Sen. Kyl (noting that over one-fourth of
> civil cases filed in federal courts were filed
> by prisoners, and that the vast majority of
> these cases ended in no relief for the
> prisoner).

14

Roller, supra, 107 F.3d at 234.  See also Cruz v. Beto, 405

U.S. 319, 326-27 (1972) (per curiam) (Rehnquist, J.,

dissenting) ("[Inmates are] in a different litigating posture

than persons who are unconfined.  The inmate stands to gain

something and lose nothing from a complaint stating facts that

he is ultimately unable to prove.  Though he may be denied

legal relief, he will nonetheless have obtained a short

sabbatical in the nearest federal courthouse."); Carson, supra,

112 F.3d at 822 (distinction between prisoners and other

litigants is rational); Rivera, supra, 144 F.3d at 728 ("It is

equally rational for Congress to separate frequent filer

prisoner indigents from prisoner indigents who file less

frequently and disqualify the former class from the luxury of

having to advance only a partial amount (or, if the prisoner is

destitute, no amount) of the filing fee.").


We conclude that 28 U.S.C. §1915(g) is rationally

related to a legitimate end.  Thus, it does not violate equal

protection or due process.


15

The plaintiff also contends that §1915(g) violates the separation of powers doctrine and the *ex post facto* clause. These arguments are meritless. 28 U.S.C. §1915(g) does not violate the separation of powers doctrine because it is purely procedural, it does not create or take away any cause of action from frequent filer prisoners, and as long as "frequent filer prisoners prepay the entire filing fee, courts will review their cases in the same manner as any other." Rivera, supra, 144 F.3d at 725 (rejecting separation of powers challenge to §1915(g)). 28 U.S.C. §1915(g) does not violate the *ex post facto* clause because it only applies to the filing of civil actions, it is procedural in nature and was not enacted to affect the punishments already meted out for crimes. Wilson, supra, 148 F.3d at 606 (rejecting *ex post facto* challenge to §1915(g).

Based on the foregoing, we conclude that 28 U.S.C. §1915(g) is not unconstitutional. Pursuant to §1915(g) the plaintiff may not proceed *in forma pauperis* in this court.

16

AND NOW, this 22nd day of September, 1998, **IT IS HEREBY ORDERED** that the Order of February 3, 1998, granting the plaintiff's request to proceed *in forma pauperis* is **VACATED**. **IT IS FURTHER ORDERED** that on or before October 6, 1998, the plaintiff shall pay the entire $150.00 filing fee.  If the plaintiff fails to pay the filing fee, it will be recommended that this action be dismissed.

J. Andrew Smyser
Magistrate Judge

Dated:  September 22, 1998.

17

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RICHARD JAE, | : | CIVIL NO. 1:CV-98-0115 |
| **Plaintiff** | : | **(Chief Judge Rambo)** |
| v. | : | **(Magistrate Judge Smyser)** |
| DR. R. LONG, M.D.; G. WEAVER; and CAPTAIN R. GLENNY, | : | **FILED**<br>HARRISBURG, PA |
| **Defendants** | : | DEC 1 7 1998 |

## O R D E R

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

On November 23, 1998, this court issued an order which (1) affirmed the September 22, 1998 memorandum and order of the magistrate judge, barring Plaintiff from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g), (2) adopted in part and deferred in part the October 9, 1998 report and recommendation of the magistrate judge, and (3) allowed Plaintiff to December 15, 1998 to pay the full filing fee. Plaintiff was advised that failure to pay the filing fee would result in dismissal of the case. Plaintiff has not paid the filing fee to date.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1) The court adopts in full the October 9, 1998, report and recommendation of Magistrate Judge Smyser.

2) The captioned action is dismissed for Plaintiff's failure to pay the filing fee as ordered.

3) It is certified that any appeal from this order will be deemed frivolous an not taken in good faith.

4) The Clerk of Court shall close the file.

SYLVIA H. RAMBO, Chief Judge
Middle District of Pennsylvania

Dated: December  /7 , 1998.

2

RECEIVED
SEP 23 1998
0100-672

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RICHARD JAE, | : | CIVIL NO. **1:CV-98-0108** |
| | : | |
| Plaintiff | : | (Chief Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| DR. YUNG, M.D., | : | **FILED**<br>HARRISBURG, PA |
| | : | |
| Defendant | : | SEP 22 1998 |

MARY E. D'ANDREA, CLERK
Per _____ /Deputy Clerk

**ORDER**

The plaintiff, a state prisoner proceeding *pro se*,
commenced this 42 U.S.C. §1983 action by filing a complaint on
January 22, 1998.  By an Order dated January 28, 1998, the
plaintiff's request to proceed *in forma pauperis* was granted
and the Clerk of Court was directed to serve the plaintiff's
complaint on the defendant.  On March 12, 1998, the plaintiff
filed an amended complaint.  On March 31, 1998, the defendant
filed an answer to the amended complaint.

The plaintiff claims that Dr. Yung has denied him his
Eighth Amendment right to be free from cruel and unusual
punishment by placing him in a psychiatric observation cell.

AO 72A
(Rev 8/82)

3

On April 24, 1998, the defendants in a separate case filed by the plaintiff, Jae v. Horn; 1:CV-98-0114, filed a motion to have the plaintiff's *in forma pauperis* status revoked pursuant to 28 U.S.C. §1915(g). 28 U.S.C. §1915(g) (commonly referred to as the three-strikes provision) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The defendants in Jae v. Horn; 1:CV-98-0114, presented documentation that on at least twelve prior occasions the plaintiff has had federal actions or appeals dismissed as frivolous.

By an Order dated April 29, 1998, the plaintiff was ordered to show cause within fifteen days why his *in forma pauperis* status should not be revoked and why he should not be

2

AO 72A

required to pay the full filing fee.  After requesting and

receiving an extension of time, on July 2, 1998, the plaintiff

filed a response to the show cause order.  In his response, the

plaintiff contends that 28 U.S.C. §1915(g) is unconstitutional.

By an Order filed on July 10, 1998, pursuant to 28

U.S.C. §2403(a) we certified to the Attorney General that the

constitutionality of 28 U.S.C. §1915(g) has been called into

question and we gave the United States time to intervene in

this action.  The United States has intervened in this action

and has filed a brief in support of the constitutionality of 28

U.S.C. §1915(g).

The plaintiff argues that 28 U.S.C. §1915(g) is

unconstitutional because it deprives him of  access to the

courts, due process, and equal protection of the laws.  The

plaintiff also argues that 28 U.S.C. §1915(g) violates the

separation of powers doctrine and the ex post facto clause.

Finally, the plaintiff argues that §1915(g) should not be

applied retroactively and that actions which were dismissed

3

prior to the enactment of 1915(g) should not count as strikes.

We will first address the plaintiff's retroactivity argument.  The plaintiff argues that actions and appeals that were dismissed as frivolous prior to the date 28 U.S.C. §1915(g) was enacted can not be counted as strikes under the three-strikes provision.  The United States Court of Appeals for the Third Circuit has already decided this exact issue.  In Keener v. Pennsylvania Bd. of Probation & Parole, 128 F.3d 143, 144-45 (3d Cir. 1997), the court held that "dismissals for frivolousness prior to the passage of the PLRA are included among the three that establish the threshold for requiring a prisoner to pay the full docket fees unless the prisoner can show s/he is 'under imminent danger of serious physical injury.'"  Based on Keener, the plaintiff's retroactivity argument is without merit and the twelve actions and appeals that were dismissed as frivolous count as strikes under the three-strikes provision.

4

Next we address the plaintiff's argument that 28 U.S.C. §1915(g) violates his right of access to the courts.

Prisoners have a constitutional right of access to the courts. <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977).  The Court has described this right as fundamental. <u>Id</u>. at 828.

28 U.S.C. § does not prevent a prisoner with three strikes from bringing constitutional claims. <u>Carson v. Johnson</u>, 112 F.3d 818, 821 (5th Cir. 1997).  The statute does not extinguish any cause of action and does not bar anyone from filing suit.  Rather, it merely requires that indigent prisoners who have three strikes pay the same filing fees as are imposed on non-indigent litigants. <u>Id</u>.

In a criminal appeal, a waiver of fees may be constitutionally required for an indigent.  <u>See</u> <u>e.g.</u> <u>Griffin v. Illinois</u>, 351 U.S. 12 (1956).  But <i>in forma pauperis</i> status for a civil litigant is not a right.  <u>Riveria v. Allin</u>, 144 F.3d 719, 724 (11th Cir. 1998).  The Court has also recognized a

5

narrow category of civil cases in which access to the judicial process without regard to the party's ability to pay is required. <u>M.L.B. v. S.L.J.</u>, 117 S.Ct. 555, 562 (1996) (termination of parental rights); <u>Boddie v. Connecticut</u>, 401 U.S. 371 (1971) (divorce). However, a waiver of filing fees is not generally required. <u>M.L.B.</u>, <u>supra</u> 117 S.Ct. at 563 (citing <u>United States v. Kras</u>, 409 U.S. 434 (1973), for the proposition that a constitutional requirement to waive court fees is the exception not the general rule). The civil cases in which a waiver of fees has been constitutionally required deal with state controls on family relationships. <u>M.L.B.</u>, <u>supra</u>, 117 S.Ct. 563-64 ("the Court has consistently set apart from the mine run of cases those involving state controls or intrusions on family relationships.") The instant case does not fall within one of those narrow categories of civil cases dealing with intrusions or controls on family relationships in which the waiver of fees is constitutionally required for indigents.

Moreover, the <u>Griffin</u> line of cases, including <u>M.L.B.</u> and <u>Boddie</u>, do not deal with a right of access to the courts

6

*per se* but rather with a right not be denied access on the basis of poverty. See Lewis v. Casey, 518 U.S. 343, 371 (1993)(Thomas, J., concurring)("Like Griffin, Douglas [v. California, 372 U.S. 353 (1963)] turned not on a right of access *per se*, but rather on the right not to be denied, on the basis of poverty, access afforded to others."). In the instant case, the statute does not deny any prisoner access to the federal courts on the basis of poverty. In fact, 28 U.S.C. §1915(b)(4)[1] ensures that prisoners, other than those with three strikes, will have access despite their indigency. The three strikes provision only bars a prisoner who has three strikes from proceeding *in forma pauperis*. "A legislative body may rationally and appropriately presume that three such dismissals are indicative of a propensity to abuse the court system." Wilson v. Yaklich, 148 F.3d 596, 605 (6th Cir. 1998). Thus, the three-strikes provision does not bar access on the basis of poverty but only denies a prisoner who has already had three strikes, which could reasonably be considered to show

---

[1]28 U.S.C. §1915(b)(4) provides: "In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."

7

that the prisoner has abused the system in the past, from

proceeding *in forma pauperis*.

Because the three-strikes provision does not bar any

prisoner from filing a suit in federal court we conclude that

it does not deny the plaintiff access to the courts. See

Riveria, supra, 144 F.3d at 724 (holding that 28 U.S.C.

§1915(g) does not violate right of access to the courts and

that "frequent filer prisoners' access to the courts remains

'adequate, effective, and meaningful' even though section

1915(g) serves to disqualify them from prepaying partial, as

opposed to entire, federal court filing fees during their term

of incarceration." ); Wilson, supra, 148 F.3d at 605 (holding

that three-strikes provision does not deny right of access to

the courts); Carson, supra, 112 F.3d at 821 (same).

Furthermore, we note that the plaintiff has an adequate

means of redressing the alleged violations of his

constitutional rights.  He may bring an action like the instant

action in state court.  State courts have the inherent

authority to and are presumptively competent to adjudicate claims arising under the laws of the United States.   Tafflin v. Levitt, 493 U.S. 455, 458 (1990).   In fact, states are compelled by the Supremacy Clause to enforce federal law. See Howlett v. Rose, 496 U.S. 356, 367 (1990)(holding that states are mandated to hear 42 U.S.C. §1983 actions and explaining that federal law is enforceable in state courts because the Constitution and laws passed pursuant to it are as much laws in the states as laws passed by the state legislature).   Thus, the plaintiff may bring his action in state court.[2] See Murtagh v. County of Berks, 634 A.2d 179, 183 (Pa. 1993)(42 U.S.C. §1983 action; citing Howlett); Oatess v. Norris, 637 A.2d 627 (Pa. Superior Ct. 1994)(prisoner §1983 action). "As long as a

---

[2] See Pa.R.Civ.P. 240 (governing *in forma pauperis* status). Recently Pennsylvania enacted a statute that imposes screening criteria to determine whether prisoner complaints are meritorious. 42 Pa.C.S. §6602(e)(2) provides that the court shall dismiss prison conditions litigation if the litigation is frivolous, malicious, fails to state a claim, or if the defendant is entitled to assert a valid affirmative defense, including immunity, which would preclude relief.  42 U.S.C. §6602(f) provides that the court may dismiss an action filed by a prisoner who has had three or more prison conditions cases dismissed pursuant to subsection (e)(2).  This statute became effective on August 18, 1998.  As the United States points out, given the effective date of the statute it is unlikely that the plaintiff could already have had three or more actions dismissed pursuant to 42 U.S.C. §6602(e)(2).

9

judicial forum is available to a litigant, it cannot be said that the right of access to the courts has been denied." Wilson, supra, 148 F.3d at 605.

The plaintiff also contends that 28 U.S.C. §1915(g) violates the rights to equal protection and due process.

If a law neither burdens a fundamental right nor targets a suspect class, the legislative classification will be upheld so long as it bears a rational relation to some legitimate end. Romer v. Evans, 517 U.S. 620, 631 (1996). However, if a law "is drawn on suspect lines or does sufficiently burden a fundamental right, it is subject to strict scrutiny and will pass constitutional muster only if it is narrowly tailored to serve a compelling state interest." Maldonado v. Houstoun, No. 97-1893, 1998 WL 569359, at *4 (3d Cir. Sept. 9, 1998).

Neither prisoners nor indigents constitute a suspect class. Carson, supra, 112 F.3d at 821-22.  As discussed

10

previously, 28 U.S.C. §1915(g) does not sufficiently burden the plaintiff's fundamental right of access to the courts to require strict scrutiny analysis.  Thus, we review §1915(g) to determine whether it is rationally related to legitimate governmental interests.[3]

"[E]qual protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." FCC v. Beach Communications, Inc., 508 U.S. 307, 313 (1993). Under rational basis review, the classification in a statute bears a strong presumption of validity and the law must be upheld if there is "any reasonably conceivable state of facts that could provide a rational basis for the classification." Id. 313-14.  The party attacking the rationality of the

---

[3]The plaintiff cites Lyon v. Krol, 940 F.Supp. 1433 (S.D. Iowa 1996), to support his argument that 28 U.S.C. §1915(g) violates equal protection.  In Lyon, the district court applied the strict scrutiny standard of review and determined that §1915(g) violates equal protection.  Lyon is not binding on this court, and as discussed above we conclude that the proper standard of review is rational basis.  Moreover, the Eighth Circuit found that the prisoner in Lyon had sufficient funds to pay the filing fee and that therefore he did not have standing to challenge the constitutionality of §1915(g). Lyon v. Krol, 127 F.3d 763 (8th Cir. 1997).  The Eighth Circuit remanded the case to the district court for the district court to set a time by which the prisoner must pay the filing fee or have his claim dismissed. Id. at 766.

11

legislative classification has the burden "to negative every
conceivable basis which might support it." Id. at 315.  A
legislature is not required to articulate its reasons for
enacting a statute and a legislative choice "may be based on
rational speculation unsupported by evidence or empirical
data."  Id.

"Congress enacted PLRA with the principal purpose of
deterring frivolous prisoner litigation by instituting economic
costs for prisoners wishing to file civil claims." Hernandez v.
Kalinowski, 146 F.3d 196, 200 (3d Cir. 1998)(quoting Lyon v.
Krol, 127 F.3d 763, 764 (8th Cir. 1997)).

Deterring frivolous prisoner filings is a legitimate
governmental interest. Carson, supra, 112 F.3d at 822 ("It can
hardly be doubted that deterring frivolous and malicious
lawsuits, and thereby preserving scarce judicial resources, is
a legitimate state interest."); Roller v. Gunn, 107 F.3d 227,
233 (4th Cir. 1997)("[T]he goal of the Act - curbing frivolous
IFP litigation - is clearly proper."); Rivera, supra, 144 F.3d

at 727 ("Unquestionably, the ends that Congress enacted section 1915(g) to achieve - the curtailment of "abusive prisoner tort, civil rights and conditions litigation' - are legitimate."); Wilson, supra 148 F.3d at 604 ("This court has held that '[d]etering frivolous prisoner filings in federal courts falls within the realm of Congress's legitimate interests....'" (quoting Hampton v. Hobbs, 106 F.3d 1281, 1287 (6th Cir. 1997)). "[P]rohibiting litigants with a history of frivolous or malicious lawsuits from proceeding IFP will deter such abuses." Carson, supra, 112 F.3d at 822; Rivera, supra, 144 F.3d at 728 ("Plainly, Congress had a rational basis to believe that revoking altogether IFP privileges from prisoners with a demonstrated history of abuse - that is, three of more dismissals on specified grounds - would further the goal of curtailing abusive prison litigation.")

The fact that 1915(g) does not address the problem of frivolous litigation by non-indigents or by non-prisoner indigents does not render the statute irrational.  "[T]he legislature must be allowed leeway to approach a perceived

13

problem incrementally." <u>FCC v. Beach Communications, Inc.</u>, <u>supra</u>, 508 U.S. at 316.   Congress may address "itself to the phase of the problem which seems most acute to the legislative mind" and neglect other phases of the same problem.   <u>Williamson v. Lee Optical Co.</u>, 348 U.S. 483, 489 (1955).

Furthermore, the differentiation in 1915(g) between prisoners with three strikes and non-prisoners with three strikes has a rational basis.   <u>Wilson</u>, <u>supra</u>, 148 F.3d at 604. Prisoners and non-prisoners are not similarly situated:

> [Prisoners] have their basic material needs provided at state expense.  They are further provided with free paper, postage, and legal assistance.  They often have free time on their hands that other litigants do not possess. *See Lumbert*, 827 F.2d at 259. As a result, the federal courts have observed that prisoner litigation has assumed something of the nature of a "recreational activity." *See*, *e.g.*, *Gabel v. Lynaugh*, 835 F.2d 124, 125 n.1 (5th Cir. 1998).  Whether recreational or not, there has been a far greater opportunity for abuse of the federal judicial system in the prison setting. *See* 141 Cong.Rec. S7256 (May 25, 1995(statement of Sen. Kyl (noting that over one-fourth of civil cases filed in federal courts were filed by prisoners, and that the vast majority of these cases ended in no relief for the prisoner).

Roller, supra, 107 F.3d at 234.  See also Cruz v. Beto, 405

U.S. 319, 326-27 (1972) (per curiam) (Rehnquist, J.,

dissenting) ("[Inmates are] in a different litigating posture

than persons who are unconfined.  The inmate stands to gain

something and lose nothing from a complaint stating facts that

he is ultimately unable to prove.  Though he may be denied

legal relief, he will nonetheless have obtained a short

sabbatical in the nearest federal courthouse."); Carson, supra,

112 F.3d at 822 (distinction between prisoners and other

litigants is rational); Rivera, supra, 144 F.3d at 728 ("It is

equally rational for Congress to separate frequent filer

prisoner indigents from prisoner indigents who file less

frequently and disqualify the former class from the luxury of

having to advance only a partial amount (or, if the prisoner is

destitute, no amount) of the filing fee.").


We conclude that 28 U.S.C. §1915(g) is rationally

related to a legitimate end.  Thus, it does not violate equal

protection or due process.

The plaintiff also contends that §1915(g) violates the separation of powers doctrine and the *ex post facto* clause. These arguments are meritless.  28 U.S.C. §1915(g) does not violate the separation of powers doctrine because it is purely procedural, it does not create or take away any cause of action from frequent filer prisoners, and as long as "frequent filer prisoners prepay the entire filing fee, courts will review their cases in the same manner as any other." <u>Rivera</u>, <u>supra</u>, 144 F.3d at 725 (rejecting separation of powers challenge to §1915(g)).  28 U.S.C. §1915(g) does not violate the *ex post facto* clause because it only applies to the filing of civil actions, it is procedural in nature and was not enacted to affect the punishments already meted out for crimes.  <u>Wilson</u>, <u>supra</u>, 148 F.3d at 606 (rejecting *ex post facto* challenge to §1915(g).

Based on the foregoing, we conclude that 28 U.S.C. §1915(g) is not unconstitutional.  Pursuant to §1915(g) the plaintiff may not proceed *in forma pauperis* in this court.

16

AND NOW, this _22nd_ day of September, 1998, **IT IS HEREBY ORDERED** that the Order of January 28, 1998, granting the plaintiff's request to proceed *in forma pauperis* is **VACATED**. **IT IS FURTHER ORDERED** that on or before October 6, 1998, the plaintiff shall pay the entire $150.00 filing fee.  If the plaintiff fails to pay the filing fee, it will be recommended that this action be dismissed.

J. Andrew Smyser
Magistrate Judge

Dated:   September 22, 1998.

17

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,                    :    CIVIL ACTION NO. 1:CV-98-0108

        **Plaintiff**          :    **(Chief Judge Rambo)**
                             **(Magistrate Judge Smyser)**

       v.                     :

DR. YUNG, M.D.,                      :

        **Defendant**          :

## O R D E R

       Before the court in the captioned action is an October 6, 1998 appeal by a
prisoner of the magistrate judge's memorandum and order of September 22, 1998.  In that
order, the magistrate judge vacated a previous order granting Plaintiff leave to proceed in
forma pauperis and instead ordered him to pay the full filing fee by October 6, 1998.  On
October 9, 1998, the magistrate judge filed a report recommending that Plaintiff's case be
dismissed for Plaintiff's failure to pay the filing fee.

       The court has reviewed the order of September 22, 1998 and find the law
cited by the magistrate judge to be persuasive.  In the appeal, Plaintiff only refers to his
previous brief and does not dispute any of the analysis of the magistrate judge.

       Accordingly, **IT IS HEREBY ORDERED THAT:**

       1)  The court affirms the September 22, 1998, memorandum and order of
Magistrate Judge Smyser.

       2)  The court adopts the October 9, 1998, report and recommendation of
Magistrate Judge Smyser.

       3)  The captioned action is dismissed for Plaintiff's failure to pay the filing fee.

       4)  The Clerk of Court shall close the file.

                                SYLVIA H. RAMBO, Chief Judge
                                Middle District of Pennsylvania

Dated:  November  2 3, 1998.

4



RECEIVED
AUG 7 2000
0100-0883

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,                    :        CIVIL NO. **1:CV-99-1610**
                                     :
                 Plaintiff           :        (Judge Rambo)
                                     :
         v.                          :        (Magistrate Judge Smyser)
                                     :
DR. LASKEY, M.D.,                    :
Medical Director,                    :
                                     :        **FILED**
                 Defendant           :        HARRISBURG, PA

                                              AUG 4  2000

         **REPORT AND RECOMMENDATION**        MARY E. D'ANDREA, CLERK
                                              Per_____
                                                      Deputy Clerk

         On September 3, 1999, the plaintiff filed the

captioned complaint pursuant to 42 U.S.C. § 1983.  On September

3, 1999, the plaintiff also filed a motion for a Temporary

Restraining Order (TRO) or a Preliminary Injunction (PI) and a

brief and affidavit in support of that motion.  The plaintiff

did not pay the filing fee and did not file an application to

proceed *in forma pauperis* or the authorization form to have

funds deducted from his prison trust fund account.

By an Order dated September 10, 1999, and filed on September 14, 1999, the plaintiff was ordered to pay the $150 filing fee or complete fully and return to the court the attached application to proceed *in forma pauperis* and authorization form on or before September 24, 1999.  On September 23, 1999, the plaintiff filed a motion for an enlargement of time to file an application to proceed *in forma pauperis* and authorization form to have funds deducted from his prison trust fund account.  By an Order dated September 28, 1999, the plaintiff was granted an extension of time until October 4, 1999.  On October 4, 1999, the plaintiff filed an application to proceed *in forma pauperis* and the authorization form to have funds deducted from his prison trust fund account.

By an Order dated October 13, 1999, the plaintiff's application to proceed *in forma pauperis* was granted, the Clerk of Court was directed to serve the plaintiff's complaint, motion for a TRO or PI, brief and affidavit on the defendant and the defendant was ordered to respond to the motion for a TRO or PI within thirty days.

2

After requesting and receiving an extension of time, the defendant filed a brief and documents in opposition to the plaintiff's motion for a TRO or PI on November 22, 1999.

Also on November 22, 1999, the defendant filed a motion to revoke the plaintiff's *in forma pauperis* status and to defer filing of a responsive pleading.  On December 7, 1999, the defendant filed a brief in support of his motion to revoke the plaintiff's *in forma pauperis* status.

On December 10, 1999, the defendant filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).

On December 13, 1999, the plaintiff filed a motion for an extension of time to file a reply brief in support of his motion for a TRO and PI.  By an Order dated December 16, 1999, the plaintiff's motion for an extension of time was granted and the plaintiff was ordered to file his reply brief on or before January 10, 2000.

3

On December 16, 1999, the plaintiff filed a motion for an extension of time to file a brief in opposition to the defendant's motion to revoke his *in forma pauperis* status.  By an Order dated December 22, 1999, the plaintiff's motion for an extension of time was granted and the plaintiff was ordered to file his brief in opposition on or before January 12, 2000.

On December 23, 1999, the defendant filed a brief in support of his motion to dismiss.

On January 20, 2000, the plaintiff filed another motion for an enlargement of time to file a brief in opposition to the defendant's motion to revoke his *in forma pauperis* status and a motion for an enlargement of time to file a brief in opposition to the defendant's motion to dismiss the complaint.  By Orders dated January 24, 2000, the plaintiff's motions for enlargements of time were granted and the plaintiff was ordered to file his briefs in opposition on or before March 1, 2000.

4

On March 3, 2000, the plaintiff filed another motion for an enlargement of time to file a brief in opposition to the defendant's motion to revoke his *in forma pauperis* status and another motion for an enlargement of time to file a brief in opposition to the defendant's motion to dismiss the complaint. By an Order dated March 9, 2000, the plaintiff's motions for enlargements of time were granted and the plaintiff was ordered to file his briefs in opposition on or before April 3, 2000.

On March 31, 2000, the plaintiff filed a motion for leave to file a brief in opposition to the defendant's motion to revoke his *in forma pauperis* status which exceeds fifteen pages. By an Order dated April 6, 2000, that motion was granted.

On April 10, 2000, the plaintiff filed a document entitled "Motion for Order Requiring Prison Officials to Mail Plaintiff's Responsive Affidavit and Reply Brief to this Court and Counsel or in the Alternative Motion for Enlargement of Time to File Such, Nunc Pro Tunc and Brief in Support."  The

5

plaintiff stated that on April 3, 2000, he turned over his brief in opposition to the defendant's motion to revoke his *in forma pauperis* status and his brief in opposition to the defendant's motion to dismiss to the business manager at SCI-Camp Hill for mailing to the court and opposing counsel. The business manager returned the documents to the plaintiff with an explanation that the plaintiff can only anticipate his prison account, which apparently had a negative balance, for $10.00 per month for postage and that he had already done so for this month. The plaintiff requested that the court order the business manager at SCI-Camp Hill to mail his briefs to the court and opposing counsel or, in the alternative, to grant him an enlargement of time until May 6, 2000 to file his briefs in opposition. By an Order dated April 14, 2000, we denied the plaintiff's request for an order requiring prisons officials to send the documents. We did, however, grant the plaintiff an extension of time until May 8, 2000, to file his briefs in opposition.

6

The plaintiff did not file briefs in opposition to the motion to dismiss and to the motion to revoke his in forma pauperis status.  Instead, on May 15, 2000, the plaintiff filed a document entitled "Motion for Order Requiring SCI-Camp Hill Prison Officials to Return All of This Plaintiff's Legal Papers to Him and Brief In Support Inter Alia Petition for Writ of Prohibition."   The plaintiff states in his motion that on April 23, 2000, he tried to commit suicide by swallowing staples from his legal papers, that as a result defendant Dr. Laskey ordered that the plaintiff's legal papers be removed from his cell and checked for staples and then returned to the plaintiff, that despite orders by another doctor, the Superintendent, the Deputy Superintendent and several lieutenants that the plaintiff's legal papers be returned to him, the property officers have failed to return his documents. The plaintiff contends that he can not file his briefs in opposition to the pending motion to dismiss and motion to revoke his in forma pauperis status because those documents have not been returned to him.  By an Order dated June 8, 2000,

7

the plaintiff's motion for an order requiring prison officials to return his legal papers was denied.

A hearing on the plaintiff's motion for a TRO or PI and on the defendant's motion to revoke the plaintiff's *in forma pauperis* status was held on June 20, 2000. On June 20, 2000, the plaintiff filed a brief in opposition to the defendant's motion to dismiss and a brief in opposition to the defendant's motion to revoke his *in forma pauperis* status.

By an Order dated July 19, 2000, we granted the defendant's motion to revoke the plaintiff's *in forma pauperis* status and ordered that the plaintiff pay the entire $150.00 filing fee on or before July 31, 2000. We stated in the Order of July 19, 2000, that if the plaintiff fails to pay the filing fee, we would recommend that this case be dismissed.

8

The plaintiff has not paid the filing fee.

Accordingly, it is recommended that this action be dismissed

and that the case file be closed.

J. Andrew Smyser
Magistrate Judge

DATED: August  4,  2000.

9

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RICHARD JAE, | : | CIVIL NO. 1:CV-99-1610 |
| | : | |
| Plaintiff | : | (Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| DR. LASKEY, M.D., | : | **FILED** |
| Medical Director, | : | HARRISBURG, PA |
| | : | |
| Defendant | : | AUG 4 2000 |

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

**NOTICE**

    Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

    Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

J. Andrew Smyser
Magistrate Judge

Dated: August 4, 2000.

# CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee of the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this ___4th___ day of October, 2000, I served a true and correct copy of the foregoing DOCUMENTS IN SUPPORT OF MOTION TO REVOKE via U.S. First Class mail, postage prepaid, addressed as follows:


John Richard Jae **Legal Mail**
Inmate #BQ-3219
SCI-Camp Hill
P. O. Box 200
Camp Hill, PA   17001-0200


Robert Wolff
Assistant Chief Counsel
PA Department of Corrections
P. O. Box 598
Camp Hill, PA  17001-0598


Linda L. Gustin
Linda L. Gustin