IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOHN RICHARD JAE,<br>Plaintiff | : | NO. 1:00-CV-1090 |
|  | : |  |
| v. | : | CHIEF JUDGE SYLVIA H. RAMBO<br>(MAGISTRATE JUDGE SMYSER) |
|  | : |  |
| ROBERT CLARK, MARTIN L.<br>DRAGOVICH, JOHN A.<br>PALAKOVICH, ROBERT N.<br>NOVOTNEY, MICHAEL J. KAZOR,<br>and JOHN ANDRADE,<br>Defendants | : | JURY TRIAL DEMANDED |

FILED
HARRISBURG, PA
OCT 04 2000
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## DEFENDANT, DR. CLARK'S BRIEF IN OPPOSITION TO PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF

### I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

On June 5, 2000, John Richard Jae, a *pro se* prisoner at the State Correctional

Institution-Camp Hill (hereinafter, "SCI-Camp Hill"), initiated this civil action by filing

a Complaint pursuant to 42 U.S.C. § 1983 against Dr. Clark arising out of the medical

care which he received at that facility.  An Amended Complaint was filed on August 3,

2000, adding claims against five Department of Corrections officials employed at SCI-

Camp Hill. On August 24, 2000, the Plaintiff also filed a Motion for a Temporary

Restraining Order and/or an Expedited Preliminary Injunction and a Brief and

Affidavit in Support of that Motion.  In his Motion for Injunctive Relief, Plaintiff seeks a

court order: precluding the Department of Corrections from placing him in any prison special management unit; releasing Plaintiff from the prison's restricted housing unit; and to place him in a special needs unit or state hospital.

By an Order dated June 21, 2000, Plaintiff's request to proceed *in forma pauperis* was granted. Both the Department of Corrections Defendants and Dr. Clark have filed Motions to Revoke Plaintiff's *in forma pauperis* status pursuant to the three strikes provisions of the Prisoner Litigation Reform Act, 28 U.S.C. 1915(g), because more than three of his federal complaints have been deemed frivolous, malicious or they failed to state a claim upon which relief may be granted.

This brief is in opposition to Plaintiff's Motion for a Temporary Restraining Order and/or an Expedited Preliminary Injunction. Dr. Clark also incorporates by reference the Department of Corrections Defendants' response to Plaintiff's request for injunctive relief as if fully set forth at length herein.

## II.  QUESTIONS PRESENTED

A.  WHETHER THIS HONORABLE COURT SHOULD REFRAIN FROM ADJUDICATING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF UNTIL IT RULES ON DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS?

[SUGGESTED ANSWER: YES]

B.  WHETHER PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION SHOULD BE DENIED SINCE PLAINTIFF HAS

FAILED TO ALLEGE FACTS ESTABLISHING ENTITLEMENT TO INJUNCTIVE RELIEF?

[SUGGESTED ANSWER: YES]

III.    ARGUMENT

A.    PLAINTIFF HAS VIOLATED THE THREE STRIKES PROVISION OF THE PRISON LITIGATION REFORM ACT AS AMENDED AND HIS IN FORMA PAUPERIS STATUS MUST BE REVOKED AS A MATTER OF LAW.

Contemporaneously with the filing of this brief in opposition to Plaintiff's motion for injunctive relief, Defendant, Dr. Clark, has filed a Motion to Revoke Plaintiff's *In Forma Pauperis* Status and Defer Filing of Responsive Pleading, as well as an Appendix of Exhibits in support of that motion. In that motion, Dr. Clark presents documentation that on at least 12 occasions prior to 1998, this Plaintiff (John Richard Jae) has had federal actions or appeals dismissed as frivolous. Defendant is seeking to have Plaintiff's *in forma pauperis* status revoked pursuant to 28 U.S.C. § 1915(g). Section 1915(g) (commonly referred to as the three-strikes provision) provides:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3

Defendants have also presented documentation that in three separate cases filed by the Plaintiff in 1998, this Honorable Court revoked Plaintiff's *in forma pauperis* status and then dismissed Plaintiff's claims after he failed to pay the full filing fee. Moreover, earlier this year, in <u>Jae v. Lasky</u>, Civil Action No. 1:CV-99-1610, Magistrate Judge Smyser issued a Report and Recommendation granting Defendant Lasky's Motion to Revoke Plaintiff's *In Forma Pauperis* Status.

Given the Plaintiff's repeated abuses of the judicial system by filing frivolous lawsuits arising out of the conditions of his confinement, Defendant contends that this Honorable Court should refrain from adjudicating Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction until Defendant's Motion to Revoke Plaintiff's *In Forma Pauperis* Status and Defer Filing of Responsive Pleading has been decided. As set forth in Section III(B) of this Brief, Plaintiff has not, and cannot allege that he is under the requisite imminent danger of serious physical injury in order to avoid application of the three strikes provision. Moreover, Plaintiff has already litigated the constitutionality of application of the three-strikes provision and this Honorable Court has ruled adverse to Plaintiff's position on that issue. In the event that Plaintiff's *in forma pauperis* status is revoked (as it must be pursuant to 28 U.S.C. § 1915(g)), then Plaintiff's request for injunctive relief is not properly before the Court at this time.

4

**B.    THE PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF OR A TEMPORARY RESTRAINING ORDER AGAINST THE DEFENDANT.**

1.    Standard for Injunctive Relief and/or Temporary Restraining Order

The standard for a preliminary injunction is the same as that for ruling on a temporary restraining order. Bieros v. Nicola, 857 F. Supp. 455, 456 (E.D. Pa. 1994). Injunctions may issue in only exceptional and extraordinary circumstances. Frank's GMC Truck Center v. General Motors Corp., Inc., 847 F.2d 100, 102 (3d Cir. 1988). The grant or denial of a Motion for a preliminary injunction is within the sound discretion of the district judge. Kershner v. Mazurkiewicz, 650 F.2d 440, 443 (3d Cir. 1982). A preliminary injunction is not granted as a matter of right. Kershner, 670 F.2d at 443, citing Eli Lilley & Company v. Premo Pharmaceutical Laboratories, Inc., 630 F.2d 120, 136 (3d Cir.), cert. denied, 449 U.S. 1014 (1980). The moving party must demonstrate: (1) the likelihood of success on the merits; (2) irreparable harm; (3) the possibility to harm to other interested persons from the grant or the denial of the injunction; and (4) the public interest. Acierno v. New Castle County, 40 F.3d 645, 652 (3d Cir. 1994), E.C.R.I. v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987); In Re: Arthur Treacher's Franchisee Litigation, 689 F.2d 1137, 1143 (3d Cir. 1982). Furthermore, "when the preliminary injunction is directed not merely at preserving the status quo but...at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980).

5

"A failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." Arthur Treacher's, 689 F.2d at 1143. To prove irreparable injury, establishing a risk of irreparable harm is not enough to justify a preliminary injunction. Plaintiff has the burden of proving a clear showing of immediate, irreparable injury as opposed to a possibility of future harm. Continental Group, Inc. v. Amoco Chemical Corp., 614 F.2d 351, 359 (3d Cir. 1980). The "requisite feared injury or harm must be irreparable - not merely serious or substantial" and it "must be of a peculiar nature, so that compensation of money cannot atone for it." E.C.R.I., 809 F.2d at 226, citing Glasco v. Hills, 558 F.2d 179, 181 (3d Cir. 1977).

In addition, it has been held that a constitutional harm is not necessarily synonymous with irreparable harm needed for the issuance of a preliminary injunction. Hohe v. Casey, 868 F.2d 69, 73 (3d Cir.), cert. denied, 493 U.S. 848 (1989). The standard remedy for a violation of 42 U.S.C. §1983 is compensatory damages. Hohe, 866 F.2d at 73, n.6. "To the extent that Congress intended that awards under Section 1983 should deter the deprivation of constitutional rights, there is no evidence that it meant to establish a deterrent more formidable than that inherent in the award of compensatory damages." Hohe, 868 F.2d at 73, n.6, quoting Carey v. Piphus, 435 U.S. 247 (1978).

In this case, Plaintiff is not seeking injunctive relief to preserve the status quo during the litigation. Rather, Plaintiff is seeking mandatory relief in the form of a court

6

order:  precluding his placement in a special management unit; directing his release

from the restricted housing unit (disciplinary custody); and placing him in a special

needs unit or state hospital.  Defendant, Dr. Clark, contends that Plaintiff has not and

cannot meet his heavy burden of proof to establish entitlement to injunctive relief under

the circumstances of this case.  Thus, Plaintiff's Motion for a Temporary Restraining

Order and/or an Expedited Preliminary Injunction must be denied as a matter of law.

    2.  <u>Plaintiff cannot establish a likelihood of prevailing on the merits.</u>

  In <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), the Supreme Court held that the Eighth

Amendment's prohibition against cruel and unusual punishment is violated by

"deliberate indifference to serious medical needs of prisoners." <u>Id.</u> at 104.  The <u>Estelle</u>

standard is two-pronged:  "[i]t requires deliberate indifference on the part of the prison

officials and it requires the prisoner's medical needs to be serious." <u>Farmer v. Carlson</u>,

685 F. Supp. 1335 (M.D. Pa. 1988).   The Supreme Court's decisions in <u>Hudson v.</u>

<u>McMillian</u>, 503 U.S. 1 (1992), <u>Wilton v. Seiter</u>, 501 U.S. 294 (1991) and <u>Whitley v. Albers</u>,

475 U.S. 312, 320 (1986) mandate that a plaintiff must show both the objective and

subjective components to succeed on Eighth Amendment-based civil rights claims.  This

standard applies to any of a variety of "conditions" claims including medical care,

which is the subject of the present action. <u>Wilson</u>, 501 U.S. at 303-4.  In <u>Farmer v.</u>

<u>Brennan</u>, 511 U.S. 825 (1994), the court clarified the definition of these components.

Following <u>Farmer</u>, prison officials will be liable in an Eighth Amendment conditions

7

case only if "the official knows of and disregards an excessive risk to inmate health or safety." Farmer, 114 S.Ct. at 1979.

Estelle found that prisoner complaints which are directed at the wisdom or quality of the medical care received will not state an Eighth Amendment violation under Section 1983, even if that treatment was so negligent as to amount to malpractice. Estelle, 429 U.S. at 107.  In Little v. Lycoming County, 912 F.Supp. 809, 815 (M.D. Pa. 1996), the district court explained that deliberate indifference is more than an inadvertent or good faith error, it is characterized by obduracy and wantonness.  The court went on to explain that prison medical authorities are given considerable latitude with respect to diagnosis and treatment of inmates.  Id.  "Courts will disavow any attempt to second guess the propriety or adequacy of a particular course of treatment... which remains a question of sound professional judgment."  Id.  "The key question... is whether defendants have provided plaintiff with some type of treatment, regardless of whether it is what plaintiff desires."  Id. at 816.  "Absent evidence of the requisite [mental] intent to establish indifference [a] plaintiff cannot sustain a Section 1983 action....".  Bednar v. County of Schuylkill, 29 F. Supp. 2d 250, 253-54 (E.D. Pa. 1998) (citations omitted).

In his pleadings filed to date, Plaintiff acknowledges that on June 6, 2000, he was sent to the Special Assessment Unit at SCI-Waymart for a mental health evaluation and recommendation.  Following his transfer back to SCI-Camp Hill, Plaintiff's prison

counselor, Lee Kerstetter, informed Plaintiff that the mental health professionals in the Special Assessment Unit at SCI-Waymart had recommended that inmate Jae be placed in the Special Management Unit for further treatment.  It is readily apparent from his motion that Plaintiff disagrees with the recommendation of the Special Assessment Unit team.  Such a disagreement between an inmate and the mental health professionals who are treating him is insufficient as a matter of law to establish a cognizable Eighth Amendment claim.  Thus, Plaintiff cannot establish a likelihood of prevailing on the merits and his request for injunctive relief must be denied as a matter of law.

3.    <u>Plaintiff cannot establish irreparable harm.</u>

In order to obtain injunctive relief, Plaintiff has the burden of proof of establishing a clear showing of immediate, irreparable injury as opposed to a possibility of future harm.  <u>Continental Group, Inc. v. Amoco Chemical Corp.</u>, 614 F.2d 351, 359 (3d Cir. 1980).  Based upon Plaintiff's own mental health records attached as an exhibit to the Department Defendants' response, it is patently obvious that Plaintiff cannot meet that burden of proof.  Therefore, Plaintiff's request for injunctive relief must be denied as a matter of law.

4.    <u>Balancing the possibility of harm to other interested persons from the grant or denial of the injunction.</u>

Plaintiff's request for injunctive relief is nothing more than an attempt to second-guess the report and recommendation of the Special Assessment Unit at SCI-Waymart which suggested that Plaintiff be placed in the Special Management Unit for further

9

treatment. Federal courts, however, are generally reluctant to second-guess medical judgments. Nottingham v. Pioria, 709 F.Supp. 542, 547 (M.D.Pa. 1988); Farmer v. Carlson, 685 F.Supp. 1335, 1341 (M.D.Pa. 1988). Considerable latitude is to be given to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients. Nottingham, 709 F.Supp. at 547. In his request for injunctive relief, Plaintiff is indeed asking this Honorable Court to second guess the medical judgment of the Special Assessment Unit and to take away the latitude that is afforded to them in treating the Plaintiff. This, of course, is inappropriate under the law. Moreover, a difference of opinion as to the best treatment or a particular treatment falls short of establishing a claim under the Eighth Amendment. Suarez v. Camden County Board of Chosen Freeholders, 972 F.Supp. 269, 276 (D.N.J. 1997); citing Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

Defendant, Dr. Clark, contends that the balancing of the respective interests militates in favor of denying Plaintiff's request for injunctive relief. Prison medical officials exercise their professional judgment in making treatment decisions affecting thousands of inmates in the state correctional system on a daily basis. The Eighth Amendment was not intended to provide a vehicle for inmates to pursue a civil action every time they disagree with a treatment decision. Moreover, absent a showing of deliberate indifference, the United States District Courts should not second guess the

10

professional judgments of prison medical officials with respect to the diagnosis and treatment of the mental health problems of inmate patients. It is readily apparent that the issuance of a temporary restraining order and/or an expedited preliminary injunction in this case will result in greater harm to the prison health care system than preserving the status quo.

      5.    <u>The public interest.</u>

Dr. Clark also contends that the denial of Plaintiff's request for injunctive relief will further the public interest. Pursuant to <u>Estelle v. Gamble</u>, 429 U.S. 97, 103 (1996), while public policy favors the availability of adequate health care and treatment for inmates, the federal courts are not intended to serve as a medical review board for the diagnosis and treatment of mental health problems of inmate patients. Our limited judicial resources cannot and must not be further taxed by allowing an inmate to pursue a civil remedy every time that he disagrees with a treatment decision or the placement in a prison program. Consequently, Plaintiff's Motion for a Temporary Restraining Order and/or Expedited Preliminary Injunction must be denied as a matter of law.

## IV.   <u>CONCLUSION</u>

For the reasons advanced herein, Defendant, Dr. Clark, respectfully requests that this Honorable Court refrain from adjudicating Plaintiff's Motion for Injunctive Relief until Defendant's Motion to Revoke Plaintiff's *In Forma Pauperis* Status and Defer Filing

of Responsive Pleading has been decided.   In the alternative, Defendant, Dr. Clark,

respectfully requests that this Honorable Court deny Plaintiff's Motion for Temporary

Restraining Order and/or Expedited Preliminary Injunction.

Respectfully submitted,

LAVERY, FAHERTY, YOUNG &
PATTERSON, P.C.

Date:____10|04|00_____          By:_____

James D. Young, Esquire
Attorney I.D. #53904
P.O. Box 1245
Harrisburg, PA  17108-1245
(717) 233-6633
Attorney for Defendant,
Dr. Robert Clark

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee of the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this _____4th_____ day of October, 2000, I served a true and correct copy of the foregoing BRIEF IN OPPOSITION TO PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF via U.S. First Class mail, postage prepaid, addressed as follows:

John Richard Jae **\*Legal Mail\***
Inmate #BQ-3219
SCI-Camp Hill
P. O. Box 200
Camp Hill, PA   17001-0200


Robert Wolff
Assistant Chief Counsel
PA Department of Corrections
P. O. Box 598
Camp Hill, PA   17001-0598

_Linda L. Gustin_
_____
Linda L. Gustin