1) Please the Judge Scanlon [?] [illegible]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### Harrisburg Division

(26)
10-6-00

JOHN RICHARD JAE,
   Plaintiff,

vs.

DR. ROBERT CLARK, et al.,
   Defendants.

Civil No. 1:CV-00-1090

U.S. District Judge Rambo
Magistrate Judge Smyser

FILED
HARRISBURG, PA
OCT 05 2000
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**PLAINTIFF'S REPLY BRIEF TO CORRECTIONS DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME**

COMES NOW, the Plaintiff and Pro Se Counsel in the above-entitled action, John Richard Jae, as a layman unlettered in the arts & sciences of the law & procedures within the United States & now pursuant to M.D.LR[?] this Court, files his Plaintiff's Reply Brief to Corrections Defendants' Brief in Opposition to Plaintiff's Motion for Enlargement of Time, here in, & who avers, [illegible]

Corrections Defendants claim & argue, that:

"Plaintiff's Motion is nothing more than a ploy to prolong this litigation in the hopes of getting relief in a suit that he was not entitled to bring in the first place." 1)

By way of response to the above — untrue & legally & factually claim/argument of Corrections Defendants, Plaintiff avers & submits, that such IS an out & out "lie", that, second of all, Plaintiff's Motion is [not] a ploy to prolong this litigation in the hopes of getting relief in a suit [he] was not entitled to bring in the first place, as, such Motion, as such states therein such and was brought for the reasons as stated and that this Plaintiff "was" entitled to bring this suit in the [first place] as he has a constitutional right to file suit against Defendants [who] violate the law & Plaintiff's constitutional rights, and that this Corrections Defendants' claim/argument that "Plaintiff's Motion is [nothing more] than a ploy, ect." IS mere speculation and IS specious, as Corrections Defendants offer nothing at all to support such legally & factually frivolous, specious, "lying" claim/argument of theirs here. [illegible]

Corrections Defendants also "lie" & claim & argue, that:

"Plaintiff was not entitled to bring this suit on an in forma pauperis basis. His in forma pauperis status was revoked in other cases in this Court due to his record of frivolous litigation. His representation to the Court in his motion for in forma pauperis status, that he was entitled to this status, was false. If plaintiff had been honest and disclosed to this court that his in forma pauperis motion had been previously revoked in other cases, it is doubtful that this Court would have granted plaintiff in forma pauperis status to maintain this suit." 2/

Plaintiff, by way of reply to the above untrue & legally & factually improbable & specious claims and arguments of Corrections Defendants, avers & submits that the plaintiff was & is entitled to bring this suit on an in forma pauperis by law, (28 U.S.C. § 1915(g)), as he claimed & set forth facts showing that he was in danger of imminent serious physical injury; that, second of all, representation to the Court in his motion for in forma pauperis status, that entitled to this status, "was" "not" false, but "was" & "is" true, & Corrections Defendants fail to offer any evidence at all other then their claim & "lies", that such was false and what's more is that Corrections Defendants claim/argument here ignores the "fact" that by law (28 U.S.C. § plaintiff can have thousands of prior suits dismissed as frivolous for failure to state a claim upon which relief can be granted, and he shows that he is under danger of imminent serious physical "is" entitled to bring all of the suits he want in this Court in forma and Corrections Defendants in their Motion to Revoke plaintiff's forma pauperis status and brief in support [of] in their brief to plaintiff's motion for enlargement of time, do "not" challenge nor the facts which this plaintiff alleged as to why he is under imminent danger of physical injury "was" & "is" untrue, nor do they offer at all proving such is untrue; that, third of all, plaintiff did "not" disclose to this court in his in forma pauperis motion, that this motion had been previously revoked in other cases, no, all that do was state that, yes, he has had three or more prior suits dismissed frivolous or for failure to state a claim upon which relief can be granted and facts that he is under imminent danger of serious physical injury, and that the pl-

do, herein, and thus he "has" been completely and fully honest herein to this court, and that, fourth of all, Corrections Defendants' claim/argument, that "If plaintiff had been honest and disclosed to this court that his In forma pauperis motion had been previously revoked in other cases, it is doubtful that this court would have granted Plaintiff In forma pauperis status & maintain this suit," "is" nothing more than mere unsubstantiated speculation of Corrections Defendants, herein, and that Corrections Defendants offer nothing showing that such claim/argument of theirs here is true.

Corrections Defendants also "re" $ claim & argue, that:

"In the Appendix to Corrections Defendants' Motion to Revoke Plaintiff's In Forma And to Defer Filing of Responsive Pleading to Plaintiff's Amended Complaint ("Corrections Defendants' Appendix"), the corrections defendants provided the court with an adequate basis for revoking Plaintiff's in forma pauperis status." §/

By way of Reply to the above-frivolous & specious claim and argument of Corrections Defendants, plaintiff avers & submits, that, first of all, Corrections Defendants' Appendix does "not" provide this court with an adequate basis for revoking Plaintiff's In Forma Pauperis status. What's more Corrections Defendants fail to show and/or argue any at all showing how their Appendix provides an adequate basis for court to revoke Plaintiff's In Forma Pauperis, and, second of all, such argument ignores the law surrounding In forma pauperis status and, by law, all Plaintiff has to do is show that he is in imminent danger of serious physical injury and he can proceed In forma pauperis in federal court, and that he "has" done so herein and thus Defendants' arguments here "must," as a matter of law, fail.

Corrections Defendants also "re" $ claim & argue, that:
"In the cases giving rise to the decisions contained in Corrections Defendants' Appendix, plaintiff made every conceivable argument in which he could oppose revocation of his in forma pauperis status. The opinions in these cases comprehensively dealt with the issues raised by plaintiff. It is doubtful that plaintiff can come up with any new arguments, especially considering his pro se status. The additional time sought by plaintiff will, in all likelihood, yield no new and different arguments than those previously

§/ See Corrections Defendants' Brief in Opposition to Plaintiff's Motion for Enlargement of Time, at 2.

"17)
By way of reply to such legally frivolous & specious claim & argument of Corrections Defendants, Plaintiff avers & submits, that, First of all, Plaintiff did "not" make every conceivable argument in which he could offer in reference of his in forma pauperis status in the cases giving rise to the decisions contained therein ~~Corrections Defendants' Appendix~~ he only made arguments challenging the constitutionality of PLRA in such cases; and, Second of all, giving the fact(s) the court did "not" address all of the Plaintiff's challenges/arguments he raised in his pleadings in such cases in its opinions in such cases, such opinions in those cases did "not" completely deal with the issues raised by the Plaintiff therein such cases; and, third of all, since this Plaintiff will "not" be arguing anything to the constitutionality of the PLRA herein this case ot [sic] additional time sought by Plaintiff will, in all likelihood, raise new and different arguments than those previously raised. Corrections Defendants also "no" & claims argue that

"Finally, the reasons asserted by Plaintiff for the need for his extension are either specious or belied by the record. Plaintiff, who is confined in the RHU, has little or no property in his current possession that needs to be packed up for his transfer. It is the staff at SCI-Camp Hill, not Plaintiff, who is responsible for his transfer. Plaintiff simply needs to get on the bus."18)

By way of reply to the above-factually frivolous & specious claim of Corrections Defendants, Plaintiff avers & submits, that, First of all, the reasons asserted by the Plaintiff for the need for his extension are "not" specious and are "not" belied by the record, as, Plaintiff "has", in fact, been denied access to the RHU mini Law Library here, a fact which Defendants do "not" counter nor dispute and in as far as Plaintiff states he needs such extension as he is getting ready to be transferred to another state prison within the next several weeks Plaintiff is referring to how it will take several weeks at least for his legal & other personal property to arrive at his new state

Corrections Defendants also "8" & claim & argue, that, "His claim of being denied access to legal materials is contradicted by his Motion for Temporary Restraining Order And/Or An Expedited Preliminary Objection ("TRO/E Motion") filed in this case. Notwithstanding his claims of restrictions, Plaintiff was able to file that motion, an affidavit and a brief in support that was replete with citations. Clearly, Plaintiff has access to all the legal resources required to frame a response to Corrections Defendants' Motion To Revoke Plaintiff's In Forma Pauperis Status And To Defer Filing Of Responsive Pleading To Plaintiff's Amended Complaint." 9/

By way of response to such above-claim/argument of Corrections Defendants, Plaintiff avers & submits that, first of all, Plaintiff's request for an enlargement of time because he has been denied his legal materials and court case files in this case, is now moot, as on September 29, 2000, Plaintiff received his legal materials and court case file in this case here, therefore Corrections Defendants' above-claim/argument is likewise moot; that, second, even if the above were not so, Corrections Defendants' above-claim/argument would still fail, because just because the Plaintiff has legal resources necessary to prepare one motion and does "not" automatically mean that he has the necessary legal resources/materials needed to file a different kind of motion/brief, as what he needs for one motion/brief may very well be totally different than what he needs to file another motion/brief, as was the case herein.

Corrections Defendants also "9" & claim & argue, that: "This Court has been overly generous to Plaintiff in opening its doors to him. Plaintiff repaid this court with frivolous suits and false representations. Plaintiff is not entitled to further indulgences and Plaintiff's motion should be denied." 10/

However, by way of reply to such frivolous and specious judicial claim and argument of Corrections Defendants, Plaintiff avers & submits, that, the records in the cases which Plaintiff has filed in this court, belies & disproves Corrections Defendants' claim/argument here, as not one time in any of such ten (10) or so cases, has this court ever stated nor that any of such cases are a frivolous suit, nor has this court ever held that this Plaintiff has ever once misrepresented the facts of such cases & Corrections Defendants' counsel knows such is not true at all, and he has committed fraud and has made false representations to court by stating such.

Correction, Defendants also claim & argue that:

"Plaintiff asks for an enlargement of sixty (60) days at one point in his motion and then asks that November 27, 2000 be set as the due date for his response, which would be a thirty day extension under plaintiff's calculations." 1)

However, in reply to such ludicrous, specious & frivolous claim/argument Corrections Defendants, plaintiff avers & submits, that, in his Motion for Enlargement of time, plaintiff requests an enlargement of time of sixty (60) days September 27, 2000, which any second grader can tell you is Nov. 27, 2000, and not only thirty days as Corrections Defendants errone. claim and even a moron knows this.

In n.1, of their Brief in Opposition to Plaintiff's Motion for Enlargement of Time, Corrections Defendants also claim & argue, that:

"Plaintiff admits that Corrections Defendants' Motion was served on September 8, 2000. Motion at 5. Plaintiff's response would be due on September 25, 2000 (ten business days from September 8, 2000, plus three days for service by mail). Plaintiff contends that he received the Corrections Defendants' Motion on September 12. Id. It is unclear how he comes to calculate September 27, 2000 as the due date for his response, since ten business days from his alleged receipt of the Corrections Defendants' Motion would fall on September 25, 2000."

However, by way of response to such frivolous & specious claim/arg Corrections Defendants, plaintiff avers & submits, that, first of all, in No. 5 of his motion for enlargement of time, herein, this plaintiff now admits that Corrections Defendants' Motion was served on him on Sept. 8, 2000, although he does contend (what is true) therein, that such M actually received by him on September 12, 2000, here, and that, second ten business days from September 12, 2000, "is" indeed Septemb 2000 (plaintiff did mistakenly calculate this as September 27, 2000 and adding the three extra days for service by mail and the actu date for the plaintiff's reply to such motion "is" September 29, September 25, 2000, as Corrections Defendants "is" & claim.

Corrections Defendants also "is" & claim & argue, that:

"Plaintiff raised these same allegations in another case pending before this court. See ___ DeLoy, et al., Civil Action No. 1: CV-99-007. As Defendants therein showed, his claims of denial of access to legal property were unfounded and reflected plaintiff unwillingness

confinement. For the Court's benefit, Corrections Defendants are including as an Appendix to this brief, the filings defendants made in Joe K. Dr. Long, et al., Civil Action No. 1:CV-99-0071 showing the baselessness of Plaintiff's claims of denial of access to his legal property." 12/

However, by way of reply to such frivolous, specious & untrue claim/argument of Corrections Defendants, Plaintiff avers & submits that, first of all, Defendants have "not" showed in Joe vs. Dr. Long, et al., Civil No. 1:CV-99-0071, Plaintiff's claims of denial of access to legal property were unfounded, given what this Plaintiff alleged & argued therein his Plaintiff's Reply Brief To Major Frank Tennis' Response And Opposition To Plaintiff's Motion For Order Directing SCI-Camp Hill Prison Officials To Return Plaintiff's Law Books And Court Case Files To Him, which this Plaintiff now hereby incorporates herein by reference hereunto the same, and this has "not" ruled that Plaintiff's claims of denial of access to legal property were unfounded nor that Defendants showed therein such case and thus Defendants are "not" entitled to such argument herein this case, nor had Defendants showed in such case that such reflected Plaintiff's unwillingness to abide by the requirements associated with his confinement—and this "is" prison officials who have shown therein unwillingness to abide by & follow mandatory Dept. of Corrections policies associated with Plaintiff's confinement here, and that, second of all, Corrections Defendants "have" violated Fed. R. Civ. P., Rule 5 & M.D. LR 4-2 of this Court, by "not" serving a copy of such Appendix to Corrections Defendants' Brief In Opposition To Plaintiff's Motion For Enlargement of Time herein, upon this Plaintiff, this Court, by law, is "not" permitted to review nor consider such documents & must order such stricken from the record of this here case, and third of all, such claim of denial of access to legal property of Plaintiff are "not" baseless.

Corrections Defendants also "try" & claim & argue that = "Plaintiff's claim of the need for legal research should be considered with equal skepticism... first of all, Plaintiff could have avoided this [sic] the legal research by being cognizant of the Corrections Defendants position... Clearly, Plaintiff has access to legal research

12/ See Corrections Defendants [illegible]

resources as reflected by the brief he filed in support of his TRO/PI Motion. More importantly, plaintiff has already faced similar motions in the cases relied upon in Corrections Defendants' Motion. He filed lengthy briefs in those cases complete with extensive case citation. Thus, plaintiff has already conducted his legal research on the issues presented by Corrections Defendants' Motion. Whatever supplementary research needed could have been conducted in the time plaintiff originally had to file his response to Corrections Defendants' motion." 13/

However, by way of reply to such frivolous, specious and untrue claims by Corrections Defendants, plaintiff avers & submits that, first of all, just how could he have conducted his legal research following receipt of the Corrections Defendants' Motion, when, as he states therein paragraph No. 7 of his Motion for Enlargement of Time, herein, the Prison RHU Lieutenant and Officers would not allow him to go to & use the Prison's RHU main law library here to do such legal research, a fact which Corrections Defendants fail to even dispute in their brief; that, second of all, plaintiff does offer an explanation as to why he did not do so in paragraph No. 7 of his Motion For Enlargement of Time, to-wit, that the Prison RHU Lieutenant and Officers would not let him go to & use the Prison's RHU Library here to do such legal research; that, third of all, as already argued & set forth herein, supra, at __, just because he has access to legal research resources necessary to prepare a certain one motion and/or brief, etc., does "not" necessarily auto mean that he also has the necessary legal research resources to prepare and file a different kind of motion, brief, etc., as what he needs to prepare & file one type of motion and/or brief may be totally different than what he needs to prepare & file a different kind of motion and/or brief, etc., as is the case here, as when he prepared his Motion For A Temporary Restraining Order & An Expedited Preliminary Injunction and Brief In Support, herein, he had an Prisoners' Self-Help Litigation Manual which he had in his possession to enable him to do so, however, for his Reply Brief In Opposition to Corrections Defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status &

such shop and operator and Legal Treatises Books are in the ___ Mini Law Library Books here; that, fourth of all, as he already has set forth & argued herein, supra, at ___, Plaintiff, in such other cases only challenged the constitutionality of the PLRA, however herein this instant case, he will not be doing so and will ___ making new/different arguments herein, in response to Corrections Defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status ___ Defendants' of Responsive Pleading to Plaintiff's Amended Complaint and therefore such legal research, trips to the Prison's RHU Mini Law Library here is necessary before Plaintiff can file his Reply ___ to such Defense Motion, herein this case, and thus this Plaintiff "not" already conducted his legal research on the Issues presented ___ Corrections Defendants' Motion, herein, and that, fifth of all, ___ how could Plaintiff have conducted such supplementary legal ___ needed in the time he originally had to file his Response to Corrections Defendants' Motion, when the Prison's RHU ___ and Officers would "not" allow him to go to & use the Prison's ___ Law Library at all during such time period here?

Corrections Defendants also "lie" & claim & argue that "There is neither a factual or legal basis for Plaintiff's Motion."

However, by way of Reply to such specious, frivolous & untrue claim, Corrections Defendants, Plaintiff avers & submits, that, based upon ___ had set forth in such Motion for Enlargement of Time and also what he sets forth and argues, herein this Reply Brief, that "IS" most certain a factual and a legal basis for such Plaintiff ___

Finally, Corrections Defendants request:

"that the court deny Plaintiff's Motion and revoke his In ___ Pauperis Status." [5/]

However, in response to such, Plaintiff avers & submits, ___ this court to do so would illegally deny Plaintiff his right ___ to Corrections Defendants' Motion to Revoke Plaintiff's ___

Pauperis Status And To Defer Filing Of Responsive Pleading To Plaintiff's Amended Complaint and would leave such unopposed, herein, which would be especially egregious since such Defendants' Motion is frivolous and by law must be denied, herein, and that this Court should "Not" do:=

(W)HEREFORE, this Court should grant Plaintiff's Motion For Enlargement of Time, In Full, herein this case:=

RESPECTFULLY SUBMITTED:=

(s) ___John Richard Jae___
MR. JOHN RICHARD JAE
Plaintiff and Pro Se Counsel

MR. John Richard Jae
#BQ-3019
SCI-Camp Hill
P.O. Box 200
Camp Hill, PA-17001-02

Dated:= 1st OCTOBER 2000:=