

PM
10/10/00

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RICHARD JAE, | : | CIVIL NO. 1:00-CV-1090 |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Smyser) |
| DR. ROBERT CLARK, MARTIN L. DRAGOVICH, JOHN A. PALAKOVICH, ROBERT N. NOVOTNEY, MICHAEL J. KAZOR, and JOHN ANDRADE | : | |
| Defendants | : | |

FILED
HARRISBURG, PA
OCT 0 6 2000
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

<u>ORDER</u>

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on June 5, 2000.

The only defendant named in the complaint is Dr. Robert Clark, identified as the Chief Psychiatrist at the State Correctional Institution at Camp Hill (SCI-Camp Hill). The plaintiff alleged in the complaint that he has a long history

of mental illness and that he had been taking different kinds of anti-psychotic medications since 1969. (Complaint at ¶21). The plaintiff alleges that on January 12, 1999, defendant Clark took the plaintiff off anti-psychotic medications. *Id.* The plaintiff alleges that he had a mental health relapse in February of 2000 and that he attempted suicide on April 23, 2000, and April 24, 2000. *Id.* at ¶16. The plaintiff alleges that despite these events, defendant Clark refused to put the plaintiff back on psychiatric medication or to have him committed to a psychiatric facility. *Id.* Rather, the plaintiff alleges, on April 24, 2000 defendant Clark, without having examined Jae, had Jae placed in hand cuffs, a black box and a waist chain with a pad lock in his cell in the Restricted Housing Unit (RHU) at SCI-Camp Hill. *Id.* at ¶¶1-2. The plaintiff alleges that as a result of the handcuffs, black box, waist chain and pad lock, he was unable to eat normally and had to eat with his mouth like a dog, that he was unable to sleep, that he had extreme difficulty urinating and ended up urinating on himself and that he did not move his bowels. *Id.* at ¶¶8-10. The plaintiff remained under such conditions until April 27,

2

2000, when defendant Clark ordered the handcuffs, black box, waist chain and pad lock removed. *Id.* at ¶4. The plaintiff alleges that, as a result of being in the handcuffs, black box, waist chain and pad lock from April 24th to April 27th, he suffered extreme and unnecessary mental anguish and physical pain to his hands, wrists, arms and shoulders, including scars on his wrists and a lack of feeling in his left hand. *Id.* at ¶¶11-12.

The plaintiff alleges that since April 27, 2000 he still has thoughts of killing himself. *Id.* at ¶17. He alleges that he has requested treatment for his mental illness from defendant Clark and other prison staff but that he has been denied treatment. *Id.* at ¶19. The plaintiff alleges that defendant Clark still refuses to place him back on anti-psychotic medication or have him committed to a psychiatric facility for evaluation and treatment. *Id.* at ¶20. The plaintiff alleges that he is in imminent danger of serious physical injury because he remains at risk of harming or killing himself. *Id.* at ¶28.

3

AO 72A

The plaintiff claims that defendant Clark's failure to treat his mental illness violates the Eighth Amendment and the Pennsylvania Constitution and is medical malpractice and negligence.

The plaintiff filed an application to proceed *in forma pauperis*. In his application the plaintiff acknowledged that he has had three or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. (Doc. 2, Question 3). The plaintiff states in the application that he is under imminent danger of serious physical injury because he is at risk or harming or killing himself due to his mental illness for which he is not receiving treatment. (Doc. 2, Question 3(b)). By an Order dated June 21, 2000, the plaintiff's application to proceed *in forma pauperis* was granted.

On August 3, 2000, the plaintiff filed an amended complaint. The amended complaint added as defendants: Martin

4

L. Dragovich, the Superintendent at SCI-Camp Hill; John A. Palakovich, the Deputy Superintendent for Centralized Services at SCI-Camp Hill; Robert N. Novotney, the Deputy Superintendent for Facilities Management at SCI-Camp Hill; Michael J. Kazor, Inmate Program and Classification Manager at SCI-Camp Hill; and John Andrade, Hearing Examiner at SCI-Camp Hill.

The plaintiff alleges that he has been in the RHU at SCI-Camp Hill under disciplinary custody since November of 1999. (Amended Complaint at ¶8). He alleges that his mental illness causes him to act out and misbehave. *Id.* at ¶13. He alleges that in February, April, May and June of 2000, defendant Andrade found the plaintiff guilty of various misconducts and sanctioned him to disciplinary custody status even though such misconducts were a result of the plaintiff's mental illness. *Id.* at ¶¶9-10. The plaintiff alleges that despite being aware of the plaintiff's mental illness, defendants Dragovich, Palakovich, Novotney and Kazor left the plaintiff confined in the RHU on disciplinary status. *Id.* at

5

¶11. The plaintiff alleges that the officers in the RHU tease and aggravate him. *Id.* at ¶12.

The plaintiff alleges that on June 6, 2000, he was sent to the Special Assessment Unit at the State Correctional Institution at Waymart for a mental health evaluation. *Id.* at ¶17. He was returned to SCI-Camp Hill on July 18, 2000. *Id.* at ¶18. The plaintiff alleges that although he has not seen the report from SCI-Waymart he has been told that the report recommends that the plaintiff be placed in the Special Management Unit (SMU). *Id.* at ¶19. The plaintiff alleges that placement in the SMU would be unlawful given his history of mental illness. *Id.* at ¶20.

On September 8, 2000, defendants Dragovich, Palakovich, Novotney, Kazor and Andrade filed a motion to revoke the plaintiff's *in forma pauperis* status and to defer filing a responsive pleading to the plaintiff's amended complaint. Also on September 8, 2000, defendants Dragovich, Palakovich, Novotney, Kazor and Andrade filed a brief in support of that

6

AO 72A

motion. On September 27, 2000, the plaintiff filed a motion for a sixty-day extension of time to file a brief in opposition to the motion to revoke his *in forma pauperis* status. By an Order dated October 2, 2000, the plaintiff's motion for that extension of time was denied.

28 U.S.C. §1915(g) (commonly referred to as the three-strikes provision) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because the plaintiff has had at least three cases or appeals dismissed as frivolous, malicious or for failure to state a claim, *see Doc. 2*, he may not proceed *in forma pauperis* in this action unless he is under imminent danger of serious physical injury. In his application to proceed *in forma*

7

*pauperis*, the plaintiff alleged that he was under imminent danger of serious injury because he was suicidal. *Id.*

In *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997), the United States Court of Appeals for the Third Circuit addressed the imminent danger element of the three-strikes provision. The court held and reasoned:

> We hold, therefore, that a complaint alleging imminent danger – even if brought after the prior dismissal of three frivolous complaints - must be credited as having satisfied the threshold criterion of § 1915(g) unless the "imminent danger" element is challenged. If the defendant, after service, challenges the allegations of imminent danger . . . the district court must then determine whether the plaintiff's allegation of imminent danger is credible, as of the time the alleged incident occurred, in order for the plaintiff to proceed on the merits i.f.p. Of course, if the defendant disproves the charge that the plaintiff was placed in imminent danger at the time of the incident alleged, then the threshold criterion of § 1915(g) will not have been satisfied and the plaintiff may not proceed absent the payment of the requisite filing fee. We emphasize that the proper focus when examining an inmate's complaint filed pursuant to § 1915(g) must be the imminent danger faced by the inmate at the time of the alleged incident, and not at the time the complaint was filed.

8

> In resolving a contested issue of imminent danger, the district court may rely upon evidence supplied by sworn affidavits or depositions, or, alternatively, may hold a hearing.

*Id.* at 86-87 (footnote omitted).

Defendants Dragovich, Palakovich, Novotney, Kazor and Andrade argue that the plaintiff's *in forma pauperis* status in the instant case should be revoked because the plaintiff has had more than three actions dismissed as frivolous, malicious or for failure to state a claim upon which relief can be granted and because in prior cases in this court the plaintiff's *in forma pauperis* status has been revoked. Defendants Dragovich, Palakovich, Novotney, Kazor and Andrade, in a footnote in their brief, state that the plaintiff has not alleged that he is in imminent danger of serious physical injury. This is not correct. In both his complaint and in his application to proceed *in forma pauperis*, the plaintiff alleged that he was in imminent danger of serious physical injury because he is suicidal. Although not explicitly challenging that assertion, by bringing a motion to revoke the plaintiff's

9

*in forma status* we conclude that defendants Dragovich, Palakovich, Novotney, Kazor and Andrade have constructively challenged the plaintiff's assertion of imminent danger. Since the issue of imminent danger is contested, the court must resolve the issue. We will order the parties to submit evidence and further briefing on the issue.

AND NOW, this 6th day of October, 2000, **IT IS HEREBY ORDERED** that within fifteen days of the date of this Order defendants Dragovich, Palakovich, Novotney, Kazor and Andrade shall file any relevant evidence they wish concerning the issue of imminent danger and a supplemental brief in support of their motion. Within fifteen days after the filing of the brief and evidence by defendants Dragovich, Palakovich, Novotney, Kazor and Andrade, the plaintiff shall file any relevant evidence he wishes concerning the issue of imminent danger and a brief in

opposition to the motion to revoke his *in forma pauperis* status.

                                                                                _____
                                                                                J. Andrew Smyser
                                                                                Magistrate Judge

Dated: October 6, 2000.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

October 6, 2000

Re:  1:00-cv-01090    Jae v. Clark

True and correct copies of the attached were mailed by the clerk to the following:

```
John Richard Jae
SCI-Camp Hill
#BQ-3219
P.O. Box 200
Camp Hill, PA  17001-0200

James D. Young, Esq.
LAVERY, FAHERTY, YOUNG & PATTERSON, P. C.
P. O. Box 12465
Harrisburg, PA  17108-1245      Fax No.: 717-233-7003

Robert M. Wolff, Esq.
PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011-8028
```

```
cc:
Judge                             ( )
Magistrate Judge                  (✓)
U.S. Marshal                      ( )
Probation                         ( )
U.S. Attorney                     ( )
Atty. for Deft.                   ( )
Defendant                         ( )
Warden                            ( )
Bureau of Prisons                 ( )
Ct Reporter                       ( )
Ctroom Deputy                     ( )
Orig-Security                     ( )
Federal Public Defender           ( )
Summons Issued                    ( ) with N/C attached to complt. and served by:
                                      U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5               ( )
Order to Show Cause               ( ) with Petition attached & mailed certified mail
                                      to:  US Atty Gen  ( )   PA Atty Gen ( )
```

```
Bankruptcy Court        ( )        DA of County ( )   Respondents ( )
Other_____ ( )
                                              MARY E. D'ANDREA, Clerk

    DATE: _____10/6/00_____           BY: _____878_____
                                           Deputy Clerk
```