IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, <br> Plaintiff <br><br> v. <br><br> ROBERT CLARK, MARTIN L. DRAGOVICH, JOHN A. PALAKOVICH, ROBERT N. NOVOTNEY, MICHAEL J. KAZOR, and JOHN ANDRADE, <br> Defendants | NO. 1:00-CV-1090 <br><br> CHIEF JUDGE SYLVIA H. RAMBO <br> (MAGISTRATE JUDGE SMYSER) <br><br> JURY TRIAL DEMANDED |

FILED
HARRISBURG, PA
OCT 1 0 2000
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## DEFENDANT, DR. CLARK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES

AND NOW, comes Defendant, Dr. Robert Clark, by and through his attorneys, Lavery, Faherty, Young & Patterson, P.C., and files this Motion to Dismiss Plaintiff's Complaint for Failure to Exhaust Available Administrative Remedies and in support thereof, avers as follows:

1. On June 5, 2000, John Richard Jae, a *pro se* prisoner at the State Correctional Institution-Camp Hill (hereinafter "SCI-Camp Hill") initiated this civil action by filing a Complaint against Dr. Robert Clark pursuant to 42 U.S.C. § 1983 arising out of the medical care which he received at that facility.

2.	On August 3, 2000, the Plaintiff filed an Amended Complaint naming Martin L. Dragovich, John A. Palakovich, Robert N. Novotney, Michael J. Kazor, and John Andrade as additional defendants.

3.	By Order dated August 9, 2000, this Honorable Court directed the Clerk of Court to serve Plaintiff's Amended Complaint on the new defendants in accordance with Fed.R.Civ.P. 4.

4.	Plaintiff's Amended Complaint was also served on the original Defendant, Dr. Clark, via Waiver of Service of Summons dated August 14, 2000.

5.	Congress has enacted legislation requiring all inmates in all prisons to exhaust administrative remedies before they can file a claim pursuant to 42 U.S.C. § 1983. That legislation, 42 U.S.C. § 1997(e)(a) reads in pertinent part as follows:

> "No action shall be brought with respect to prison conditions under § 1979 of the revised statutes of the United States (42 U.S.C. § 1983) or any other federal law by a prisoner confined in any jail, prison or any other correctional facility until such administrative remedies as are available are exhausted."

6.	The Pennsylvania Department of Corrections has adopted a Consolidated Inmate Grievance Review, DC-ADM804 (effective October 20, 1994). With certain exceptions, DC-ADM804 § VI provides that after attempted informal resolution of the problems, a written grievance may be submitted to the Grievance Coordinator. An appeal from the Coordinator's decision may be made in writing to a Facility Manager,

Community Corrections Regional Director, and a final written appeal may be presented to the Central Office Review Committee. If the grievance concerns an alleged medical problem, any appeal must be taken to the Central Office Medical Review Committee.

7. Plaintiff's Complaint against Moving Defendant, Dr. Clark, relates to prison conditions, i.e. the mental health treatment provided to Plaintiff while he was incarcerated at SCI-Camp Hill. Nowhere in his Complaint, however, does Plaintiff allege that he had exhausted the administrative remedies available at SCI-Camp Hill prior to initiating this lawsuit.

8. Under § 3626(g)(2) of the Prison Litigation Reform Act, the term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of prisoners confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

9. Plaintiff's Complaint against Moving Defendant, Dr. Clark, must be dismissed as a matter of law for failure to exhaust available administrative remedies.

WHEREFORE, Defendant, Dr. Robert Clark, respectfully requests this Honorable Court dismiss Plaintiff's Complaint for failure to exhaust available administrative remedies and enter the accompanying Court Order.

3

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.

Date: 10/10/2000     By: _____
　　　　　　　　　　　　　James D. Young, Esquire
　　　　　　　　　　　　　Atty No. 53904
　　　　　　　　　　　　　301 Market St., Suite 800
　　　　　　　　　　　　　P.O. Box 1245
　　　　　　　　　　　　　Harrisburg, PA 17108-1245
　　　　　　　　　　　　　Attorney for Defendant,
　　　　　　　　　　　　　Dr. Robert Clark

4

## CERTIFICATE OF SERVICE

I, Linda L. Gustin, an employee of the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this _10th_ day of October, 2000, I served a true and correct copy of the foregoing MOTION TO DISMISS PLAINTIFF'S COMPLAINT via U.S. First Class mail, postage prepaid, addressed as follows:

John Richard Jae *Legal Mail*
Inmate #BQ-3219
SCI-Camp Hill
P. O. Box 200
Camp Hill, PA  17001-0200


Robert Wolff
Assistant Chief Counsel
PA Department of Corrections
P. O. Box 598
Camp Hill, PA  17001-0598

　　　　　　　　　　　　　　　　　_Linda L. Gustin_
　　　　　　　　　　　　　　　　　Linda L. Gustin