IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
Harrisburg Division

JOHN RICHARD JAE,
    Plaintiff,

vs.

DR. ROBERT CLARK, et al.,
    Defendants.

Civil No. 1=CV-00-1090

U.S. District Judge Rambo
Magistrate Judge Smyser

FILED
HARRISBURG
OCT 30 2000
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

## MOTION FOR ORDER ALLOWING PLAINTIFF TO REVIEW AND COPY HIS PRISON PSYCHIATRIC/MENTAL HEALTH RECORDS

COMES NOW, the Plaintiff & Pro Se Counsel in the above-entitled Action, John Richard Jae, as a Layman & Lettered & Unlettered in the Arts & Sciences of the Laws & Legal Procedures within the United States, in the above-entitled Civil Action & moves this Court for an Order Allowing Plaintiff to Review And Copy His Prison Psychiatric/Mental Health Records, & avers, deposes & states:

1. That, based upon & for the reasons & arguments, as stated in the Brief In Support of Motion For Order Allowing Plaintiff to Review And Copy His Prison Psychiatric/Mental Health Records, filed simultaneously with this Motion and based upon the Papers & Files, herein this Case, this Plaintiff requests this Court to enter an Order in the above-captioned Case, allowing Plaintiff To Review And Copy His Prison Psychiatric/Mental Health Records from October, 1991, to October 10, 2000, here at this Prison.

(W)HEREFORE, Plaintiff John Richard Jae, prays that this Court will enter an Order, herein this Case, Allowing Plaintiff To Review And Copy His Prison Psychiatric/Mental Health Records from October, 1991 to October 10, 2000, here at this Prison.

AND HE SHALL EVER PRAY.
RESPECTFULLY SUBMITTED.

(S) _John Richard Jae_
MR. JOHN RICHARD JAE
Plaintiff and Pro Se Counsel

Dated: 9th OCTOEBER 2000.

MR. JOHN RICHARD JAE,
#BQ-3819
SCI-CAMP HILL
P.O. BOX 200

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
Harrisburg Division

JOHN RICHARD JAE,
   Plaintiff,

vs.

DR. ROBERT CLARK, et al.,
   Defendants.

CIVIL No. 1=CV-00-1090

U.S. District Judge Rambo
Magistrate Judge Smyser

**BRIEF IN SUPPORT OF MOTION FOR ORDER ALLOW PLAINTIFF TO REVIEW AND COPY HIS PRISON PSYCHIATRIC/MENTAL HEALTH RECORDS**

## I. STATEMENT OF THE CASE

On or about June 5, 2000, Plaintiff John Richard Jae, filed this Civil Rights Action in this Federal Court, against Defendant Dr. Robert Clark, Chief Prison Psychiatrist at the State Correctional Institution at Camp Hill, alleging claims under 42 U.S.C.§1983, violations of his rights & the law under the 8th & 14th Amendments of the U.S. Constitution, Article I§ the Pennsylvania State Constitution & under Pennsylvania State Tort Law and requested leave to proceed in forma pauperis, herein.

On June 21, 2000, this Court granted Plaintiff's request for leave to proceed in forma pauperis, herein this

On or about August 3, 2000, Plaintiff filed an Amended Complaint as a right under F.R.Civ.P., Rule 15(a), naming Martin L. Dragovich, SCI-Camp Hill Superintendent, Joseph Palakovich, SCI-Camp Hill Deputy Superintendent for Centralized Services, Robert N. Lober, Deputy Superintendent for Facilities Management, SCI-Camp Hill, Michael Kazar, Classi & Program Manager, SCI-Camp Hill, and John Andrade, SCI-Camp Hill Hearing Examiner as additional Defendants, herein this case.

On or about September 8, 2000, Corrections Defendants Dragovich, Palakovich, Kazar & Andrade, through their Counsel of Record, filed their Motion to Revoke Plaintiff's In Forma Pauperis Status and to Defer Filing of Responsive Pleading to Plaintiff's Amended Co Brief and Appendix in Support of Corrections Defendants' Motion to Revoke Plaintiff's In Forma Status and to Defer Filing of Responsive Pleading ~~~~~ to Plaintiff's Amended Comp herein this case.

On October 6, 2000, Magistrate Judge J. Andrew Smyser, of this Court, ordered AND NOW, this 6th day of October, 2000, IT IS HEREBY ORDERED that within fifteen days of the date of this order defendants Dragovich, Palakovich Nover, Nevi, Kazar and Andrade shall file any response

fifteen days after the filing of the brief and evidence by defendants Dragovich, Falakovich, Doubtney, Kozar and Andrade the plaintiff shall file any relevant evidence he wishes concerning the issue of imminent danger and a brief in opposition to the motion to revoke his in forma pauperis status."

Plaintiff Joe now files his Motion For Order Allowing Plaintiff to Review And Copy His Prison Psychiatric/Mental Health Records, herein this case, and his Brief In Support of Motion For Order Allowing Plaintiff to Review And Copy His Prison Psychiatric/Mental Health Records.

Plaintiff Joe avers & submits, that, given the fact that Corrections Defendants already challenged his statement that he is under imminent danger of serious physical injury, herein, and given the Court's above-order of October 6, 2000, and what such orders, it is now bant upon this Court to order that Plaintiff be allowed to Review And Copy His Prison Psychiatric/Mental Health Records, in order for this Plaintiff to comply with this Court's above-October 6, 2000 order, to file any relevant evidence, and unless this Court grants this here Motion, Plaintiff is unable to obtain any relevant evidence to file, will be unable to adequately defend against Corrections Defendants' Motion To Revoke Plaintiff's In Forma Pauperis Status And To Defer Filing Of Responsive Pleading To Plaintiff's Amended Complaint, and will thus be denied his First Amendment Rights of "Adequate", "Effective" & "Meaningful" Access To The Courts" and his Fourteenth Amendment Rights to due process of the law under the Constitution of the United States.

Plaintiff furthermore avers & submits, that, it is necessary for this Court to order that he be allowed to Review & Copy His Prison Psychiatric/Mental Health Records, herein this case, because of the Pa. Dept. of Corrections Administrative Directive, DC-ADM #008. V. D. 1., which states:

"Access by the Inmate or his attorney: Inmates may discuss any facet of their mental health treatment with treatment staff. However, neither the Inmate nor his attorney shall be permitted to review or have copies of any of his mental health records unless pursuant to court order or requested by an attorney representing the Bureau of Correction."

and based upon such policy, it would be futile for this Plaintiff to file any Motion Request for Production of Documents for such Prison Psychiatric/Mental Health Records with Defendants' Counsel, as Counsel would only deny such to this Plaintiff based upon Plaintiff's past knowledge of and experience with this same defense counsel, herein, denied such record to this Plaintiff previously during discovery proceedings therein the

et al., Civil No. 1:CV-99-0075, also pending before this court.

That, Plaintiff avers & submits, that, DC-ADM #00[3]
of the Pa. Dept. of Corrections, will provide this Plaintiff with
Prison Mental Health/Psychiatric Records only when ordered t[o]
by a court during the course of litigation.

> DC-ADM. #003. VI. E., 7 states:
> "Release of health records during the course of
> litigation: The institution shall provide originals
> or copies of records whenever directed to do so
> by court order or by an attorney who is
> representing the Bureau of Correction or its
> employees. When under these circumstances, the
> copies of health records are released
> directly to the inmate, the documents
> shall be marked to show that he has
> obtained the documents through
> legitimate means."

See also DC-ADM. #003. V. D-1.

So there is provisions for what this pl[aintiff]
requests herein and all this court has to [do is]
order that this Plaintiff gets such a[s]
he will.

Furthermore, Plaintiff avers & submits, that, according to Title 55. Public Welfare Chapter 5100. Mental Health Procedures (55 § 5100.33-(c)(1)(2)) of the Pa. Code, (c) - A person who has received or receiving treatment may request access to his record, and shall be denied such access to limited portions of the record only:

(1) Upon documentation by the treatment team leader, it is determined by the director that disclosure of specific information concerning treatment will constitute a substantial detriment to the patient treatment;

(2) When disclosure of specific information will reveal the identity of persons or breach the trust or confidentiality of persons who provided information upon a agreement to maintain their confidentiality."

That, Plaintiff avers & submits, that, his counselor, here at SCI-Camp Special Needs Unit (SNU), Lee Kerstetter, has told this Plaintiff that the Pa. State Mental Health Procedures/Laws do apply to this Unit here.

Plaintiff furthermore avers & submits, that, he will "not" use these records for any improper purpose, nor will he allow any third parties to and/or copy such without this Court's or the Corrections/Prison official

Furthermore, a privilege cannot be used to protect information about some that the litigant himself put in issue, see *EEOC v. General Telephone Co. of Northwest, Inc.*, 885 F.2d 575, 578 (9th Cir. 1989), cert. denied, 110 S.Ct. 370 (1990); *Anderson v. Nixon*, 444 F. Supp. 1195, 1199-1200 (D.D.C. 1978).

Furthermore, prison officials may not assert that information is privileged if they have released it to other persons. "A privilege should not be regarded as a right which can be disclosed to some and withheld from others." See *In re Natta*, 48 F.R.D. 319, 322 (D. Del. 1969); accord, *Matter of Continental Illinois Securities Litigation*, 732 F.2d 1302, 1314 (7th Cir. 1984); *Benjamin v. Kemp*, 97 F.R.D. 413, 416 (W.D. Mich. 1983); *Clark v. Town of Falls*, 124 F.R.D. 91, 94 (E.D. Pa. 1988).

Herein this instant case, Corrections Defendants brought up the issue of Plaintiff's mental history when they challenged his contention of imminent danger of serious physical injury/mental health history and his risk of committing suicide, herein, in their Motion [Plaintiff's] In Forma Pauperis Status And Brief In support and the Corrections Defendants released Plaintiff's prison psychiatric/mental health records to their counsel of record, who then released such records to Dr. Clark's counsel & to this court, in Corrections Defendants Response to Plaintiff's Motion For A Temporary Restraining Order And/Or An Expedited Preliminary [injunction] herein, and thus they cannot now argue that such records are privileged and should be [withheld from] this Plaintiff, herein.

(W)HEREFORE, based upon that argued & set forth above, supra, herein these [and] upon that set forth in the Motion For Order Allowing Plaintiff's Review And Copy [of his] Psychiatric/Mental Health Records, itself, & upon the files & papers herein this case, this Court grant the motion, in its entirety, herein this Civil Action:

RESPECTFULLY SUBMITTED:

(S)_____John Richard Jae_____
MR. JOHN RICHARD JAE
PLAINTIFF and Pro Se Counsel

Dated: 10th OCTOBER 2000:

MR. JOHN RICHARD JAE,
#BQ-3219
SCI-CAMP HILL
P.O. BOX 200

## CERTIFICATE OF SERVICE

I certify that on 10/12/00, I mailed to the persons listed below, a true & correct copy of each of Plaintiff's Motion For Order Allowing Plaintiff to Review And Copy His Psychiatric/Mental Health Records And Brief In Support, Plaintiff's Motions For Enlargement Of Time, by way of 1st Class Mail, Postage Prepaid:

I certify that on 10/12/00, I gave to Prison Officials the originals of each of the above-same documents for mailing to this Court:

I certify under penalty of perjury and pursuant to 28 U.S.C. that the above is true & correct:

Mr. James D. Young, Esquire
Lavery, Faherty, Young & Patterson, P.C.
Attorneys At Law
P.O. Box 1245
Harrisburg, PA. 17108-1245

Mr. Robert M. Wolff,
Assistant Counsel
Pennsylvania Department of Corrections
Office of the Chief Counsel
55 Utley Drive
Camp Hill, PA. 17011

Executed/Dated on:
12th October 2000:
At: Camp Hill, Pennsylvania:

(S) _____
Mr. John Richard[s]
Plaintiff and Pro Se

From The Desk of:
Mr. John Richard Jae,
#BQ-3219
SCI-Camp Hill
P.O. Box 200
Camp Hill, PA. 17001-8200

October 12, 2000

To: The Office of the Clerk,
United States District Court
228 Walnut Street
P.O. Box 983
Harrisburg, PA. 17108-0983

Re: Jae vs. Clark, et al.,
Civil No. 1:CV-00-1090


RECEIVED
OCT 3 0 2000
PER _____
HARRISBURG, PA.    DEPUTY CLERK

Dear Clerk:

Please file the enclosed Plaintiff's Motion For Allowing Plaintiff To Review And Copy His Prison Psychiatric/Mental Health Records and Brief in Support, and Plaintiff's Motion For Enlargement of Time, herein the above-captioned Civil Rights Action.

Sincerely,
(S) John Richard Jae
Mr. John Richard Jae

CC: Mr. James D. Young, Esq.
Mr. Robert M. _____