

See Attachment

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | : CIVIL NO. 1:00-CV-1090 |
| Plaintiff | : (Judge Rambo) |
| v. | : (Magistrate Judge Smyser) |
| DR. ROBERT CLARK, MARTIN L. DRAGOVICH, JOHN A. PALAKOVICH, ROBERT N. NOVOTNEY, MICHAEL J. KAZOR, and JOHN ANDRADE | : |
| Defendants | : |

FILED
HARRISBURG, PA

NOV 16 2000

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

**REPORT AND RECOMMENDATION**

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on June 5, 2000.

The only defendant named in the complaint is Dr. Robert Clark, identified as the Chief Psychiatrist at the State Correctional Institution at Camp Hill (SCI-Camp Hill). The plaintiff alleged in the complaint that he has a long history of mental illness and that he had been taking different kinds

AO 72A
(Rev 8/82)

of anti-psychotic medications since 1969. (Complaint at ¶21). The plaintiff alleges that on January 12, 1999, defendant Clark took the plaintiff off anti-psychotic medications. *Id.* The plaintiff alleges that he had a mental health relapse in February of 2000 and that he attempted suicide on April 23, 2000, and April 24, 2000. *Id.* at ¶16. The plaintiff alleges that despite these events, defendant Clark refused to put him back on psychiatric medication or to have him committed to a psychiatric facility. *Id.* Rather, the plaintiff alleges, on April 24, 2000 defendant Clark, without having examined the plaintiff, had him placed in hand cuffs, a black box and a waist chain with a pad lock in his cell in the Restricted Housing Unit (RHU) at SCI-Camp Hill. *Id.* at ¶¶1-2. The plaintiff alleges that as a result of the handcuffs, black box, waist chain and pad lock, he was unable to eat normally and had to eat with his mouth like a dog, that he was unable to sleep, that he had extreme difficulty urinating and ended up urinating on himself and that he did not move his bowels. *Id.* at ¶¶8-10. The plaintiff remained under such conditions until April 27, 2000, when defendant Clark ordered the handcuffs, black box,

2

waist chain and pad lock removed. *Id.* at ¶4. The plaintiff alleges that, as a result of being in the handcuffs, black box, waist chain and pad lock from April 24th to April 27th, he suffered extreme and unnecessary mental anguish and physical pain to his hands, wrists, arms and shoulders, including scars on his wrists and a lack of feeling in his left hand. *Id.* at ¶¶11-12.

The plaintiff alleges that since April 27, 2000 he still has thoughts of killing himself. *Id.* at ¶17. He alleges that he has requested treatment for his mental illness from defendant Clark and other prison staff but that he has been denied treatment. *Id.* at ¶19. The plaintiff alleges that defendant Clark still refuses to place him back on anti-psychotic medication or have him committed to a psychiatric facility for evaluation and treatment. *Id.* at ¶20. The plaintiff alleges that he is in imminent danger of serious physical injury because he remains at risk of harming or killing himself. *Id.* at ¶28.

3

The plaintiff claims that defendant Clark's failure to treat his mental illness violates the Eighth Amendment and the Pennsylvania Constitution and is medical malpractice and negligence.

On August 3, 2000, the plaintiff filed an amended complaint. The amended complaint added as defendants: Martin L. Dragovich, the Superintendent at SCI-Camp Hill; John A. Palakovich, the Deputy Superintendent for Centralized Services at SCI-Camp Hill; Robert N. Novotney, the Deputy Superintendent for Facilities Management at SCI-Camp Hill; Michael J. Kazor, Inmate Program and Classification Manager at SCI-Camp Hill; and John Andrade, Hearing Examiner at SCI-Camp Hill.

The plaintiff alleges that he has been in the RHU at SCI-Camp Hill under disciplinary custody since November of 1999. (Amended Complaint at ¶8). He alleges that his mental illness causes him to act out and misbehave. *Id.* at ¶13. He alleges that in February, April, May and June of 2000, defendant Andrade found the plaintiff guilty of various

4

misconducts and sanctioned him to disciplinary custody status even though such misconducts were a result of the plaintiff's mental illness. *Id.* at ¶¶9-10. The plaintiff alleges that despite being aware of the plaintiff's mental illness, defendants Dragovich, Palakovich, Novotney and Kazor left the plaintiff confined in the RHU on disciplinary status. *Id.* at ¶11. The plaintiff alleges that the officers in the RHU tease and aggravate him. *Id.* at ¶12.

The plaintiff alleges that on June 6, 2000, he was sent to the Special Assessment Unit at the State Correctional Institution at Waymart for a mental health evaluation. *Id.* at ¶17. He was returned to SCI-Camp Hill on July 18, 2000. *Id.* at ¶18. The plaintiff alleges that although he has not seen the report from SCI-Waymart he has been told that the report recommends that the plaintiff be placed in the Special Management Unit (SMU). *Id.* at ¶19. The plaintiff alleges that placement in the SMU would be unlawful given his history of mental illness. *Id.* at ¶20.

5

On August 24, 2000, the plaintiff filed a motion for a Temporary Restraining Order and/or an Expedited Preliminary Injunction and a brief and declaration in support of that motion. The plaintiff claims that he is not receiving needed mental health treatment. The plaintiff's motion, brief and declaration contain a certificate of service indicating that those documents were served on defendant Clark and on Sarah Vandenbraak, Chief Counsel with the Department of Corrections. None of the defendants filed a brief in opposition to the plaintiff's motion for preliminary injunctive relief. By an Order dated September 20, 2000, the defendants were ordered to file a brief in opposition to the plaintiff's motion for preliminary injunctive relief within ten days.

On October 4, 2000, defendant Clark filed a brief in opposition to the plaintiff's motion for preliminary injunctive relief. On October 10, 2000, defendants Dragovich, Palakovich, Novotney, Kazor and Andrade filed a brief in opposition to the plaintiff's motion for preliminary injunctive relief and documents in support of their brief. The plaintiff requested

and received an extension of time until November 13, 2000, to file a reply brief in support of his motion for preliminary injunctive relief; however, to date the plaintiff has not filed a reply brief.

In order to obtain a preliminary injunction, the moving party must show: (1) a reasonable probability of success on the merits of the litigation and (2) that the movant will be irreparably injured pendente lite if relief is not granted. *Punnett v. Carter*, 621 F.2d 578, 582 (3d Cir. 1980). "Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court 'should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.'" *Acierno v. New Castle County*, 40 F.3d 645, 652 (3d Cir. 1994)(quoting *Delaware River Port Auth v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 920 (3d Cir. 1974)). The determination of whether a preliminary injunction should be issued depends on a balancing of these factors. *Punnett, supra*, 621 F.2d at 582.

7

"Furthermore, when the preliminary injunction is directed not merely at preserving the status quo but . . . at providing mandatory relief, the burden on the moving party is particularly heavy." *Id*.

In the instant case, the plaintiff is seeking a preliminary injunction prohibiting the defendants from confining him in a SMU and requiring the defendants to release him from the RHU and place him in a Special Needs Unit or a state hospital where he can get treatment for his mental illness.

The defendants argue that the plaintiff's motion for a preliminary injunction should be denied because the plaintiff does not have a reasonable probability of success on the merits of his claims and because the plaintiff has not shown that he will be irreparably injured if the relief he requested is not granted. We agree.

8

According to the plaintiff's complaint and the documents submitted by the defendants, in June of 2000, the plaintiff was sent to the Special Assessment Unit at SCI-Waymart for a mental health evaluation. After evaluation and testing of the plaintiff, the Special Assessment Unit at SCI-Waymart recommended that the plaintiff be placed in a SMU. The plaintiff disagrees with this recommendation, but that disagreement is not sufficient to establish that the defendants were deliberately indifferent to the plaintiff's serious mental health needs and that disagreement is not sufficient to establish that the plaintiff will be irreparably injured if he is placed in a SMU rather than a Special Needs Unit or state hospital.

We also note that on October 30, 2000, the plaintiff sent a letter to the court informing the court that his address has changed to the State Correctional Institution at Greene. If the plaintiff's transfer to the State Correctional Institution at Greene is not merely a temporary transfer, then

9

his claims for preliminary injunctive relief against the defendants in this case who work at SCI-Camp Hill are moot.

Based on the foregoing, it is recommended that the plaintiff's motion (doc. 10) for preliminary injunctive relief be denied and that the case file be remanded to the undersigned for further proceedings.

J. Andrew Smyser
Magistrate Judge

Dated: November 16, 2000.

10

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | CIVIL NO. **1:00-CV-1090** |
| Plaintiff | (Judge Rambo) |
| v. | (Magistrate Judge Smyser) |
| DR. ROBERT CLARK, MARTIN L. DRAGOVICH, JOHN A. PALAKOVICH, ROBERT N. NOVOTNEY, MICHAEL J. KAZOR, and JOHN ANDRADE | **FILED** HARRISBURG, PA NOV 1 6 2000 MARY E. D'ANDREA, CLERK Per _____ Deputy Clerk |
| Defendants | |

## NOTICE

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

_____
J. Andrew Smyser
Magistrate Judge

Dated: November 16, 2000.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

November 16, 2000

Re:  1:00-cv-01090    Jae v. Clark

True and correct copies of the attached were mailed by the clerk to the following:

```
John Richard Jae
SCI-GREENE
#BQ-3219
175 Progress Drive
Waynesburg, PA  15370

James D. Young, Esq.
LAVERY, FAHERTY, YOUNG & PATTERSON, P. C.
P. O. Box 12465
Harrisburg, PA  17108-1245        Fax No.: 717-233-7003

Robert M. Wolff, Esq.
PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011-8028
```

```
cc:
Judge                          (✓)
Magistrate Judge               (✓)
U.S. Marshal                   ( )
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to: US Atty Gen  ( )    PA Atty Gen ( )
```

| | | |
|---|---|---|
| Bankruptcy Court ( ) | DA of County ( ) | Respondents ( ) |
| Other_____ ( ) | | |

MARY E. D'ANDREA, Clerk

DATE: 11/16/00

BY: /s/
Deputy Clerk