ORIGINAL

2-h-w/0

FILED
HARRISBURG

NOV 2 0 2000

MARY E. D'ANDREA, CLERK
Per_____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | : |
| Plaintiff | : Civil Action No. 1:00-CV-1090 |
| v. | : (Chief Judge Rambo) |
| DR. ROBERT CLARK, *et al.*, | : (Magistrate Judge Smyser) |
| Defendants | : |

### CORRECTIONS DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR ORDER ALLOWING PLAINTIFF TO REVIEW AND COPY HIS PRISON PSYCHIATRIC/MENTAL HEALTH RECORDS

Corrections Defendants, by and through their undersigned-attorney, hereby respectfully move this Court, pursuant to Fed.R.Civ.P. 6, to enlarge the time in which they can file their response to plaintiff's Motion for Order Allowing Plaintiff to Review and Copy his Prison Psychiatric/Mental Health Records. Corrections Defendants seek an enlargement so that their response would not be due, if it is necessary, until ten (10) days after the court rules on the Corrections Defendants' Motion To Dismiss Plaintiff's Amended Complaint On The Ground Of Mootness. In support of their motion the Corrections Defendants make the following averments:

1.  Plaintiff has filed a Motion for Order Allowing Plaintiff to Review and Copy his Prison Psychiatric/Mental Health Records ("Motion").

2. In this Motion, plaintiff seeks a court order to "review and copy his prison psychiatric and mental health records from October, 1991 to October 10, 2000 ...." Motion, Wherefore paragraph.

3. On November 20, 2000, the Corrections Defendants filed a Motion To Dismiss Plaintiff's Amended Complaint On The Ground Of Mootness.

4. In that motion, the Corrections Defendants noted that plaintiff's transfer to the Special Management Unit at the State Correctional Institution at Greene mooted plaintiff's suit.

5. Plaintiff initially sought to review his mental health records to support his claim, to defend against the challenge to his *in forma pauperis* status and to find additional support for his Motion for a Temporary Restraining Order and Preliminary Injunction.

6. On November 16, 2000, the court denied plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.

7. Therefore, plaintiff does not need these records for the resolution of that motion.

8. The grounds that are the basis for the Corrections Defendants' contention that this suit is moot are not related to plaintiff's mental health. Therefore, plaintiff has no need for his mental health records to respond to the Correction's Defendants' Motion To Dismiss Plaintiff's Amended Complaint On The Ground Of Mootness.

9. Resolution of the Corrections Defendants' mootness motion in their favor would obviate the need for the resolution of plaintiff's Motion for his mental health records.

10. Resolution of plaintiff's Motion for his mental health records will involve the assertion of the government documents privilege. This will entail obtaining a supporting declaration from the Secretary of the Pennsylvania Department of Corrections (the "Secretary").

11. Delaying consideration of plaintiff's Motion for his mental health records will avoid unnecessarily burdening the Secretary with direct involvement in this litigation. Such involvement will distract the Secretary from his other important responsibilities in managing the operation of the Commonwealth's prisons.

12. Plaintiff's Motion to review and copy his mental health is inconsistent with the general policy of the Pennsylvania Department of Corrections. *See* Commonwealth of Pennsylvania, Department of Corrections, Administrative Directive DC-ADM 003, Release of Information, § V.A. ("All treatment records in the custody of the Bureau of Corrections are the property of the Bureau of Correction, and not of the subject inmate."). *See also id.* at § V.D.1 ("neither the inmate nor his attorney shall be permitted to review or have copies of any of his mental health records ....").

13. Plaintiff has not made a sufficiently strong showing to overcome this policy and, therefore, it is unlikely that his motion will be granted in any event.

14. Thus, in terms of balancing any prejudice, the Corrections Defendants will be more significantly prejudiced by an immediate consideration of Plaintiff's Motion to review and copy his mental health, as opposed to any prejudice plaintiff will suffer by a delay.

15. This is the first motion for extension of time that the Corrections Defendants have sought in this case.

## CONCLUSION

**WHEREFORE**, in light of the foregoing, the Corrections Defendants respectfully request that this Court grant them an enlargement of time in which to file their response to plaintiff's Motion for Order Allowing Plaintiff to Review and Copy his Prison Psychiatric/Mental Health Records so that the Corrections Defendants' response would not be due until ten (10) days after the court rules on the Corrections Defendants' Motion To Dismiss Plaintiff's Amended Complaint On The Ground Of Mootness.

Respectfully submitted,

*[signature]*

Robert M. Wolff, Assistant Counsel
Attorney Identification No. 42798
Counsel for Correction Defendants

Pennsylvania Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444
Dated:     November 20, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | : |
| Plaintiff | : Civil Action No. 1:00-CV-1090 |
| v. | : (Chief Judge Rambo) |
| DR. ROBERT CLARK, *et al.*, | : (Magistrate Judge Smyser) |
| Defendants | : |

## CERTIFICATE OF PARTIAL CONCURRENCE

Pursuant to Middle District Local Rule 7.1, the undersigned counsel hereby certifies that he has contacted the counsel for defendant Dr. Clark concerning the Corrections Defendants' Motion For Enlargement Of Time To Respond To Plaintiff's Motion For Order Allowing Plaintiff To Review And Copy His Prision Psychiatric/Mental Health Records and counsel for Dr. Clark has indicated that he concurs in this motion. Corrections Defendants' counsel has not contacted plaintiff who is an inmate.

Respectfully submitted,

Robert M. Wolff
Assistant Counsel
Attorney Identification No. 42798
Counsel for Corrections Defendants

Pennsylvania Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444

Dated:      November 20, 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | : |
| Plaintiff | : Civil Action No. 1:00-CV-1090 |
| v. | : (Chief Judge Rambo) |
| DR. ROBERT CLARK, *et al.*, | : (Magistrate Judge Smyser) |
| **Defendants** | : |

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a true and correct copy of the foregoing CORRECTIONS DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR ORDER ALLOWING PLAINTIFF TO REVIEW AND COPY HIS PRISON PSYCHIATRIC/MENTAL HEALTH RECORDS, upon the person(s) in the manner indicated below.

Service by first-class mail
addressed as follows:

John Richard Jae, BQ-3219
SCI – Greene
175 Progress Drive
Waynesburg, PA 15370

James D. Young, Esquire
Lavery, Faherty, Young & Patterson
P.O. Box 1245
Harrisburg, PA 17108-1245
Counsel for Dr. Clark

Robert M. Wolff
Assistant Counsel
Attorney I.D. No. 42798

Pennsylvania Department of Corrections
55 Utley Drive
Camp Hill, Pa 17011
(717) 731-0444

Dated: November 20, 2000