"Please Fill in Case"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,  |  Civil No. 1:CV-00-10

PLAINTIFF,  |  U.S. District Judge R__
           |  Magistrate Judge Smys__

vs.

DR. ROBERT CLARK, et al.,

DEFENDANTS.

FILED
HARRISBURG, PA
DEC 04 2000
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

PLAINTIFF'S BRIEF IN OPPOSITION TO CORRECTIONS DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR ORDER ALLOWING PLAINTIFF TO REVIEW AND COPY HIS PRISON PSYCHIATRIC/MENTAL HEALTH RECORDS

Comes now the Plaintiff's Pro Se Counsel in the above-entitled civil action, John Richard Jae, as a layman unlettered in the Art & Sciences of the Laws & Legal Procedures within the United States, now files his Plaintiff's Brief In Opposition to Corrections Defendants' Motion For Enlargement of Time To Respond To Plaintiff's Motion For Order Allowing Plaintiff to Review and Copy His Prison Psychiatric/Mental Health Records, herein, & who, avers, deposes & states:

On or about October 11, 2000, Plaintiff John Richard Jae, filed served his Motion For Order Allowing Plaintiff To Review & Copy his Prison Psychiatric/Mental Health Records, herein this case, along with his Brief in Support.

On or about November 20, 2000, Corrections Defendants/the above, filed their Motion For Enlargement of Time to Respond __

...Motion for... Allowing Plaintiff to Review And Copy His Prison Psychiatric/Mental Health Records, herein this case.

This is Plaintiff's Brief In Opposition To such Motion of Corrections Defendants.

First of all, Corrections Defendants' claim that Plaintiff's Amended Complaint is moot because he has permanently transferred to the Special Management Unit at Greene is "not" true & "is" legally frivolous & contrary to federal law, as the Plaintiff sued Corrections Defendants herein this case not only for their recomendation that he be transferred to the SMU at SCI-Greene, but also because Corrections Defendants have illegally found Plaintiff guilty of prison misconducts Reports which were caused by and a part and a result of Plaintiff's serious mental health illness disease and for their placing & leaving the Plaintiff, who has a significant history of serious mental health illness disease, in the Prison's Restricted Housing Unit on punitive segregation from November 19, 1999, & thus, Plaintiff's Amended Complaint Claims are "not" moot by law & Corrections Defendants' Motion To Dismiss Plaintiff's Amended Complaint on the Ground of Mootness "is" contary to law & must be denied by this Court, as a matter of law.

Corrections Defendants' instant Motion for Enlargement of Time, herein, "is" based upon their Motion To Dismiss Plaintiff's Amended Complaint on the Ground of Mootness, herein.

2

In its Report And Recommendation of November 16, 2000, the Court, stated:

> "We also note that on October 30, 2000 the plaintiff sent a letter to the court informing the court that his address has changed to the State Correctional Institution At Greene. If the plaintiff's transfer to the State Correctional Institution At Greene is not merely a temporary transfer, then his claims for preliminary injunctive relief against the defendants in this case who work at SCI-Camp Hill are moot."

Given the above & foregoing, plaintiff's damage claims against Corrections Defendants herein are "not" barred by 42 U.S.C. § 1997e(e).

Any claim by Corrections Defendants that this Court, that plaintiff's damage claims of his Amended Complaint against Corrections Defendants is now mooted by his permanent transfer to SCI-Greene in its Report And Recommendation 11-16-00 "is" an out-and-out "lie" and "is" furthermore belied by this Court's 11-16-00 Report And Recommendation, herein this case.

Given the above & foregoing, herein, Corrections Defendants' Motion To Dismiss Plaintiff's Amended Complaint

1/ See U.S. Magistrate Judge Smyser's Report And Recommendation of November 16, 2000, herein, at 9-10.

on the ground of mootness, cannot by law, be granted by this Court.

The government documents privilege does "not" apply here in this case by federal law.

Corrections Defendants nor the Secretary of Corrections will be unnecessarily burdened by having to respond to Plaintiff's Motion For Order Allowing Plaintiff to Review And Copy His Prison Psychiatric/Mental Health Records, given what the plaintiff states above.

Plaintiff's Motion For Order Allowing Plaintiff To Review And Copy His Prison Psychiatric/Mental Health Records, herein is "not" inconsistent with Department of Corrections Prison Policy DC-ADM #003, V.5.2/ because of Pa. Department of Corrections Prison Policy Directive DC-ADM #003, V.5.2/ Furthermore, even if such motion was inconsistent with DC-ADM #003, V.5.2, so what, as the Prison Policy of a State Department of Corrections does "not" supersede federal law.

Plaintiff as he stated in his Brief To Support Of Motion For Order Allowing Plaintiff To Review And Copy His Prison Psychiatric/Mental Health Records at 2, need to review his prison psychiatric/mental health records & copy such to submit as part of his relevant evidence in support of his Brief In Opposition To Corrections Defendants' Motion To Revoke In Forma Pauperis Status And To Defer Filing Of Responsive Pleading to Plaintiff's Amended Complaint & that unless this Court orders such, he will be unable to obtain any relevant evidence to file with

2/ See Brief In Support Of Motion For Order Allowing Plaintiff To Review And Copy His Prison Psychiatric/Mental Health Records, at 3, for this.

4

unable to adequately defend against Corrections Defendants' Motion To Revoke Plaintiff's In Forma Pauperis Status And To Defer Filing Of Responsive Pleading To Plaintiff's Amended Complaint and thus be denied his First Amendment Rights of "Adequate," "Effective," "Meaningful" access to the courts and his Fourteenth Amendment Right to due process of the law under the Constitution of the United States.

(W)HEREFORE, based upon that stated & argued above & supra herein, as well as based upon that stated & argued in his Brief in Support of Motion For Order Allowing Plaintiff To Review And Copy His Prison Psychiatric/ Health Records, here in this case, is because Corrections Defendants' Motion To Dismiss Plaintiff's Amended Complaint on the Ground of Mootness "must" by law be denied by this court, and because such Prison Psychiatric/Mental Health Records "are absolutely necessary" Plaintiff's Reply Brief In Opposition To Corrections Defendants' Motion To Revoke Plaintiff's In Forma Pauperis Status And To Defer Filing Of Responsive Pleading To Plaintiff's Amended Complaint, this court should forthwith deny Corrections Defendants' Motion For Enlargement Of Time To Respond To Plaintiff's Motion For Order Allowing Plaintiff To Review And Copy His Prison Psychiatric/Mental Health Records and Corrections

---

3/ See Plaintiff's Brief In Support Of Motion For Order Allowing Plaintiff To Review And Copy His Prison Psychiatric/Mental Health Records, at 2.

5

Defendants should be ordered to respond to Plaintiff's Motion For Order Allowing Plaintiff To Review And Copy His Prison Psychiatric/Mental Health Records, within fifteen (15) days of this Court's order denying the enlargement of time, herein this case.

RESPECTFULLY SUBMITTED,

(S) ____John Richard Jae____
MR. JOHN RICHARD JAE,
Plaintiff and Pro Se Counsel


MR. John Richard Jae,
#BQ-3219
SCT-Greene/SMU
175 Progress Drive
Waynesburg, PA. 15370

Dated: 30th NOVEMBER 2000.

6

CIVIL NO. 1:CV-00-1090

## CERTIFICATE OF SERVICE

I certify that on 12-01-00 I mailed to the persons listed below, true & correct carbon copies of each of the Plaintiff's Brief In Opposition to Corrections Defendants' Motion For Enlargement of Time To Respond To Plaintiff's Motion for Order Allowing Plaintiff To Review And Copy His Prison Mental Health Records, and Plaintiff's Brief in Opposition To Corrections Defendants' Motion to Dismiss Plaintiff's Amended Complaint on the Ground of Mootness, by way of U.S. First Class Mail, Postage Prepaid.

I certify that on 12-01-00 I gave to Prison Officials here, the originals of Plaintiff's above-same Briefs, for mailing to this Court.

I certify under penalty of perjury & pursuant to 28 U.S.C. § 1746, that the above, is true & correct.

| | |
|---|---|
| Mr. James D. Young, Esquire | Mr. Robert M. Wolff |
| Lavery, Faherty, Young & Patterson, P.C., | Assistant Counsel |
| Attorneys At Law | Pennsylvania Department of Corrections |
| P.O. Box 1245 | Office of the Chief Counsel |
| Harrisburg, PA 17108-1245 | 55 Utley Drive |
| | Camp Hill, PA. 17011 |

Dated/Executed on:
1st December 2000
At: Waynesburg, Pennsylvania

(S) John Richard Ja[...]
Mr. John Richard Ja[...]
Plaintiff and Pro Se Counsel