IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,

   Plaintiff,

vs.

DR. ROBERT CLARK, et al.,

   Defendants

CIVIL No. 1:CV-00-1090

U.S. DISTRICT JUDGE RAMBO

MAGISTRATE JUDGE SMYSER

FILED
HARRISBURG
DEC 14 2000
MARY E. D'ANDREA, CLERK
Per _____ SM
DEPUTY CLERK

## PLAINTIFF'S SECOND MOTION FOR ENLARGEMENT OF TIME, INTER ALIA, MOTION FOR EXCEPTION TO THE COURT'S ORDER OF NOVEMBER 7, 2000

COMES NOW, the Plaintiff and Pro Se Counsel in the above-entitled Civil Action, John Rich and Jae, a layman unschooled in the Arts & Sciences of the Laws & Legal Procedures within the United States, who now files his Plaintiff's Second Motion For Enlargement of Time, Inter Alia, Motion For An Exception to this Court's Order of November 7, 2000 herein, and avers, deposes & states:

1. On October 6, 2000, this Court issued the following order herein this case:

"AND NOW, this 6th day of October, 2000, IT IS HEREBY ORDERED that within fifteen days of the date of this order defendants Dragovich, Palakovich, Novotney, Kazor and Andrade shall file any relevant evidence they wish concerning the issue of imminent danger and a supplemental brief in support of their motion. Within fifteen days after the filing of the brief and evidence by defendants Dragovich, Palakovich, Novotney, Kazor and Andrade, the plaintiff shall file any relevant evidence he wishes concerning the issue of imminent danger and a brief in opposition to the motion to revoke his in forma pauperis status."

2,001, under-

5. Plaintiff furthermore avers & submits that for this Court to deny this here Motion would have the effect of prohibiting this Plaintiff from responding to Corrections Defendants' untrue & factually frivolous Supplemental Brief In Support of Motion To Revoke Plaintiff's In Forma Pauperis Status And To Defer Filing of Responsive Pleading to Plaintiff's Amended Complaint and their Appendix, thereby also denying this Plaintiff his U.S. Constitutional 1st and 14th Amendment Rights of access to the Courts & to due Process & equal protection/treatment under the law and enable this Court to consider an ex parte motion/brief which it has no legal authority to do & would constitute an abuse of discretion.

6. This short final 18 day enlargement of time will not prejudice the defendants nor unduly delay the proceedings, herein this case.

(W)HEREFORE, Plaintiff John Richard Jae, prays that based on the above & foregoing, this Court will grant this Motion in full, herein this case & grant him a short final enlargement of time of just 18 days, including January 2, 2001, in which to file his Brief in Opposition & relevant evidence, herein this case.

<u>CERTIFICATE OF SERVICE</u>

I, Plaintiff John Richard Jae, hereby certify under penalty of perjury that on ___ day of December 2000, I served a true & correct copy of this here Motion upon those listed below by U.S. 1st Class Mail, postage prepaid, & addressed to:

Mr. James D. Young, Esquire
LAVERY, FAHERTY, YOUNG & PATTERSON, P.C.
Attorneys at Law
P.O. Box 1515
Harrisburg, PA. 17108-1215

Mr. Robert M. Wolff, Assistant Counsel
Pa. Dept. of Corrections
Office of the Chief Counsel
55 Utley Drive
Camp Hill, Pa. 17011

Dated & Executed on:

RESPECTFULLY SUBMITTED,
John Richard Jae
MR. JOHN RICHARD JAE
Plaintiff and Pro Se Counsel

Mr. John Richard Jae,
#BQ-3819
SCI-Greene/SAU

2. Corrections Defendants filed their Supplemental [Brief]
and Evidence, herein, on or about October 23, 2000.

3. On or about November 1, 2000, Plaintiff filed a
Motion For Enlargement of Time, to file his relevant evidence
& Brief In Opposition, herein this case, which this Court
granted on November 7, 2000, but stated "no further extensions
will be granted."

4. That, due to the facts that on November 3, 2000,
Plaintiff sent his Complaint, Amended Complaint and his [copy]
of Corrections Defendants' Supplemental Brief In Support of Motion [to]
Revoke Plaintiff's In Forma Pauperis Status And To Defer [its]
Responsive Pleading to Plaintiff's Amended Complaint [with]
their Appendix and Supplemental Appendix, herein, to = [Mr.]
R. Love, Esquire, Executive Director, Pennsylvania Institutional
Law Project for his review & consideration to represent [him]
herein this case, pursuant to his instructions in a
conversation of October 31, 2000, along with my November [3, 2000]
letter to him and advising him therein that I needed [these]
documents returned to me by no later than November [?]
& that despite such & another letter sent to Attorney Love on [?]
2000, requesting therein the immediate return of my legal documents
I sent him on November 3, 2000, Attorney Love still, as of [this]
date, not returned these documents back to me here & as a direct [result]
this Plaintiff cannot finish preparing his relevant evidence & Brief
and thru no fault of his own, this Plaintiff is unable to prepare
his Brief In Opposition and relevant evidence by the present [deadline]
such of December 15, 2000, and thus he requests a final short extension of
18 days to & including January 2, 2000, in which to file & serve his Brief

From the Desk of
Mr. John Richard Doe,
#BQ-3219
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA. 15370-8089.
November 3, 2000

To: Mr. Angus R. Love, Esquire
Executive Director
Pennsylvania Institutional Law Project
924 Cherry Street
Suite 523
Philadelphia, PA. 19107

Re: Doe vs. Clark, et al.,
Civil No. 1:CV-00-1090

Dear Angus:

As we discussed during our phone conversation of 10-31-00, enclosed please find the Court's October 6, 2000 Order & Corrections Defendants' Motion To Revoke Plaintiff's In Forma Pauperis Status And To Defer Filing Of Responsive Pleading To Plaintiff's Amended Complaint, Brief and Supplemental Brief In Support Of Motion To Revoke Plaintiff's In Forma Pauperis Status And To Defer Filing Of Responsive Pleading To Plaintiff's Amended Complaint, And Appendix And Supplemental Appendix To Corrections Defendants' Supplemental Brief In Support Of Motion To Revoke Plaintiff's In Forma Pauperis Status And To Defer Filing Of Responsive Pleading To Plaintiff's Amended Complaint, Appendix To Corrections Defendants' Brief

EXHIBIT A

Mr. Angel Love, Esquire
November 3, 2000
Page Two

Opposition to Plaintiff's Motion For Temporary Restraining Order And/or An Expedited Preliminary Injunction and Plaintiff's Amended Complaint for your review to decide whether or not you will represent me in this case. Please make copies of these pleadings and return the ones enclosed herein back here to me, no later than November 24, 2000, as these are the only copies I have of such pleadings.

Furthermore, read the opinion of the Court in Corrections Defendants' Supplemental Appendix and you will see what I was telling you on the phone about the Court revoking my IFP status and stating it will recommend dismissal of that case if I do not pay the entire $150.00 filing fee up front all at once.

Furthermore, the SCI-Waymart SAU Team's determination that I suffer from no organic impairment was made without waiting for the test results to come back from the EEG done on me there and without waiting for the MRI test to be performed on me and thus such determination was erroneous and premature as no psychiatrist who is a

Mr. Angus R. Love, Esquire
November 3, 2000
Page Three

true professional would ever make such
determination without obtaining such test
results first, especially not when they
are aware that the patient has previously
been diagnosed with such an organic injury
due to a head trauma injury in which
had suffered minimal brain damage as
is the case with me here. See Ex.
4 & 8, of Appendix B Corrections Defendants'
In Opposition to Plaintiff's Motion For Temporary
Restraining Order And/or An Expedited Preliminary
Injunction and Exhibit 6, of Appendix B Corrections
Defendants' Supplemental Brief In Support
Motion To Revoke Plaintiff's In Forma Pauperis Status &
Defer Filing Of Responsive Pleading To Plaintiff's
Amended Complaint, for/on this. Also, for
reasons as to why I am under imminent danger
of serious physical injury, please review
initial complaint and Plaintiff's Affidavit in
of Motion For Temporary Restraining Order /
An Expedited Preliminary Injunction, both of
you already have copies of in your file on

Also, on 11-02-00, my psychologist here told
me that on 11-01-00, the SCI-Greene Interdisciplinary
Psychiatric Review Committee met and discussed
my case & stated they agree I was unfairly dumped

MR. Angus R. Love, Esquire
November 3, 2000
Page-four-

Furthermore, Angus, you have written me several times now & told me in writing that you are committed to keeping mentally ill persons out of the RHU and the SMU and when you were down to visit me back in May 2 of this year at SCI-Camp Hill, you promised & told me that if I was in fact placed in the SMU, that you would help me and try to get me out of there, and while you agreed with you over the phone on 10-31-00 to try to resolve this informally thru you talking with Fred Ball & Secretary Horn at the DOC to try to get me out of the SMU, if such does not work, then the way to show me that you mean what you say (that you are committed to keeping mentally ill persons out of the RHU & SMU) would be for you to represent me in this case or to have David Glassman do so.

Angus, do not get me wrong or misunderstand me, as I am not necessarily saying that you do so, but I have been lied to, hundreds of times, by too many lawyers in the past to ever again put faith in what a lawyer says and I believe the old saying, "I'm from Missouri, you gotta show me", so you need to show me you are really

are concerned about keeping mentally [ill]
persons out of the RHU and SMU.

Also, Angus, during our phone conver[sation]
of 10/31/00, you told me that there [is]
precedent that 28 U.S.C. §191[5 does]
not permit a federal court to dism[iss]
a civil rights action, solely because [the]
prisoner plaintiff cannot afford t[o pay]
the entire $150.00 filing fee up f[ront]
all at once, and if you decide you will "not"
represent me in this case or at leas[t get]
David Glassman to do so, then I requ[est]
that you would send me a couple of cas[es]
and sample arguments to show wha[t you]
told me as to this is true, so that [I can]
argue such to the court and also a cop[y of]
cases & arguments I could use to supp[ort my]
contention that I was under imminent dan[ger of]
serious physical injury at the time of [the]
incident(s) alleged in my initial compl[aint]
because I was at risk of committ[ing]
suicide, which I can argue to the cou[rt].

Finally, Angus, in an article by Dr. [Terry]
Kupers, M.D., entitled: "Beware of Easy Ans[wers"]

Mr. Angus R. Love, Esquire
November 3, 2000
- page -SIX-

for the Mental Health Crisis Behind [Bars]
In the Fall 2000 issue of the Fo[rtune]
News, at pp. 8-10, Dr. Kupers stat[es]
"Similarly, punitive solitary confinem[ent]
which has become very much the [...]
a growing proportion [of] this age of sup[er]
or maxi-maxi control units, is kno[wn to]
cause emotional distress. Psychiatri[st]
Grassian studied prisoners in soli[tary]
confinement in supermaximum units [or]
Security Housing Units (SHU's) and d[iscovered]
the SHU Syndrome. Symptoms include
free-floating anxiety, hyper-respons[iveness]
and motor excitement, confusion, impair[ed]
perceptual distortions, aggressive impu[lses]
and depersonalization." (See above a[t]
9-10). (and I am not wrapped t[ight]
PTSD), and in an article entitled "The New Bedlam"
Will Re. Wisely, in the June, 2000, Prison [Legal]
News, pp. 1-3, at 2, Psychologist Dr. A[...]
is quoted as saying, "After about 15 [years]
prisoners suffer irreversible mental he[alth]
damage from being in prison".
        Please reply back to me and ans[wer]
this letter of mine in writing & thanks & ta[ke care]
                                                                Sincerely,
cc = JRO                                                        John [...]



EXHIBIT "B"

From the Desk of
Mr. John Richard Jones
#BQ-5519
SCI-Greene/LCMU
175 Progress Drive
Waynesburg, PA-15370-8089
December 3, 2000

To: Mr. Angus R. Love, Esquire
Executive Director
Pennsylvania Institutional Law Project
924 Cherry Street
Philadelphia, PA-19107

Dear Angus:

Why are you trying to make me miss my court ordered filing deadline in the above-captioned civil case, which is December 15, 2000, for as I told you in my letter I wrote you of November 3, 2000, I needed the legal/court paper which I sent to you then back by no later than November 24, 2000, but I have received nothing back from you as of the above-date, and therefore, I now write & send you this here letter to request that you immediately return all of my legal/court papers I sent to you to come this same here week & that you answer my letters which I wrote you of November 3, 2000 this week also & thanks. Take care.

Sincerely yours,