IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
Harrisburg Division

JOHN RICHARD JAE,
    Plaintiff,

vs.    JUDGE'S COPY

DR. ROBERT CLARK, MARTIN L.
DRAGOVICH, JOHN A. PALAKOVICH,
ROBERT N. NOVOTNEY, MICHAEL
J. KAZOR and JOHN ANDRADE,
    Defendants.

CIVIL NO. 1:CK-00-

U.S. District Judge
Magistrate Judge


FILED
JAN 9 - 2001
HARRISBURG, PA.   DEPUTY CLERK

PLAINTIFF'S REPLY BRIEF IN OPPOSITION TO
DEFENDANT DR. CLARK'S BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

I. RELEVANT STATEMENT OF THE CASE

On or about June 5, 2000, Plaintiff John Richard Jae, a Pennsylvania State Prisoner, filed a 42 U.S.C. § 1983 Civil Rights Complaint against Defendant Dr. Robert Clark, Chief Psychiatrist, Camp Hill.

On or about October 10, 2000, Defendant Dr. Clark filed a Motion To Dismiss Plaintiff's Complaint. On about October 24, 2000, filed his Brief Appendix of Exhibits in support of such Motion.

This is Plaintiff's Reply Brief In Opposition to Defendant Dr. Clark's Motion to Dismiss Plaintiff's

II. QUESTION PRESENTED

A. WHETHER PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS A MATTER OF LAW FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Suggested Answer: NO

III. ARGUMENTS

1. 42 U.S.C. §1997e(a), AS AMENDED BY THE PLRA IS UNCONSTITUTIONAL AS IT IMPERMISSIBLY INFRINGES UPON AND VIOLATES THE DECISIONS OF THE SUPREME COURT OF THE UNITED STATES WHICH IS THE SUPREME LAW OF THE LAND LIKE THE UNITED STATES CONSTITUTION.

Plaintiff avers & submits that 42 U.S.C. §1997e(a), as amended by the PLRA, is unconstitutional as it impermissibly infringes upon and violates decisions of the United States Supreme Court in Patsy v. Board of Regents of the State of Florida, 457 U.S. 496, 102 S.Ct. 2557 (1982), & in Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. (1961), which both hold that a state prisoner does not have to exhaust his prison's administrative remedies before filing a 42 U.S.C. §1983 Civil Rights Action in federal court, & since decisions of the United States Supreme Court, like the Constitution itself, are the supreme law of the land, Congress exceeded its authority in enacting

II. 42 U.S.C. § 1997e(a), As Amended By The [PLRA], Is Unconstitutional, As It Impermissibly Singles Out And Treats Prisoners Differently Than Others And Thus Denies Prisoners Equal Protection/Treatment Of The Law Under The Fourteenth Amendment Of The United States Constitution.

Plaintiff avers & submits, that 42 U.S.C. § 1997e(a) as amended by the PLRA, Is unconstitutional, as it impermissibly singles out and treats prisoners differently than others (i.e., non-prisoners), and thus denies prisoners equal protection/treatment of the law under the Fourteenth Amendment of the United States Constitution, and because Congress is *not* permitted to enact any law which would [violate] any provision of the United States Constitution, which is the Supreme Law of the Land, Congress exceed its authority in enacting 42 U.S.C. § 1997e(a).

III. Plaintiff's Reply To Defendant Clark's Claims And Arguments.

Defendant Dr. Clark first claims that "On [the] Form..."

care which he received at that facility." However, in reply to such, the Plaintiff avers & avouch that such is "not" true & is a "lie", as he did "not" file complaint pursuant to 42 U.S.C. §1983 against Dr. Clark on 2000, arising out of the medical care which he received at facility, but rather he filed the complaint against Defendant Dr. Clark, on June 5, 2000, for and based upon the same facts as is recited therein pp. 1—2, of Plaintiff's Reply Brief in Opposition to Defendant's Motion To Revoke Plaintiff's In Forma Pauperis Status And To Filing Of Responsive Pleading, which he now here incorporates herein by reference hereunto the same, thus, the above-claim of Defendant Dr. Clark's is factually frivolous & an untrue "lie" & by such Defendant Dr. Clark & his counsel "have" committed fraud, ...

Defendant Dr. Clark next claims & argues "The Pennsylvania Department of Corrections has adopted a consolidated Inmate Grievance Review, DC-ADM. #804 (effective October 20,1994) With certain exceptions, DC-ADM 804, Section VI provides that after attempted informal resolution of the problem, a written grievance may be submitted to the Grievance Coordinator. An appeal from the Coordinator's decision may be made in writing to a Facility Manager or Community Corrections Regional Director, and a Final written

_____
1/ See Defendant Dr. Clark's Brief In Support Of Motion Dismiss Plaintiff's Complaint at 5 (hereinafter "Defendant Dr. Clark's 10/24/00 Brief").

4

appeal may be presented to the Central Office Review Committee. If the grievance concerns an alleged medical problem, any appeal must be taken to the Central Office Medical Review Committee."2/

However, in reply to the above, the plaintiff avers/submits, that such is "not" completely true, DC-ADM-804 has been amended several times since its enactment in 1994, & DC-ADM-804-1-f discontinued the Central Office Medical Review Committee and all appeals on grievances concerning an alleged medical problem to such committee, effective May 20, 1996, and DC-ADM-804-2 (1); effective November, 1997:

"The procedures for appeal to final review under DC-ADM 804, VI, D, 5-7, are amended as follows:
(1) The Chief Hearing Examiner will replace the Central Office Review Committee (CORC) at final review of all grievance appeals. The Chief Hearing Examiner will perform all functions previously performed by CORC.";

and therefore, given the above-referenced/recent amendments to DC-ADM 804, Defendant Dr. Clark's above claims/arguments "are" clearly untrue, outdated, moot, and this Court may not, by law, consider/rule on such.

Defendant Dr. Clark next claims & argues, that "Nowhere in his Complaint and/or Amended Complaint against Dr. Clark, does Plaintiff allege that he has filed any Institutional grievance complaint with respect to

2/ See Defendant Dr. Clark's 10/24/00 Brief at

the medical care which he received from Dr. Clark while incarcerated at SCI-Camp Hill. Since no initial grievance was filed with the Department of Corrections, plaintiff has not, and cannot, pursue any administrative appeals including any appeal to the Central Office Medical Review Committee. Thus, it is readily apparent from the face of the complaints that plaintiff has failed to exhaust available administrative remedies prior to initiating this civil action. Consequently, plaintiff's complaints must be dismissed until such time as he has pursued all of the steps of the inmate grievance procedure, including any and all administrative appeals." 3/

However, by reply to the above, the plaintiff avers/submits, that, first of all, he must ask, what is the matter with Defendant Dr. Clark's counsel, is he dumb, blind or stupid, or all three of the above?

For, while it is true that this plaintiff does not state/allege that he had filed any prison grievance complaint with respect to the medical care which he received from Dr. Clark while incarcerated at SCI-Camp Hill, (because he did not receive any medical care from Dr. Clark, as Defendant Dr. Clark does "not" provide any medical care as he "is" a Psychiatrist "not" a medical doctor)- It is as plain as the nose on defense counsel's face, that this plaintiff "did" allege in his initial com-

3/ See Defendant Dr. Clark's 10/24/00 Brief, at p.7.

6

that he filed a grievance on the facts that he sues Defendant Dr. Clark for in his complaint, herein this case, on May 10, 2000, and that such prison grievance was received by the Prison Grievance Coordinator and Grievance No. CAM-0294-00 was assigned to such grievance & that the Grievance Coordinator assigned such grievance to Ms. Law, the SCI-Camp Hill Corrections Health Care Administrator (CHCA) for investigation and decision. 4/ that, in accordance with DC-ADM #804.VI.B.3'., §4., of the Pa. Dept. of Corrections, Ms. Law had ten (10) working days in which to investigate, personally interview this inmate-plaintiff & provide her written decision hereon and for such grievance; 5/ that, Ms. Law refused to do so and the tenth working day expired May 23, 2000; and that, therefore, this Plaintiff had tried & was unable to exhaust his Administrative Remedies on this here grievance, due to Ms. Law, CHCA, (prison staff's) failure/refusal to follow mandatory Prison Grievance Policy & investigate & decide such grievance & due to the seriousness of the issues involved herein this complaint and the risk of & danger of serious physical injury to this Plaintiff, he could not afford to wait no longer to file this here complaint/civil action with this court; and that,

---

4/ See Plaintiff's Initial complaint, at paragraph No. 30.
5/ See Id., at Paragraph No. 31.
6/ See Id., at Paragraph No. 32.
7/ See Id., at Paragraph No. 33.

this here date, Ms. Law has never filed her decision on such grievance no. CAM-0894-[...]

Plaintiff can only be required to exhaust those Administrative Remedies which are available to him, see Camp v. Brennan, 2[...] F.3d 279 (3d Cir. 2000); and by refus[ing]/failing to render a written decision w[ithin] the mandatory ten (10) working day perio[d for] decision on a grievance (DC-ADM #804 VI.[...] and/nor even to this here date, Ms. Law rend[ers] the remaining administrative remedies (appeals) unavailable to this here Plainti[ff]/plaintiff, as he cannot use such until/un[less] he receives a written initial review decis[ion on] such grievance which to appeal from & her[e] he did "NOT" receive such. Furthermor[e] plaintiff questions how long must he [wait] for a decision on a grievance he files? [If] this court would rule that he must no matter what wait until he fully exhausts [all] prison Administrative Remedies before [filing] his complaint with the court, than such w[ould] mean that prison staff could violate a[ny] of the time requirements for deciding [a] prison grievance or an appeal therein & t[ake] as long as they want to decide such or for [that] matter never decide such, and this cannot [be] the result Congress intendend in amending [42] U.S.C. §1997e(a), to require exhaustion of adm[ini]strative remedies and such would turn the st[atute] on its head & severly impede plaintiff's First Amen[dment]

rights of access to the courts. No, as plaintiff avers & submits, once he files a prison grievance, prison staff refuse to decide such an appeal such in writing within the mandatory time limit requirement under DC-ADM#804, should not have to exhaust any further administrative remedies on such before filing his complaint with the court, as such remedy which he may have left would be rendered unavailable to him thru no fault of his own, but thru prison staff's failure to comply with the mandatory time limits for decision on such. Federal courts have ruled this way & so should this court.

Second of all, by reply to such claim/argument of Defendant Dr. Clark's, the plaintiff avers & submits that, his Amended Complaint did not even apply to Defendant Dr. Clark, but only to correctional Defendants, here in this case, & thus Defendant Dr. Clark has no standing at all to argue that the plaintiff did not exhaust his administrative remedies before he filed such with this court. Plaintiff could not have filed a prison grievance about that raised there in his Amended Complaint. DC-ADM #804. VI.E.2., prohibits him from doing so.

Third of all, for the reasons/arguments listed above, supra, at 6-8, this court should not dismiss the complaints here until such time as plaintiff has pursued all of the steps of the inmate grievance procedure, including any & all administrative appeals

Clark cites in his Brief, Peoples v. Muhajerin, No. 3:97-cv-2057 (M.D. Pa. 1997) and Payton v. Horn, 49 F. Supp. 2d 791, 797 (E.D. Pa. 1999) should not be applied to this plaintiff based upon the plaintiff's foregoing arguments, herein, et seq., at p. 99 and because such case are distinguishable from the here instant case and because such are not the controlling law, as the Third Circuit's recent decision/holding in Campbell v. Brennan, 219 F.3d 279 (3d Cir. 2000) is the controlling law here on this.

## IV. CONCLUSION

Based upon the above & foregoing facts, arguments & citations of authorities, herein, Defendant Clark has failed to show that he is entitled to have Plaintiff's Complaint to this instant case dismissed & as a matter of law, this Court is required to deny Defendant Clark's Motion to Dismiss Plaintiff's Complaint herein this case and must order Defendant Clark to answer Plaintiff's initial complaint herein this case within ten (10) days of receipt of the Court's Order or that a Judgment by default will be entered against him, herein this case.

RESPECTFULLY SUBMITTED,

(s) _John Richard, Jr._
MR. JOHN RICHARD, JR.
Plaintiff and Pro Se Counsel

Dated: 28th NOVEMBER 2000    MR. JOHN RICHARD, JR. #___
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA 15370

10

## VERIFICATION

I, Plaintiff and Pro Se Counsel John Richard Jae[h], verify under the penalty of perjury that the foregoing is true & correct to the best of my knowledge & belief, pursuant to 28 U.S.C. § 1746.

(s) John Richard Jae
MR. JOHN RICHARD JAE
#BQ-3219
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA. 15370
Plaintiff and Pro Se Counsel

Dated/Executed On:
30th DECEMBER 2000
At: Waynesburg, Pennsylvania

Joe vs. Clark, et al.
CIV. No. 1:=CV-00-1090
CERTIFICATE OF SERVICE

I certify that on 1-02-01, I mailed to the ~~persons listed below~~ true & correct carbon copy of the within Plaintiff's Reply Brief in Opposition to ~~Defendants~~ ~~Brief in Support of Motion to Dismiss Plaintiff~~ by way of U.S. 1st Class Mail, Postage pre-paid.

I certify that on 1/02/00, I gave to Prison Officials for mailing to this Court, the original of the above-said document.

I certify under penalty of perjury & pursuant to 28 U.S.C. §1746, that the above, is true & correct.

MR. James D. Young, Esquire
LAVERY, FAHERTY, YOUNG & PATTERSON, P.C.
Attorneys At Law
P.O. Box 1245
Harrisburg, PA- 17108-1245

MR. Robert M. Wolff,
Assistant Counsel
Pennsylvania Department of [Corrections]
Office of the Chief Counsel
55 Utley Drive
Camp Hill, PA- 17011

Dated/Executed On:
2nd JANUARY 2001.
At=Waynesburg, PA- Pennsylvania

(S) _John Richard[son]_
MR. JOHN RICHARDS[ON]
#BQ-52[1A]
SCI- Greene/CMU
175 Progress Drive
Waynesburg, PA- 15[370]
Plaintiff and Pro Se Counsel

Jaevs. Clark, et al.
CIV. No. 1:CV-00-1090
**CERTIFICATE OF SERVICE**

I certify that on 1/02/01, I mailed to the persons listed below, a true & correct copy of the within Motion For Appointment of Counsel along with the Brief in Support, by way of U.S. 1st Class Mail, Postage Prepaid.

I certify that on 1/02/01, I gave to Prison Officials here, for mailing to this Court, the originals of each of the above documents.

I certify under penalty of perjury that the above is true & correct pursuant to 28 U.S.C. §1746.

MR. James D. Young, Esquire
LAVERY, FAHERTY, YOUNG & PATTERSON, P.C.
Attorney At Law
P.O. Box 1245
Harrisburg, PA. 17108-1245

MR. Robert M. Wolff,
Assistant Counsel,
Pennsylvania Department of Corrections
Office of the Chief Counsel
55 Utley Drive
Camp Hill, PA. 17011

Dated/Executed on:
2nd January 2001
At: Waynesboro, Pennsylvania

(S) _____
MR. JOHN RICHARDS
Plaintiff and Pro Se Counsel

Doe vs. Clark, et al.
Civil No. 1:CV-00-1090

## CERTIFICATE OF SERVICE

I certify that on 1-02-01, I mailed to the persons listed below a true & correct (entire) copy of the within Plaintiff's Brief in Opposition to Corrections Defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status and to Defer Filing of Responsive Pleading to Plaintiff's Amended Complaint, and Exhibits to Brief in Opposition to Correction Defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status and to Defer Filing of Responsive Pleading to Plaintiff's Amended Complaint, by way of U.S. 1st Class Mail, Postage Prepaid:

I certify that on 1-02-01, I gave to Prison officials here for mailing to this Court, the originals of each of the above cited documents:

I certify under penalty of perjury that the above is true & correct pursuant to 28 U.S.C. § 1746:

Mr. James D. Young, Esquire
LAVERY, FAHERTY, YOUNG & PATTERSON, P.C.
Attorneys At Law
P.O. Box 1245
Harrisburg, PA - 17108-1245

Mr. Robert M. Wolff
Assistant Counsel
Pennsylvania Dept. of Corrections
Office of the Chief Counsel
55 Utley Drive
Camp Hill, PA - 17011

Dated/Executed on:
2nd January 2001:
At: Waynesburg, Pennsylvania:

(S) _____
Mr. John Richard
Plaintiff and Pro Se Counsel

Jae vs. Clark et al.
Civil No. 1:CV-00-1090
**CERTIFICATE OF SERVICE**

I Certify under penalty of perjury & pursuant to 28 U.S.C. § 1746, that on 1/02/01, I mailed to the persons listed below, a true & correct carbon copy of each of the within Motion Requesting Appointment of A Mental Health Expert, Inter Alia Motion For Stay, along with Brief In support, by way of U.S. 1st Class Mail, Postage Prepaid.

I Certify under penalty of perjury & pursuant to 28 U.S.C. § that on 1/02/01, I gave to Prison officials here for mailing to this Court, the originals of the above-same documents.

Mr. James D. Young, Esquire
LAVERY, FAHERTY, YOUNG & PATTERSON, P.C.
Attorneys At Law
P.O. Box 1245
Harrisburg, PA. 17108-1245

Mr. Robert M. Wolff,
Assistant Counsel
Office of the Chief Counsel of the
Pennsylvania Department of Corrections,
55 Utley Drive
Camp Hill, PA. 17011

Dated/Executed on:
2nd JANUARY 2001:
At Waynesburg, Pennsylvania

(S) _____
Mr. JOHN RICHARD JAE
Plaintiff and Pro Se Counsel