see att



69
1-25-01

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | : CIVIL NO. **1:00-CV-1090** |
| Plaintiff | : (Judge Rambo) |
| v. | : (Magistrate Judge Smyser) |
| DR. ROBERT CLARK, MARTIN L. DRAGOVICH, JOHN A. PALAKOVICH, ROBERT N. NOVOTNEY, MICHAEL J. KAZOR, and JOHN ANDRADE | : |
| Defendants | : |

FILED
HARRISBURG, PA

JAN 2 4 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

### ORDER

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on June 5, 2000.

The only defendant named in the complaint is Dr. Robert Clark, identified as the Chief Psychiatrist at the State Correctional Institution at Camp Hill (SCI-Camp Hill). The plaintiff alleged in the complaint that he has a long history of mental illness and that he had been taking different kinds

AO 72A
(Rev 8/82)

of anti-psychotic medications since 1969. (Complaint at ¶21). The plaintiff alleges that on January 12, 1999, defendant Clark took the plaintiff off anti-psychotic medications. *Id.* The plaintiff alleges that he had a mental health relapse in February of 2000 and that he attempted suicide on April 23, 2000, and April 24, 2000. *Id.* at ¶16. The plaintiff alleges that despite these events, defendant Clark refused to put the plaintiff back on psychiatric medication or to have him committed to a psychiatric facility. *Id.* Rather, the plaintiff alleges, on April 24, 2000 defendant Clark, without having examined Jae, had Jae placed in hand cuffs, a black box and a waist chain with a pad lock in his cell in the Restricted Housing Unit (RHU) at SCI-Camp Hill. *Id.* at ¶¶1-2. The plaintiff alleges that as a result of the handcuffs, black box, waist chain and pad lock, he was unable to eat normally and had to eat with his mouth like a dog, that he was unable to sleep, that he had extreme difficulty urinating and ended up urinating on himself and that he did not move his bowels. *Id.* at ¶¶8-10. The plaintiff remained under such conditions until April 27, 2000, when defendant Clark ordered the handcuffs, black box,

2

waist chain and pad lock removed. *Id.* at ¶4. The plaintiff alleges that, as a result of being in the handcuffs, black box, waist chain and pad lock from April 24th to April 27th, he suffered extreme and unnecessary mental anguish and physical pain to his hands, wrists, arms and shoulders, including scars on his wrists and a lack of feeling in his left hand. *Id.* at ¶¶11-12.

The plaintiff alleges that since April 27, 2000 he still has thoughts of killing himself. *Id.* at ¶17. He alleges that he has requested treatment for his mental illness from defendant Clark and other prison staff but that he has been denied treatment. *Id.* at ¶19. The plaintiff alleges that defendant Clark still refuses to place him back on anti-psychotic medication or have him committed to a psychiatric facility for evaluation and treatment. *Id.* at ¶20. The plaintiff alleges that he is in imminent danger of serious physical injury because he remains at risk of harming or killing himself. *Id.* at ¶28.

3

AO 72A

The plaintiff claims that defendant Clark's failure to treat his mental illness violates the Eighth Amendment and the Pennsylvania Constitution and constitutes medical malpractice and negligence.

The plaintiff filed an application to proceed *in forma pauperis*. In his application, the plaintiff acknowledged that he has had three or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. (Doc. 2, Question 3). The plaintiff states in the application that he is under imminent danger of serious physical injury because he is at risk or harming or killing himself due to his mental illness for which he is not receiving treatment. (Doc. 2, Question 3(b)). By an Order dated June 21, 2000, the plaintiff's application to proceed *in forma pauperis* was granted.

On August 3, 2000, the plaintiff filed an amended complaint. The amended complaint added as defendants: Martin

4

L. Dragovich, the Superintendent at SCI-Camp Hill; John A. Palakovich, the Deputy Superintendent for Centralized Services at SCI-Camp Hill; Robert N. Novotney, the Deputy Superintendent for Facilities Management at SCI-Camp Hill; Michael J. Kazor, Inmate Program and Classification Manager at SCI-Camp Hill; and John Andrade, Hearing Examiner at SCI-Camp Hill.

The plaintiff alleges that he has been in the RHU at SCI-Camp Hill under disciplinary custody since November of 1999. (Amended Complaint at ¶8). He alleges that his mental illness causes him to act out and misbehave. *Id.* at ¶13. He alleges that in February, April, May and June of 2000, defendant Andrade found the plaintiff guilty of various misconducts and sanctioned him to disciplinary custody status even though such misconducts were a result of the plaintiff's mental illness. *Id.* at ¶¶9-10. The plaintiff alleges that despite being aware of the plaintiff's mental illness, defendants Dragovich, Palakovich, Novotney and Kazor left the plaintiff confined in the RHU on disciplinary status. *Id.* at

5

¶11. The plaintiff alleges that the officers in the RHU tease and aggravate him. *Id.* at ¶12.

The plaintiff alleges that on June 6, 2000, he was sent to the Special Assessment Unit at the State Correctional Institution at Waymart for a mental health evaluation. *Id.* at ¶17. He was returned to SCI-Camp Hill on July 18, 2000. *Id.* at ¶18. The plaintiff alleges that although he has not seen the report from SCI-Waymart he has been told that the report recommends that the plaintiff be placed in a Special Management Unit (SMU). *Id.* at ¶19. The plaintiff alleges that placement in a SMU would be unlawful given his history of mental illness. *Id.* at ¶20.

On September 8, 2000, defendants Dragovich, Palakovich, Novotney, Kazor and Andrade filed a motion to revoke the plaintiff's *in forma pauperis* status and to defer filing a responsive pleading to the plaintiff's amended complaint. On October 4, 2000, defendant Clark filed a motion to revoke the

6

plaintiff's *in forma pauperis* status and to defer filing a responsive pleading.

By an Order dated January 9, 2001, we granted the defendants' motions to revoke the plaintiff's *in forma pauperis* status, vacated the Order of June 21, 2000, which had granted the plaintiff's application to proceed *in forma pauperis*, and order the plaintiff to pay the full $150.00 filing fee within twenty days. Our decision to revoke the plaintiff's *in forma pauperis* status was based on the fact that in June of 2000, the plaintiff was evaluated by mental health professionals at the State Correctional Institution at Waymart and found not to be suicidal. Rather, the staff at Waymart believe that the plaintiff was manipulative and that his "suicide attempts" were attempts to manipulate his environment. At the time that we issued the Order of January 9, 2001, we had not reviewed the plaintiff's brief and documents in opposition to the motions to revoke his *in forma pauperis* status. The plaintiff's brief was due on or before January 2, 2001. The plaintiff's brief was not filed until January 9, 2001. The

7

plaintiff's brief was not in the file nor on the docket when we prepared the Order of January 9, 2001. We have now reviewed the plaintiff's brief and documents in opposition to the motions to revoke his *in forma pauperis* status. It is still our conclusion that the plaintiff's claim that he was in imminent danger of serious physical danger at the time of the incidents in his complaint is not credible.

On January 9, 2001, the plaintiff filed a motion for the appointment of counsel and a motion requesting the court appoint a mental health expert to examine the plaintiff. We will deny these motions. Although an examination of the plaintiff now by a mental health expert may provide evidence relevant to his current mental status, it is not likely that an examination of the plaintiff now by a mental health expert would provide evidence relevant to the question of the plaintiff's mental state at the time of the incidents alleged in the complaint, which is the relevant question in this case. We believe that the mental health evaluation preformed on the plaintiff at 1SCI-Waymart in June of 2000, which was near the

time of the incidents alleged in the complaint, is a more reliable indicator of the plaintiff's state of mind at the time of the incidents alleged in the complaint than would be a mental health evaluation preformed at this time. Because we have revoked the plaintiff's *in forma pauperis* status and the plaintiff will not be able to proceed with this case unless he pays the filing fee, we will deny the plaintiff's motion for the assistance of counsel.

AND NOW, this 24th day of January, 2001, **IT IS HEREBY ORDERED** that the plaintiff's motion (doc. 61) for the appointment of counsel and the plaintiff's motion (doc. 63) for the appointment of a mental health expert are **DENIED**.

J. Andrew Smyser
Magistrate Judge

Dated: January 24, 2001.

9

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

January 24, 2001

Re:  1:00-cv-01090   Jae v. Clark


True and correct copies of the attached were mailed by the clerk to the following:

    John Richard Jae
    SCI-GREENE
    #BQ-3219
    175 Progress Drive
    Waynesburg, PA  15370

    James D. Young, Esq.
    LAVERY, FAHERTY, YOUNG & PATTERSON, P. C.
    P. O. Box 12465
    Harrisburg, PA  17108-1245      Fax No.: 717-233-7003

    Robert M. Wolff, Esq.
    PA Department of Corrections
    Office of Chief Counsel
    55 Utley Drive
    Camp Hill, PA  17011-8028


cc:
Judge                          ( )
Magistrate Judge               (✓)
U.S. Marshal                   ( )
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( )  with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( )  with Petition attached & mailed certified mail
                                    to:  US Atty Gen   ( )   PA Atty Gen ( )

|                     |     |     | DA of County  ( )   Respondents ( ) |
|---------------------|-----|-----|-------------------------------------|
| Bankruptcy Court    | ( ) |     |                                     |
| Other _____ | ( ) |     |                                     |

MARY E. D'ANDREA, Clerk

DATE: __1/24/00__    BY: _____
                         Deputy Clerk