UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RICHARD JAE, | : | CIVIL NO. **1:00-CV-1090** |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Smyser) |
| DR. ROBERT CLARK, MARTIN L. DRAGOVICH, JOHN A. PALAKOVICH, ROBERT N. NOVOTNEY, MICHAEL J. KAZOR, and JOHN ANDRADE | : | FILED HARRISBURG, PA FEB 2 - 2001 MARY E. D'ANDREA, CLERK PER_____ DEPUTY CLERK |
| Defendants | : | |

### REPORT AND RECOMMENDATION

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on June 5, 2000.

One defendant was named in the initial complaint, Dr. Robert Clark, identified in the complaint as the Chief Psychiatrist at the State Correctional Institution at Camp Hill (SCI-Camp Hill). The plaintiff alleged in the complaint that he has had a long history of mental illness and that he had

been taking different kinds of anti-psychotic medications since 1969. (Complaint at ¶21). The plaintiff alleges that, on January 12, 1999, defendant Clark took the plaintiff off anti-psychotic medications. *Id.* The plaintiff alleges that he had a mental health relapse in February of 2000 and that he attempted suicide on April 23, 2000 and April 24, 2000. *Id.* at ¶16. The plaintiff alleges that despite these events, defendant Clark refused to put the plaintiff back on psychiatric medication or to have him committed to a psychiatric facility. *Id.* Rather, the plaintiff alleges, on April 24, 2000 defendant Clark, without having examined Jae, had Jae placed in hand cuffs, a black box and a waist chain with a pad lock in his cell in the Restricted Housing Unit (RHU) at SCI-Camp Hill. *Id.* at ¶¶1-2. The plaintiff alleges that as a result of the handcuffs, black box, waist chain and pad lock, he was unable to eat normally and had to eat with his mouth like a dog, that he was unable to sleep, that he had extreme difficulty urinating and ended up urinating on himself and that he did not move his bowels. *Id.* at ¶¶8-10. The plaintiff remained under such conditions until April 27, 2000, when defendant Clark ordered the handcuffs,

2

black box, waist chain and pad lock removed. *Id.* at ¶4. The plaintiff alleges that, as a result of being in the handcuffs, black box, waist chain and pad lock from April 24th to April 27th, he suffered extreme and unnecessary mental anguish and physical pain to his hands, wrists, arms and shoulders, including scars on his wrists and a lack of feeling in his left hand. *Id.* at ¶¶11-12.

The plaintiff alleges that since April 27, 2000 he still has thoughts of killing himself. *Id.* at ¶17. He alleges that he has requested treatment for his mental illness from defendant Clark and other prison staff but that he has been denied treatment. *Id.* at ¶19. The plaintiff alleges that defendant Clark still refuses to place him back on anti-psychotic medication or have him committed to a psychiatric facility for evaluation and treatment. *Id.* at ¶20. The plaintiff alleges that he is in imminent danger of serious physical injury because he remains at risk of harming or killing himself. *Id.* at ¶28.

3

The plaintiff claims that defendant Clark's failure to treat his mental illness violates the Eighth Amendment and the Pennsylvania Constitution and constitutes medical malpractice and negligence.

The plaintiff filed an application to proceed *in forma pauperis*. In his application, the plaintiff acknowledged that he has had three or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. (Doc. 2, Question 3). The plaintiff states in the application that he is under imminent danger of serious physical injury because he is at risk or harming or killing himself due to his mental illness for which he is not receiving treatment. (Doc. 2, Question 3(b)). By an Order dated June 21, 2000, the plaintiff's application to proceed *in forma pauperis* was granted.

On August 3, 2000, the plaintiff filed an amended complaint. The amended complaint added as defendants: Martin

4

L. Dragovich, the Superintendent at SCI-Camp Hill; John A. Palakovich, the Deputy Superintendent for Centralized Services at SCI-Camp Hill; Robert N. Novotney, the Deputy Superintendent for Facilities Management at SCI-Camp Hill; Michael J. Kazor, Inmate Program and Classification Manager at SCI-Camp Hill; and John Andrade, Hearing Examiner at SCI-Camp Hill.

The plaintiff alleges that he has been in the RHU at SCI-Camp Hill under disciplinary custody since November of 1999. (Amended Complaint at ¶8). He alleges that his mental illness causes him to act out and to misbehave. *Id.* at ¶13. He alleges that in February, April, May and June of 2000, defendant Andrade found him guilty of various misconducts and sanctioned him to disciplinary custody status even though such misconducts were a result of the plaintiff's mental illness. *Id.* at ¶¶9-10. The plaintiff alleges that, despite being aware of the plaintiff's mental illness, defendants Dragovich, Palakovich, Novotney and Kazor left the plaintiff confined in the RHU on disciplinary status. *Id.* at ¶11. The plaintiff

5

alleges that the officers in the RHU tease and aggravate him. *Id.* at ¶12.

The plaintiff alleges that, on June 6, 2000, he was sent to the Special Assessment Unit at the State Correctional Institution at Waymart for a mental health evaluation. *Id.* at ¶17. He was returned to SCI-Camp Hill on July 18, 2000. *Id.* at ¶18. The plaintiff alleges that although he has not seen the report from SCI-Waymart he has been told that the report recommends that the plaintiff be placed in a Special Management Unit (SMU). *Id.* at ¶19. The plaintiff alleges that placement in a SMU would be unlawful given his history of mental illness. *Id.* at ¶20.

On September 8, 2000, defendants Dragovich, Palakovich, Novotney, Kazor and Andrade filed a motion to revoke the plaintiff's *in forma pauperis* status and to defer filing a responsive pleading to the plaintiff's amended complaint. On October 4, 2000, defendant Clark filed a motion to revoke the

6

plaintiff's *in forma pauperis* status and to defer filing a responsive pleading.

By an Order dated January 9, 2001, we granted the defendants' motions to revoke the plaintiff's *in forma pauperis* status, vacated the Order of June 21, 2000, which had granted the plaintiff's application to proceed *in forma pauperis*, and ordered the plaintiff to pay the full $150.00 filing fee within twenty days. Our decision to revoke the plaintiff's *in forma pauperis* status was based on the fact that in June of 2000, the plaintiff was evaluated by mental health professionals at the State Correctional Institution at Waymart and found not to be suicidal. Rather, the staff at Waymart believe that the plaintiff was manipulative and that his "suicide attempts" were attempts to manipulate his environment. At the time that we issued the Order of January 9, 2001, we had not reviewed the plaintiff's brief and documents in opposition to the motions to revoke his *in forma pauperis* status. The plaintiff's brief was due on or before January 2, 2001. The plaintiff's brief was not filed until January 9, 2001. The plaintiff's brief was not

7

in the file nor on the docket when we prepared the Order of January 9, 2001.

On January 29, 2001, the plaintiff filed a motion to reconsider the Order of Order of January 9, 2001 revoking his *in forma pauperis* status. The plaintiff argues that although his brief was not filed until January 9, 2001, he gave his brief to prison officials to be mailed to the court on January 2, 2001, and that therefore his brief was timely.

By a separate order filed this date, we granted the plaintiff's motion for reconsideration to the extent that the plaintiff requested that the court consider his brief filed on January 9, 2001. We have now reviewed the plaintiff's brief and documents in opposition to the motions to revoke his *in forma pauperis* status. It remains our conclusion that the plaintiff's claim that he was in imminent danger of serious physical danger is not credible.[1]

---

[1] In *Gibbs v. Roman*, 116 F.3d 83, (3d Cir. 1997), the United States Court of Appeals for the Third Circuit held that "imminent
(continued...)

8

The plaintiff has not paid the $150.00 filing fee as ordered. Based on the foregoing, it is recommended that this action be dismissed.

*J. Andrew Smyser*
Magistrate Judge

Dated: February 2, 2001.

---

(...continued)
danger" is measured at the time of the alleged incident, not at the time the complaint is filed. *In Abdul-Akbar v. McKelvie*, No. 98-7303, Slip op. at 8-9 (3d Cir. Jan. 29, 2001), the United States Court of Appeals for the Third Circuit abandoned the interpretation set forth in *Gibbs* and held that "imminent danger" relates to the time when the prisoner brings the action. We find that there is no credible evidence that the petitioner was under imminent danger either at the time of the incidents alleged in the complaint or at the time he commenced this action.

9

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RICHARD JAE, | : | CIVIL NO. **1:00-CV-1090** |
| Plaintiff | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Smyser) |
| DR. ROBERT CLARK, MARTIN L. DRAGOVICH, JOHN A. PALAKOVICH, ROBERT N. NOVOTNEY, MICHAEL J. KAZOR, and JOHN ANDRADE | : | FILED HARRISBURG, PA  FEB 2 - 2001  MARY E. D'ANDREA, CLERK PER ___ DEPUTY CLERK |
| Defendants | : | |

## NOTICE

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: February 2, 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

February 2, 2001

Re:  1:00-cv-01090    Jae v. Clark

True and correct copies of the attached were mailed by the clerk to the following:

```
John Richard Jae
SCI-GREENE
#BQ-3219
175 Progress Drive
Waynesburg, PA  15370

James D. Young, Esq.
LAVERY, FAHERTY, YOUNG & PATTERSON, P. C.
P. O. Box 12465
Harrisburg, PA  17108-1245      Fax No.: 717-233-7003

Robert M. Wolff, Esq.
PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011-8028
```

```
cc:
Judge                            (✓)           ( ) Pro Se Law Clerk
Magistrate Judge                 (✓)           ( ) INS
U.S. Marshal                     ( )           ( ) Jury Clerk
Probation                        ( )
U.S. Attorney                    ( )
Atty. for Deft.                  ( )
Defendant                        ( )
Warden                           ( )
Bureau of Prisons                ( )
Ct Reporter                      ( )
Ctroom Deputy                    ( )
Orig-Security                    ( )
Federal Public Defender          ( )
Summons Issued                   ( )  with N/C attached to complt. and served by:
                                      U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5              ( )
Order to Show Cause              ( )  with Petition attached & mailed certified mail
                                      to:  US Atty Gen  ( )    PA Atty Gen ( )
```

|  |  |  |  |
|---|---|---|---|
| | | DA of County ( ) | Respondents ( ) |

Bankruptcy Court ( )
Other _efap copy_ (x)

MARY E. D'ANDREA, Clerk

DATE: 2-2-01     BY: _[signature]_
                    Deputy Clerk