IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,          |   CIVIL No. 1:CV-00-10
                           |
         Plaintiff,        |   U.S. District Judge Ra[...]
                           |   Magistrate Judge Smy[...]
    vs.                    |
                           |   FILED
DR. ROBERT CLARK, et al.,  |   HARRISBURG
                           |   FEB 28 2001
         Defendants.       |   MARY E. D'ANDREA, CLERK
                           |   Per ___518___ DEPUTY CLERK

PLAINTIFF'S WRITTEN OBJECTIONS TO THE U.S.
MAGISTRATE JUDGE'S ORDER OF JANUARY 9, 2[...]
AND REPORT AND RECOMMENDATION OF FEBRUARY 2, 20[...]

COMES NOW the Plaintiff & Pro Se Counsel in the above enti[...] Civil Action, John Richard Jae, as a Layman Unlettered in the Arts & Sci[...] of the Laws & Legal Procedures within the United States, & pursuant to Fed. R. Civ. P. 72 & M.D.L.R. 72.3[...] this Court, files his Plaintiff's Written Objections to the U.[...] Magistrate Judge's Order of January 9, 2001, And Report And Recommendation of February 2, 2001, herein, & Who avers, depos[...] states:

● That, on or about June 5, 2000, Plaintiff John Richa[...] Jae, commenced this 42 U.S.C. §1983 Civil Rights Complai[...]

filing of a complaint and Application For Leave To Proceed In Forma Pauperis.

On June 21, 2000, this court granted Plaintiff leave to proceed in forma pauperis, herein this case.

On or About August 3, 2000, Plaintiff filed his Amended Complaint, herein this case, adding Martin L. Dragovich, John A. Palakovich, Robert N. Nastney, Michael J. Kazar & John Andrade as party Defendants herein.

On or About September 8, 2000, 2000, defendants Dragovich, Palakovich, Nastney, Kazar & Andrade filed a motion to revoke plaintiff's in forma pauperis and to defer filing a responsive pleading to the plaintiff's amended complaint. Octoeber 4, 2000, defendant Clark filed a motion to revoke the plaintiff's in forma pauperis status and to defer filing a responsive pleading, herein this case.

By an order dated January 9, 2001, U.S. Magistrate Judge J. Andrew Smyser of this court, granted the Defendants motions to revoke the plaintiff's in forma pauperis status, vacated the order of June 21, 2000, which had granted the plaintiff's application to proceed in forma pauperis and ordered the plaintiff to pay the full $150 filing fee within twenty days.

On February 2, 2001, U.S. Magistrate Judge[in?]sert in his Report And Recomendation that this action be dismissed because the plaintiff has not paid the $150.00 Filing Fee as ordered herein this ca[se]

This is the plaintiff's written Objections to the U.S. Magistrate Judge's [Order] ~~January~~ ry 9, 2001, And Rep[ort] And Recomendation of February 2, 2001, herein.

The U.S. Magistrate Judge states & holds, tha[t]

> Our decision to revoke the plaintiff's In forma pauperis status was based on the fact that in June of 2000, the plaintiff was evaluated by mental health professionals at the State Correctional Institution At Waymart and found not to be suicidal. Rather, the staff at Waymart believe that the plaintiff was manipulative and that his "suicide attempts" were attempts to manipulate his environment." 1/

Plaintiff specifically objects to the above statem[ent]/holding of the U.S. Magistrate Judge herein, as on Octobe[r]

---

1/ See the U.S. Magistrate Judge's Report And Recomenda[tion] of February 2, 2001, at 7.

2000, the U.S. Magistrate Judge entered an Order here this case, that, "Within fifteen days of the date of this o Defendants Dragovich, Palakovich, Novotney, Kaza and Andrade shall file any relevant evidence they wish concern the issue of imminent danger and a supplemental brie in support of their motion." However, Corrections Defendants Dragovich, Palakovich, Novotney, Kaza Andrade violated such Order herein, as the evidence which they filed herein was "not" relevant to t time of the incident(s) alleged in plaintiff's initial complaint (April 23-27, 2000), and which were "not" relevant to the reason(s) why this plaintif alleges he is under imminent danger of seriou physical injury for, in his initial complaint, herein, Paragraph No. 28, and in his Application For Leave t Proceed In Forma Pauperis, at 2, herein, as such Corrections Defendants' Evidence/Exhibits containi information/evidence which pertains to issues/incide which occurred either before and/or after the relevant inci dates alleged in plaintiff's initial complaint, for whi plaintiff claims he was under imminent danger of ser physical injury for, herein this case. Furthermore, i Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997), the U.S. Court of Appeals the Third Circuit, stated that:

> We emphasize that the proper focus when examining an inmate's complaint

filed pursuant to §1915(g) must be the imminent danger faced by the inmate at the time of the alleged incident and not at the the time the complaint was filed. Gibbs, 116 F.3d at

Therefore, because Corrections Defendants had filed evidence/exhibits which were "not" relevant to the determination of the issue whether or not the plaintiff was under imminent danger of serious physical injury on the dates of the incidents alleged in his initial complaint here in this case, they "had" violated this Court's order of October 6, 20__ herein, directing them to file any "relevant" evidence they wish concerning the issue of imminent danger and they "had" likewise violated Fed. R. Evid. Rules 401 & 402 & thus, it was illegal & reversible error for the U.S. Magistrate Judge to even consider Corrections Defendants' irrelevant evidence/exhibits submitted herein, with the exception of the second & third pages of Exhibit No. 2 of Appendix to Corrections Defendants' Supplemental Brief In Support Of Motion To Revoke Plaintiff's In Forma Pauperis Status And To Defer Filing Of Responsive Pleading To Plaintiff's Amended Complaint; & because this Court "did" consider & rely upon such this Court's January 9, 2001, Order and it's February 2, 2001, Report And Recommendation here "was" a clear abuse of discretion as such violated the holding/decision of

B/ Corrections Defendants' exhibits for the most part pertain to evaluation of the plaintiff by SCI-Waymart Psychiatrist & Treatment Team, which occurred from June 6, 2000 - July 18, 2000, over 1½ months after the date of the incidents alleged in plaintiff's initial complaint, for which this plaintiff contends he is under imminent danger of serious physical injury for; & just because the plaintiff was not suicidal then, does "not" mean he was not suicidal back on April 23 & 24, 20__

5

U.S. Court of Appeals For The Third Circuit in <u>Gibbs v. Roman</u>

Furthermore, In <u>Gibbs v. Roman</u>, 116 F.3d 83 (3d Cir. the U.S. Court of Appeals For The Third Circuit, stated/hel

> In resolving a contested Issue of Imminent danger, the District Court may rely upon evidence supplied by sworn affidavits or depositions, or alternately may hold a hearing. (<u>Gibbs</u>, 116 F.3d at 87).

However, herein this Instant case, Corrections Defend evidence which they had submitted In support of t Motion To Revoke Plaintiff's In Forma Pauperis And To De Filing of Responsive Pleading To Plaintiff's Amended Compl contained no depositions & no sworn Affidavits that s Is true & In fact, Corrections Defendants fail to even Inc therewith, an unsworn declaration that such Is true under penalty perjury pursuant to 28 U.S.C. §1746 and thus, the U.S. Magis Judge, herein, abused his discretion & violated the controlling as set forth In <u>Gibbs</u>, above, when he considered & reli such Corrections Defendants' unsworn evidence to rev Plaintiff's In Forma Pauperis Status, herein, & such was "Is" even more of an egregious & Illegal reversible error s this Plaintiff had challenged the authenticity of such evide & the credibility/qualifications of those who developed/made such evide herein.

6

Furthermore, plaintiff avers & submits that January 10, 2001, he tried to commit suicide by attempting to hang himself from his cell vent & by cutting his arm & as a direct result of such suicide attempt, the plaintiff on January 18, 2001 was transferred to the Mental Health Unit at SCI-Pittsburgh & during the course of his treatment & evaluation there, Dr. Kern (plaintiff's treating psychiatrist in the MHU at SCI-Pittsburgh) stated to this plaintiff that he interpretes SCI-Waymart SAU's evaluation/report & the results of the psychological testing done there during last June & July, 2000, totally different than the SCI-Waymart SAU psychiatrist/SAU treatment team did, in that Dr. Kern believes & states that plaintiff had a head injury/neurological damage to the right frontal lobe of his brain, which causes the plaintiff acting out behavior, that plaintiff's misconduct/behavior was caused/influence by plaintiff's so mental health illness disease, that this plain indeed is a mental health case & that plaintiff attempts to commit suicide were real & a criter in fact, in a teleconference held on Febcary 12, 2001 between Dr. Kern & Dr. Judy Settle (MHU Director) & stat 3/ This Report/Evaluation/tests referred to herein are/ thes ones which the Corrections Defendants submitted in this are the same ones which the U.S. Magistrate relied upon to r plaintiff's IFP status herein

down at SCI-Greene, Dr. Kern & Dr. Gettle recommend that all of this plaintiff's DC Status Time be[...] for mental health reasons, that plaintiff be remove[d] & taken out of the Special Management Unit (SMU) at SCI-Greene & that he be placed in a therape[utic] environment, such as a Prison Special Needs Unit, & given Dr. Kern's evaluation/findings, which equal[ly] conflicts with that of the SCI-Waymart SAU's Psychiatrists/Treatment Teams, which Correction[s] Defendants have submitted herein as their true & unsworn to evidence, the U.S. Magistrate Jud[ge's] decision to revoke plaintiff's In forma pauperis herein this case, is "contrary to the law & he has abused his discretion by making such determin[ation].

The U.S. Magistrate Judge also states & hold[s]:

"It remains our conclusion that the plaintiff's claim that he was in imminent danger of serious physical danger is not credible." 4/

Plaintiff specifically objects to such statement/hol[ding] of the U.S. Magistrate Judge, as above, & based upon w[hat] this plaintiff states & argues, herein, above & supra, as wel[l]

---

4/ See U.S. Magistrate Judge's Report And Recommendation of Februa[ry] 200[1], at 8.

8

all of the facts, arguments & citations of Auth[ority] as set forth there[in] Plaintiff's Brief In Oppos[ition to] corrections Defendants' Motion To Revoke Plain[tiff's] In Forma Pauperis Status And To Defer Filing of Respon[se] To Plaintiff's Amended Complaint and Affi[davit in] support, all of which this Plaintiff now [h]Incorporates herein by reference hereunto all of [the same] and avers & argues, that such statement[s are] "[Is]" contrary to the controlling Federal law & [that the] Magistrate Judge abused his discretion [in doing] such, herein this case.

Finally, the U.S. Magistrate Judge, sta[tes:]

In Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1[997]) the United States Court of Appeals for the T[hird] Circuit held that "imminent danger" [is] measured at the time of the alleged inci[dent,] not at the time the complaint is filed. [In] Abdul-Akbar v. McKelvie, No. 98-7303, sli[p op.] at 8-9 (3d Cir. Jan. 29, 2001), the United St[ates] Court of Appeals for the Third Circuit abandon[ed] the interpretation set forth in Gibbs and held [that] "imminent danger" relates to the time when th[e] prisoner brings the action. We find that there is

imminent danger either at the time of the incidents alleged in the complaint or at the time he commenced this action." 5/

Plaintiff specifically objects to the above-stat /holding of the U.S. Magistrate Judge, because give facts that the Complaint & Amended Complaint w filed herein this case on or about June 5, 2000 & August 3, 2000, respectively; that the plaintiff w granted leave to proceed In Forma Pauperis herein June 21, 2000 & that Corrections Defendants' Motion Revoke Plaintiff's In Forma Pauperis Status And To De Filing Of Responsive Pleading To Plaintiff's Amended Complaint filed herein on or about September 8, 2000 & Defendant Motion To Revoke Plaintiff's In Forma Pauperis Status A Defer Filing A Responsive Pleading was filed herein or about October 4, 2000, & thus, the Standard Of Revi governing Defendants' Motions To Revoke Plaintiff's In Pauperis Status was that under Gibbs v. Roman, 116 F 83 (3d Cir. 1997), the case law in effect at such time Abdul-Akbar v. Mckelvie, No. 98-7303, Slip op. at 8 Cir. Jan. 29, 2001), cannot be applied nor used herein this and furthermore, based upon the facts, arguments & of authorities therein this Plaintiff's Reply Brief In Opp To Corrections Defendants' Motion To Revoke Plaintiff's In F

5/ See U.S. Magistrate Judge's Report And Recommendation of February 9, 2001, at 8

Pauper's Status And to Defer Filing of Response(s) to Plaintiff's Amended Complaint and Affidavit In Support, both of which are now hereby incorporated herein by reference hereunto the same, & upon the Plaintiff's Initial Complaint and his Application For Leave To Proceed In Forma Pauperis, herein, the plaintiff was under imminent danger of serious physical injury at the time of the incidents giving rise to Plaintiff's Complaint, herein, and Plaintiff's allegations of imminent danger of serious physical injury "are" credible & the U.S. Magistrate Judge's determination/holding such is not credible "is" erroneous & contrary to controlling & other federal law.

Plaintiff also specifically objects to the U.S. Magistrate Judge's February 2, 2001, Report And Recommendation, in its entirity, and avers & submits such "is" contrary to the controlling & other federal law, upon Plaintiff's Brief In Opposition To Corrections Defendants' Motion To Revoke Plaintiff's In Forma Pauperis Status And To Defer Responsive Pleading To Plaintiff's Amended Complaint & Affidavit In Support, & Plaintiff's Initial Complaint & Application Leave To Proceed In Forma Pauperis, all of which are now hereby incorporated by reference here unto

(W)HEREFORE, the U.S. District Judge is requested not to adopt the Report And Recommendation of the U.S. Magistrate Judge of February 2, 2001, and to dismiss this Civil Rights Action, but to order and vacate the January 9, 2001, order of the U.S. Magistrate Judge revoking Plaintiff's In Forma Pauperis status and granting Defendants' Motions Revoke Plaintiff's In Forma Pauperis Status, & deny such Motions & order Corrections Defendants to file a responsive pleading to Plaintiff's Amended Complaint within twenty (20) days thereafter the receipt of such order, herein this case.

RESPECTFULLY SUBMITTED

(S) _John Richard Jae_
MR. JOHN RICHARD JAE,
#BQ-3219
SCI-PITTSBURGH
P.O. Box 99901
Pittsburgh, PA. 15233-0901

Dated: 15th FEBRUARY 2001.

Plaintiff and Pro Se Counsel


Joe Vs. Kyler et al.
CIVIL No. 1: CV-00-1315
<u>CERTIFICATE OF SERVICE</u>

I Certify that on 2/16/01, I mailed to the person listed below, a true & correct copy of each of the Plaintiff's Second Motion For Enlargement Of Time, Motion, Order Requiring Defendants To Permit The Plaintiff To Communicate With And Write Inmate At SCI-Camp Hill Prison, and Brief In Support and Motion For Order Requiring Prison Chaplain R. Vogel And Officer Charlie Craig To Sign Affidavits, The Plaintiff Herein And Brief In Support ~~and Motion For Sanctions, Inter Alia Motion To Hold Defendants In Contempt And Brief in~~ Support~~,~~ by way of U.S. 1st Class Mail, Postage Pre-paid.

I Certify that on 2/16/01, I gave the Originals of each the above-same documents to Prison Officials here for mailing to this Court.

I Certify under the penalty of perjury and pursuant 28 U.S.C. §1746 that the above is true & correct.

MR. Michael L. Harvey,
Senior Deputy Attorney General
Office Of The Attorney General of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA. 17120

Dated/Executed On:
16th February 2001
At: Pittsburgh, Pennsylvania

(S) _John Richard Joe_
MR. JOHN RICHARD JOE
Plaintiff and Pro Se Counsel

From The Desk OF:
Mr. John Richard Jae,
#BQ-3319
SCI-Pittsburgh
P.O. Box 99901
Pittsburgh, PA- 15233-0901

February 16, 2001

To: The Office of the Clerk,
United States District Court
228 Walnut Street
P.O. Box 983
Harrisburg, PA- 17108-0983

Re: Jae vs. Kyler, et al.,
Civil No. 1-CV-00-0815

Dear Clerk:

Please file the enclosed originals of Plaintiff's Second Motion For Enlargement Of Time, Motion For Order Requiring Defendants To Permit The Plaintiff To Communicate With And Write Inmate At SCI-Camp Hill Prison And Brief In Support, and Motion For Order Requiring Prison Chaplain Rev. Vogel And Officer Charlie Craig To Sign Affidavit For The Plaintiff Herein And Brief In Support, and Motion For Sanctions herein the above-entitled Civil Rights Action.

Sincerely,

CC: Mr. Michael L Harvey, (Es)     John Richard Jae
w/encls.                            MR. JOHN RICHARD JAE,
                                    Plaintiff and Pro Se Counsel